**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| IN RE ZETIA (EZETIMIBE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 2:18-md-2836 |

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS during the course of the above-captioned consolidated multidistrict litigation (the "Actions" or this "Litigation"), the parties and non-parties may be subject to discovery requests and/or proceedings which seek the disclosure of information considered by Parties (as defined below) or any Non-Parties (as defined below) to be confidential, proprietary, and/or private; and

WHEREAS the Parties wish to preserve the confidentiality of such information through the use of a Discovery Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Court finds that good cause exists for entry of this Discovery Confidentiality Order in the Actions to prevent the unauthorized disclosure and use of any Party or Non-Party's trade secrets and other confidential information during and after the course of this Litigation,

IT IS ORDERED as follows:

I. **DEFINITIONS**.

    A. <u>Challenging Party</u>: A party that challenges the designation of material, information, or items under this Order.

1

B.    Confidential Material:  Non-public material, information, or items containing

information the Designating Party has maintained in confidence and in good faith

believes contain personal, financial, trade secret, or other confidential research,

development, or commercial information entitled to protection under Federal Rule

of Civil Procedure 26(c) or other applicable law.

C.    Counsel:  Outside Counsel or Record and In-House Counsel (as well as their

support staff).

D.    Designating Party:  A Party or Non-Party that designates material, information, or

items that it produces in disclosures or in response to discovery as Confidential

Material or Highly Confidential—Attorneys' Eyes Only Material.

E.    Disclosure or Discovery Material:  All material, items, or information, regardless

of the medium or manner in which they are generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that

are produced or generated in disclosures or responses to discovery in the

Litigation.

F.    Expert:  A person with specialized knowledge or experience in a matter pertinent

to the Litigation who has been retained by a Party or its Counsel to serve as an

expert witness or consultant in the Litigation.

G.    Highly Confidential—Attorneys' Eyes Only Material:  Non-public, highly

sensitive Confidential Material or tangible things that contain or otherwise

reference non-public trade secrets or other current or prospective confidential

research, development, commercial, or financial information, or other highly

sensitive data or information, the disclosure of which to another Party or Non-

Party believes in good faith carries a substantial risk to cause a competitive disadvantage to a Producing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information may include, for example, documents that reflect strategies or analysis of regulatory filings, patent applications, challenges to patents, litigation related to patents, discussions or analysis related to resolving patent litigation, strategic planning information, transactional data, claims and reimbursement data, pricing and cost data and analyses, or other materials that contain particularly sensitive trade secrets. Before material is designated Highly Confidential—Attorneys' Eyes Only under this subsection, the Designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential—Attorneys' Eyes Only material as set forth herein. Highly Confidential—Attorneys' Eyes Only designations must be limited in scope.

H.   <u>In-House Counsel</u>:  Attorneys who are employees of a Party in this Litigation.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

J.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party in this Litigation but are retained to represent or advise a Party to the Action and have appeared in the Litigation on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

**K.**     Party: Any party to this Action—Plaintiffs[1] or Defendants[2]—including all of its officers, directors, and employees.

**L.**     Producing Non-Party: A Non-Party that produces Disclosure or Discovery Material in this Litigation.

**M.**     Producing Party: A Party that produces Disclosure or Discovery Material in this Litigation.

**N.**     Protected Material: Any Disclosure or Discovery Material that is designated as Confidential Material or Highly Confidential—Attorneys' Eyes Only Material.

**O.**     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## II.     MATERIALS COVERED.

**A.**     Scope: This Discovery Confidentiality Order governs the handling of Disclosure or Discovery Material designated as "Confidential" or "Highly Confidential—

---

[1] "Plaintiffs" refers to FWK Holdings, LLC (2:18-cv-00023), Cesar Castillo, Inc. (2:18-cv-00039), and Rochester Drug Cooperative, Inc. (2:18-cv-00071) (the "Direct Purchaser Plaintiffs"); Walgreen Co., Kroger Co., Albertsons Companies, Inc., and HEB Grocery Company L.P. (all identified in 2:18-cv-266), Rite Aid Corp. and Rite Aid Hdqtrs. Corp. (2:18-cv-423), and CVS Pharmacy, Inc. (2:18-cv-439) (the "Retailer Plaintiffs"); Sergeants Benevolent Association Health & Welfare Fund (2:18-cv-00108), Painters District Council No. 30 Health and Welfare Fund (2:18-cv-00116), International Union of Operating Engineers Local 49 Health and Welfare Fund (2:18-cv-00130); UFCW Local 1500 Welfare Fund (2:18-cv-01000), Philadelphia Federation of Teachers Health and Welfare Fund (2:18-cv-01001), City of Providence, Rhode Island (2:18-cv-01002), Self-Insured Schools of California (2:18-cv-00487), and the Uniformed Firefighters' Association of Greater New York Security Benefit Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association (2:18-cv-403) (the "End-Payer Plaintiffs"); and any other plaintiffs whose complaints are later consolidated in the Actions.

[2] "Defendants" refers to all current defendants in the Actions, including Merck & Company, Inc., Merck Sharp & Dohme Corporation, Schering-Plough Corporation, Schering Corporation, and MSP Singapore Company LLC, Glenmark Pharmaceuticals Limited and Glenmark Generics Inc., U.S.A., and any other defendant later joined.

Attorneys' Eyes Only" (as these terms are defined above)—and applies to all materials produced, given, or exchanged by any Producing Party or Producing non-Party in the Actions (including, without limitation, disclosures, document productions, responses to interrogatories and requests for admissions, and/or responses to subpoenas, pleadings, exhibits, depositions, or other testimony), regardless of the medium or manner in which the materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Producing Party or Producing Non-Party during discovery in these Actions or any information included in any materials.  Any Producing Party or Producing Non-Party may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as described below. The designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" will constitute a representation by a Producing Party or Producing Non-Party that it has made a good-faith determination that any material so designated is confidential or protected under Federal Rule 26 and this Discovery Confidentiality Order. In no event shall a Producing Party or Producing Non-Party automatically designate every document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

5

**B.**     Notwithstanding the foregoing, information that is in the public domain or which

is already known by the Receiving Party through proper means or which is or

becomes available to a Party from a source other than a Designating Party or a

third party asserting confidentiality, rightfully in possession of such material on a

non-confidential basis, will be presumed to be non-confidential material under

this Discovery Confidentiality Order.

**C.**     Except as otherwise provided in this Order or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order

must be clearly so designated before the material is disclosed or produced.

**D.**     Any Confidential Material or Highly Confidential—Attorneys' Eyes Only

Material or materials derived from Confidential Material or Highly

Confidential—Attorneys' Eyes Only Material, whether or not filed with the

Court, must be designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY," respectively, as provided in

this Paragraph D.  For documents in hard-copy form or modifiable electronic

format, such documents must be designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" by stamping each page of the

document in such a way as not to obscure any part of the text or content.  A

Producing Party or Producing Non-Party may designate natively produced

electronic documents and other non-imaged media as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, by

noting such designation in an accompanying cover letter (i.e., placeholder) and, to

the extent possible, by affixing a legend or stamp to the media itself (i.e., disc,

6

hard-drive, etc.) on which the Confidential or Highly Confidential—Attorneys'
Eyes Only Material is provided, and including the appropriate confidentiality
designation in the load file provided with the electronic production. Whenever
any Party to whom electronically stored documents are produced reduces such
documents to hardcopy form, that Party shall designate the hard-copy documents
with a legend, stamp, or watermark as provided in this Paragraph.  A Party or
Non-Party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting Party has
indicated which material it would like copied and produced.  During the
inspection and before the designation, all of the material made available for
inspection shall be deemed Highly Confidential—Attorneys' Eyes Only Material.
After the inspecting Party has identified the documents it wants copied and
produced, the Producing Party must determine which documents, or pages
thereof, qualify for protection under this Order.  Then, before producing the
specified documents, the Producing Party must affix the appropriate legend
("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
ONLY") to each document or page of a document that contains Protected
Material.

E.    Testimony provided in this Litigation in deposition or other pretrial proceedings
may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY" by any Party or Non-Party if the testimony
concerns or relates to that Party's or Non-Party's Confidential or Highly
Confidential—Attorneys' Eyes Only Material. Counsel for a Party or any Non-

Party may state on the record during a deposition or pretrial proceeding that the testimony and/or proceedings shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If such a designation on the record is made, the Parties shall treat the entirety of such deposition testimony or testimony during other pretrial proceedings as so designated on the record for a period of 30 days from the date of receipt by Outside Counsel of Record of a final transcript, during which time a Designating Party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection being asserted. At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order. Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the rough and final transcript shall be treated only as actually designated. Each Party shall provide notice to all other Parties if it reasonably expects to reference or use Protected Material at a deposition, hearing or other proceeding so that the other Parties can attempt to ensure that only authorized individuals who have signed the Declaration in the form annexed hereto as Exhibit A are present at those

8

proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

F.     Materials produced in some form other than documentary form and any tangible items may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protecting being asserted.

G.     Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any Expert reports, any filings, and any other materials from underlying patent litigations involving any of the Parties in these Actions, that were designated therein as confidential or highly confidential will be treated as Confidential Material or Highly Confidential— Attorneys' Eyes Only Material under this Discovery Confidentiality Order, unless the original party that designated the material as confidential agrees otherwise, the document or information has since become public, or the Court orders otherwise.

H.     Any Confidential Material or Highly Confidential—Attorneys' Eyes Only Material that was exchanged by the Parties before execution of this Discovery Confidentiality Order are also covered by the provisions of this Discovery Confidentiality Order.

I.     If materials produced or received in other earlier litigations that were designated
under a protective order in such earlier litigations are reproduced in this Action,
such material shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" in this Action absent agreement of the Parties or further order of
the Court.

J.     Notwithstanding any contrary provision of this Discovery Confidentiality Order,
each Designating Party retains the right to re-designate documents and things, and
deposition testimony and other oral disclosures, subject to Paragraph VIII. Upon
such re-designation, each Party and Non-Party shall in good faith endeavor to
treat such written materials and oral disclosures in accordance with such
designation from that time forward.

## III.   USE OF MATERIALS AND DECLARATION.

A.     The Parties shall use all Protected Material and information derived from
Protected Material solely, as applicable, in furtherance of the prosecution,
defense, or attempted settlement of these or related Actions. All materials
designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY" must be stored and maintained by the Receiving
Party in a manner no less secure than a Receiving Party would store and maintain
its own confidential material or that of its clients. Upon conclusion of these
Actions, a Receiving Party must comply with the provisions of Paragraph VII
below regarding return or destruction of Protected Material.

B.     Each Receiving Party, except the persons identified in Paragraph IV(A)-(B), (D),
(G), and (I) and Paragraph V(A)-(B), (D), and (F) below, shall execute a

10

Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Discovery Confidentiality Order before receiving any Protected Material. Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party, unless there is a genuine dispute between the Parties concerning a person's handling of Protected Material, or except as expressly provided for herein.

C.    Notwithstanding any contrary provision in this Discovery Confidentiality Order, a Party is permitted to disclose Protected Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph C are followed. The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with written notice of such subpoena or other legal process and include in such notification a copy of the subpoena or court order, via electronic mail or hand delivery, immediately upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Discovery Confidentiality Order. If the Designating Party does not move for a protective order in this Court within the time allowed for production by the subpoena or request and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production of documents or proceed with a deposition in response to the request

or subpoena. The Subpoenaed Party will not produce any Protected Material while a motion for a protective order brought by the Designated Party pursuant to this paragraph is pending or while an appeal from or request for appellate review of such motion is pending, unless a court of competent jurisdiction orders otherwise. In such case, production of Protected Material pursuant to a court order will not be deemed a violation of this Discovery Confidentiality Order. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material. The Subpoenaed Party must cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

IV.     **DISCLOSURE OF CONFIDENTIAL MATERIAL.** Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Confidential Material may be made only to:

A.     the Court, its secretaries, clerks, law clerks, and other staff;

B.     Outside Counsel of Record in the Litigation and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

C.     In-House Counsel for each Party, as well as the secretarial and clerical employees of each Party who work regularly with In-House Counsel for the sole purpose of assisting with the Actions;

12

D.      court reporters/stenographers, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

E.      any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom disclosure is reasonably necessary for purposes of the Litigation and who has signed the Declaration in the form annexed hereto as Exhibit A;

F.      any mediators engaged by the Parties, and their support staff;

G.      any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or had knowledge about the subject matter of the Confidential Material or whose conduct is covered by this Discovery Confidentiality Order;

H.      current or former officers, directors, and employees of a Party where the current and former officers, directors, and employees are reasonably believed to have had access to the Protected Material in the course of his or her employment, or a person designated as a Rule 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Discovery Confidentiality Order has signed Exhibit A;

I.      the author or recipient of a document containing the information; and

J.      any deponent or witness, during the course of sworn testimony in this Litigation, whom counsel (i) believes in good faith has previously seen the document or (ii) has objective reason to believe possesses knowledge of the subject matter of the confidential information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld.  If a dispute arises during a deposition or trial

13

examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution.  If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place.  Persons authorized to view Confidential Material under this sub-paragraph are not permitted to retain copies of such materials.

V.    **DISCLOSURE OF HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY MATERIAL**.  Unless otherwise ordered by this Court or permitted in writing by a Designating Party, disclosure of Highly Confidential—Attorneys' Eyes Only Material may be made only to:

A.    the Court, its secretaries, clerks, law clerks, and other staff;

B.    Court Reporters;

C.    any mediators engaged by the Parties, and their support staff;

D.    Outside Counsel of Record in the Litigation and their employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, interpreters, translators, litigation consultants or vendors, including, but not limited to, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel);

14

E.    In-House Counsel for each Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the Declaration in the form annexed hereto as Exhibit A;

F.    any Expert (as defined in this Order) of a Party, including all Non-Party personnel and support staff assisting such Expert, to whom counsel in good faith believes disclosure is reasonably necessary for purposes of the Litigation and who has signed the Declaration in the form annexed hereto as Exhibit A;

G.    the person who prepared, authored, received, or reviewed the Highly Confidential—Attorneys' Eyes Only Material, or if there are other indicia that the person has seen the document previously;

H.    any person to whom the Producing Party or Non-Party agrees (in writing) Highly Confidential – Attorneys' Eyes Only information may be disclosed. The Parties agree to confer in good faith to accommodate reasonable requests;

I.    during the course of sworn testimony, current or former officers, directors, and employees of a Party where the current or former officers, directors, and employees are reasonably believed to have had access to the Protected Material in the course of their employment, or a person designated as a Rule 30(b)(6) witness by the Designating Party, and to the extent that designee is not otherwise covered by this Discovery Confidentiality Order has signed Exhibit A. Persons authorized to view Highly Confidential—Attorneys' Eyes Only Material under this sub-paragraph are not permitted to retain copies of such materials; and

J.    any deponent or witness, during the course of sworn testimony in this Litigation, whom counsel (i) believes in good faith has previously seen the document or (ii)

15

has objective reason to believe possesses knowledge of the subject matter of the Highly Confidential—Attorneys' Eyes Only information, subject to the Disclosing Party's consent, which shall not be unreasonably withheld. If a dispute arises during a deposition or trial examination concerning whether a witness may be shown particular document(s), and the Parties themselves cannot reach an agreement, the Parties shall attempt to contact the Court for immediate resolution. If, despite such efforts, no agreement can be reached, the parties may seek a later Court determination, and the examining party reserves all rights, including the right to ask the Court to re-open the deposition at the expense of the Party who prevents the initial questioning from taking place. Persons authorized to view Highly Confidential—Attorneys' Eyes Only Material under this sub-paragraph are not permitted to retain copies of such materials.

VI. **CHALLENGES TO DESIGNATIONS.** A Receiving Party is under no obligation to challenge the propriety of a Confidential or Highly Confidential—Attorneys' Eyes Only designation at the time the designation is made, and may challenge such designation at any point up until trial. However, once a party determines a challenge is warranted, it should make a prompt challenge, and no party should unreasonably delay raising such challenges. In the event that a Party disagrees with a Confidential or Highly Confidential—Attorneys' Eyes Only designation made by another Party or a Non-Party, the following procedure shall be used:

A. The Party disputing a designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES' ONLY" shall, in writing, notify the Producing Party or Producing Non-Party that it is disputing the

16

designation (the "Challenge Notice"). To avoid ambiguity as to whether a challenge has been made, the Challenge Notice must recite that the challenge to confidentiality is being made in accordance with this Order. The Challenge Notice shall also: (i) identify the specific materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials); and (ii) specify the reasons the Party believes the materials are not entitled to Protected Material treatment under this Discovery Confidentiality Order or the Federal Rules of Civil Procedure. The Producing Party or Producing Non-Party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the document or information is entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" treatment under this Discovery Confidentiality Order or the Federal Rules of Civil Procedure. If the Producing Party or Producing Non-Party makes a timely response, counsel shall then confer in good faith in an effort to resolve the dispute. If the Producing Party or Producing Non-Party does not respond in writing within fourteen (14) days after confirmation of the dispute, the materials will be presumptively determined to be non-confidential and not subject to confidential treatment under this Discovery Confidentiality Order or the Federal Rules of Civil Procedure. If a large number of designations are challenged at once, the Producing Party or Producing Non-Party may request additional time to respond.

B.   If counsel for the Parties are unable to resolve the dispute, the Challenging Party may file a motion within fifteen (15) days of the parties reaching in impasse to

challenge the confidentiality designation of any Protected Material. The Producing Party or Producing Non-Party's failure to timely oppose such motion challenging the designation of documents shall result in a waiver of the challenged designation. The Producing Party or Producing Non-Party Party will have the burden of proof to establish the propriety of its designations of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The Challenging Party shall not make frivolous challenges or those otherwise made for an improper purposes (e.g., to harass or impose unnecessary expenses and burdens on other parties). Any challenge found to be frivolous or otherwise made for an improper purpose may expose the Challenging Party to sanctions. The document or thing that is the subject of the filing will be treated as originally designated pending resolution of the dispute.

VII.     **HANDLING OF PROTECTED MATERIALS**. Persons who have been shown Protected Material pursuant to this Discovery Confidentiality Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material or documents that reflect Protected Material. Within sixty days after such time as these Actions are concluded, by either the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Protected Material (including but not limited to copies in the possession or control of any Expert or

18

employee).  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) states that all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, as to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Discovery Confidentiality Order, to retain such work product in their files, so long as the terms of this Discovery Confidentiality Order will continue to govern any such retained materials.  In addition, counsel shall be entitled, without violating this Discovery Confidentiality Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email (and attachments)), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Protected Material, so long as this Discovery Confidentiality Order will continue to govern any such retained materials. If a Party settles and/or otherwise is dismissed from the Actions before the conclusion of the Actions (the "Dismissed Party"), then the Dismissed Party must follow the requirements set forth in this Paragraph.  The Dismissed Party must either return or destroy all Protected Material received in the Actions, as set forth above, within 60 days of settling and/or being dismissed from the Actions.  Any other Party remaining in the Actions is not required to return any Protected Material received from the Dismissed Party until the Actions are concluded, as set forth above.

For the avoidance of doubt, nothing in this Paragraph obligates any Party to destroy its own Protected Material at the close of these Actions or at any other time.

VIII. **INADVERTENT FAILURE TO DESIGNATE.** In the event that Protected Material is inadvertently produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then, within ten days of its written request, or such other time as agreed by the Parties, re-produce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party shall then replace the incorrectly designated materials with the newly designated materials and shall, within ten days of receipt of the replacement set, return the non-designated material, or confirm in writing that all copies of it have been destroyed. The inadvertent failure of a Producing Party or Producing Non-Party to designate a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" at the time of production will not operate as a waiver of the rights and protections afforded by this Discovery Confidentiality Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No Party will be deemed to have violated this Discovery Confidentiality Order if, before notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials must be treated as Confidential or Highly Confidential—Attorneys' Eyes Only in accordance with

this Discovery Confidentiality Order. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Producing Party or Producing Non-Party that failed to make the designation will, at its discretion, move for appropriate relief.

## IX. INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY.

If a Receiving Party learns that it has inadvertently disclosed Protected Material to any person or disclosed Protected Material in any circumstance not authorized by this Discovery Confidentiality Order, the Receiving Party shall, as soon as is practicable but no later than within five business days: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of all the terms of this Discovery Confidentiality Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A. If Protected Material is used inadvertently during depositions in contravention of other provisions of this Discovery Confidentiality Order, the Protected Material will not lose its confidential or highly confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If such Protected Material is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

## X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

Nothing in this Order shall be construed as inconsistent with Section IX of the Parties'
Joint Stipulated Protocol for Governing Privilege and the Discovery of Electronically
Stored Information and Hard Copy Documents.

XI.   **REQUEST TO A PARTY SEEKING NON-PARTY CONFIDENTIAL
INFORMATION.** In the event that a Party is required, by a valid discovery request, to
produce a Non-Party's confidential information in its possession, custody, control, and
the Party is subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall: (a) promptly notify in writing the
Requesting Party and the Non-Party that some or all of the information requested is
subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-
Party with a copy of this Order, the relevant discovery request(s), and a reasonably
specific description of the information requested; and (c) make the information requested
available for inspection by the Non-Party. If the Non-Party fails to object or seek a
protective order from this Court within 14 days of receiving the notice and accompanying
information, the Party that received the discovery request may produce the Non-Party's
responsive confidential information. If the Non-Party timely seeks a protective order, the
Party that received the discovery request shall not produce any information in its
possession or control that is subject to the confidentiality agreement with the Non-Party
before a determination by the Court. Absent a court order to the contrary, the Non-Party
shall bear the burden and expense of seeking protection in this Court of its Protected
Material.

XII.  **INFORMATION FROM NON-PARTY SOURCES.** To the extent that any discovery
requests pursuant to the Federal Rules of Civil Procedure are served on a Non-Party, the

Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Discovery Confidentiality Order. A Non-Party may designate Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the provisions of this Discovery Confidentiality Order. Documents produced in this Litigation by Non-Parties that consist of or contain portions of documents originally created or generated by a Party will be treated as Highly Confidential—Attorneys' Eyes Only until the expiration of a fifteen-day period after the receipt by the Parties in these Actions. During that fifteen-day period, if any Party believes a Non-Party has produced information from that Party that the Party believes should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," that Party may notify the Non-Party and the other Parties that the Non-Party may have inadvertently failed to designate the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The Non-Party may then correct the designation as provided in Paragraph VIII. Nothing in this Paragraph prevents a Party from treating documents produced by Non-Parties that are publicly available as Non-Confidential Material during the 15-day period.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if during the 15-day review/notification period (discussed above), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

XIII. **FILING PROTECTED MATERIAL WITH THE COURT**. The Parties recognize that a Party wishing to file Protected Material or information derived from Protected

Material with the Court must comply with the procedure set forth in Local Civil Rule 5 of

the Local Rules of the United States District Court for the Eastern District of Virginia and

that motions to file documents under seal are disfavored and discouraged in this district.

When a Party moves to file material under seal because another Party has designated the

material as confidential, it will be sufficient that the moving Party state that the material

has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" by the Producing Party or Producing Non-Party; and the

Party designating the material as confidential must file a response to the motion

complying with requirements set forth at Local Civil Rule 5(C), (2), (3), and (4) along

with a proposed order.  If Protected Material is filed electronically, the document should

bear a banner on the first page "CONTAINS CONFIDENTIAL MATERIAL

PURSUANT TO DISCOVERY CONFIDENTIALITY ORDER—FILED UNDER

SEAL."  If filed in hard copy, the sealed material shall plainly state on the first page of

any bound or stapled document "CONTAINS CONFIDENTIAL MATERIAL

PURSUANT TO DISCOVERY CONFIDENTIALITY ORDER—FILED UNDER

SEAL" and shall be filed in sealed envelopes which shall be endorsed with the

appropriate caption and a statement in the following form:  "CONFIDENTIAL – THIS

ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A DISCOVERY

CONFIDENTIALITY ORDER ENTERED BY THE COURT IN THIS ACTION.  THIS

ENVELOPE SHALL NEITHER BE OPENED NOR THE CONTENTS REVEALED

EXCEPT BY ORDER OF THE COURT."

**XIV. NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES.**

A.   No subpoenas (for depositions or documents) need be served on any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert in this case. Instead, the Party or Parties retaining such an expert will make him or her available for deposition at a time mutually agreed to by the Parties. In addition, the Party or Parties retaining an expert from whom a report is provided will make all requisite disclosures at the time of service.

B.   The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an Expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents, recording media, and communications: (i) any notes or other writings taken or prepared by or for an Expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (a) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and (1) the Expert's assistants and/or support staff, (2) other Expert witnesses or non-testifying expert consultants, including their staffs, or (3) attorneys for the Party or Parties, including their staffs, and/or (b) copies of materials produced by any Party in these Actions bearing the notes, markings, or comments of the Expert, the Expert's assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs); (ii) any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an Expert witness, regardless of the form in which the draft is recorded; and (iii) any

oral or written communication between and among an Expert witness and the Expert's respective assistants and/or support staff, other Expert witnesses or non-testifying Expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs), regardless of the form of the communications, except to the extent the communications relate to compensation for the Expert's work or testimony in this case.

C.    The foregoing exclusions from discovery set forth in subparagraph (B) do not apply to any communications, documents, data sets, or analyses upon which an Expert specifically relies as a basis for his or her ultimate opinion.

D.    Without varying the above paragraphs, examination will be permitted on alternative analyses, methodologies, or approaches to issues on which the Expert is testifying, regardless of whether the expert considered them in forming the Expert's opinions, and on any matter not excluded from disclosure by the terms of this Discovery Confidentiality Order.

XV.    **FURTHER APPLICATION**. Nothing in this Discovery Confidentiality Order precludes any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during these Actions. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Discovery Confidentiality Order, during the pendency of these Actions and for such time thereafter as is needed to carry out the terms of this Discovery Confidentiality Order.

XVI.    **MODIFICATION BY THE COURT OR THE PARTIES**. The Court retains the right to modify this Discovery Confidentiality Order. Furthermore, nothing herein shall

prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Discovery Confidentiality Order for good cause.

**XVII. RIGHT TO ASSERT OTHER OBJECTIONS.** No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**XVIII. USE BY PARTY OF ITS OWN MATERIALS.** Nothing in this Discovery Confidentiality Order prevents a Party from using its own Protected Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own Protected Material will constitute the Party's waiver of the designation of that document for its use by any Party in these Actions.

**XIX. RIGHT OF A PARTY TO USE INDEPENDENTLY OBTAINED DOCUMENTS.** Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Litigation.

**XX. VIOLATIONS.** The Court has jurisdiction to enforce this Discovery Confidentiality Order and to grant relief, as authorized by law or in equity, for any violations thereof.

**XXI. NO EFFECT ON ARBITRATION OF CLAIMS.** The terms of this Discovery Confidentiality Order do not waive any and all rights of the Parties to proceed by way of individual arbitration instead.

**SO ORDERED.**

Dated: _10/24_ , 2018

/s/ ___
Douglas E. Miller
United States Magistrate Judge

The Honorable Douglas E. Miller
United States Magistrate Judge

**WE ASK FOR THIS:**

/s/William H. Monroe, Jr.
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Richard S. Glasser (VSB No. 4092)
Michael A. Glasser (VSB No. 17651)
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
Facsimile: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
richardg@glasserlaw.com
michael@glasserlaw.com

*Liaison Counsel for Plaintiff FWK Holdings, LLC, Cesar Castillo, Inc, Rochester Drug Cooperative, Inc. and the Proposed Direct Purchaser Class*

Thomas M. Sobol
Kristen A. Johnson
Edward Notargiacomo
Hannah Schwarzschild
Bradley Vettraino
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel.: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com
ed@hbsslaw.com
hannahs@hbsslaw.com
bradleyv@hbsslaw.com

*Counsel for Plaintiff FWK Holdings, LLC, and Interim Lead Counsel for the Proposed Direct Purchaser Class*

John D. Radice
Radice Law Firm, P.C.
34 Sunset Blvd
Long Beach, NJ 08008
Telephone: (646) 245-8502
Facsimile: (609) 385-0745
jradice@radicelawfirm.com

Joseph M. Vanek
David P. Germaine
Jeffrey R. Moran
John P. Bjork
Vanek, Vickers & Masini, P.C.
55 W. Monroe, Suite 3500
Chicago, IL 60603
Telephone: (312) 224-1500
jvanek@vaneklaw.com
dgermaine@vaneklaw.com
jmoran@vaneklaw.com
jbjork@vaneklaw.com

Paul E. Slater
Matthew T. Slater
Sperling & Slater, P.C.
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
pes@sperling-law.com
mslater@sperling-law.com

Steve D. Shadowen
Matthew C. Weiner
Hilliard & Shadowen LLP
2407 S. Congress Ave, Suite E 122
Austin, TX 78704
Telephone: (855) 344-3298
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com

Joseph H. Meltzer
Terence S. Ziegler
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com

*Counsel for Plaintiff FWK Holdings, LLC and the Proposed Direct Purchaser Class*

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
Tel: (917) 438-9189
lnussbaum@nussbaumpc.com

Jayne A. Goldstein
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1625 North Commerce Parkway, Ste. 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 3007367
jgoldstein@sfmslaw.com

*Counsel for Plaintiff Cesar Castillo, Inc. and the Proposed Direct Purchaser Class*

David F. Sorensen
Zachary D. Caplan
BERGER & MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Barry Taus
Archana Tamoshunas
Kevin Landau
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204

29

Tel: (215) 875-3000
Fax: (215) 875-4604
dsorensen@bm.net
zcaplan@bm.net

Peter R. Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard
Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
pkohn@faruqilaw.com
nclark@faruqilaw.com

New York, NY 10038
Tel: (646) 873-7654
btaus@tcllaw.com
atamoshunas@tcllaw.com
klandau@tcllaw.com

Bradley J. Demuth
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
Fax: (212) 983-9331
bdemuth@faruqilaw.com

*Counsel for Rochester Drug Cooperative, Inc. and the Proposed Direct Purchaser Class*

*/s/Craig C. Reilly*
Craig C. Reilly (VSB #20942)
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Fax: (703) 549-5355
Email: craig.reilly@ccreillylaw.com

Richard Alan Arnold (pro hac vice)
Scott E. Perwin (pro hac vice)
Lauren C. Ravkind (pro hac vice)
Anna T. Neill (pro hac vice)
Joshua B. Gray (pro hac vice)
KENNY NACHWALTER P.A.
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: sperwin@knpa.com
Email: lravkind@knpa.com
Email: aneill@knpa.com

*Counsel for Retailer Plaintiffs Walgreen Co., Kroger Co., Albertsons Companies, Inc., and HEB Grocery Company L.P. (No. 2:18-cv-266)*

*/s/James A. Cales, III*
Alan Brody Rashkind (VSB No. 12658)
James A. Cales, III (VSB No. 41317)
FURNISS, DAVIS, RASHKIND AND SAUNDERS, PC
6160 Kempsville Circle, Suite 341B

30

Norfolk, Virginia 23502
757-461-7100
757-461-0083 (facsimile)
ARashkind@furnissdavis.com
JCales@furnissdavis.com

*Liaison Counsel for the End-Payor Plaintiffs and the Proposed End-Payor Class*

Marvin A. Miller (admitted *pro hac vice*)
Lori A. Fanning (admitted *pro hac vice*)
Miller Law LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@MillerLawLLC.com
lfanning@millerlawllc.com

Michael M. Buchman (admitted *pro hac vice*)
Erin Durba (admitted *pro hac vice*)
Michelle C. Zolnoski (admitted *pro hac vice*)
Motley Rice LLC
600 Third Avenue, Suite 2101
New York, NY 10016
Telephone: (212) 577-0040
Facsimile: (212) 577-0054
   mbuchman@motleyrice.com
   edurba@motleyrice.com
   mzolnoski@motleyrice.com

*Co-Lead Counsel for the End-Payor Plaintiffs and the Proposed End-Payor Class*

/s/      Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com

Samuel G. Liversidge (*pro hac vice*)
Christopher D. Dusseault (*pro hac vice*)
Michael M. Lee (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue

/s/      J. Kevin Fee
J. Kevin Fee (Bar. No. 88376)
Teri J. Diaz (Bar. No. 87457)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20005
Tel: 202.739.3000
Fax: 202.739.3001
kevin.fee@morganlewis.com
teri.diaz@morganlewis.com

Steven A. Reed (admitted *pro hac vice*)
R. Brendan Fee (admitted *pro hac vice*)
Zachary M. Johns (admitted *pro hac vice*)
Jessica J. Taticchi (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP

31

Los Angeles, CA  90071-3197
Telephone:  (213) 229-7855
Facsimile:  (213) 229-6855
Sliversidge@gibsondunn.com
CDusseault@gibsondunn.com
MLee@gibsondunn.com

Veronica S. Lewis (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX  75201-6912
Telephone:  (214) 698-3320
Facsimile:  (214) 571-2936
vlewis@gibsondunn.com

Eric J. Stock (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
Telephone:  (212) 351-2301
Facsimile:  (212) 716-0801
estock@gibsondunn.com

Tarek Ismail (*pro hac vice*)
Jennifer L. Greenblatt (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
564 West Randolph Street, Suite 400
Chicago, IL  60661
Telephone:  (312) 681-6000
Facsimile:  (312) 881-5191
tismail@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Defendants Merck & Co., Inc.,
Merck Sharp & Dohme Corp., Schering-
Plough Corp., Schering Corp., MSP
Singapore Co. LLC*

1701 Market Street
Philadelphia, PA  19103
Tel:  215.963.5000
Fax: 215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
jessica.taticchi@morganlewis.com

Stacey Anne Mahoney (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY  10178
Tel:  212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

*Counsel for Defendants
Glenmark Pharmaceuticals, Ltd. and
Glenmark Pharmaceuticals Inc., USA incorrectly
identified as Glenmark Generics Inc., USA*

**EXHIBIT A**

**DECLARATION UNDER DISCOVERY CONFIDENTIALITY ORDER
GOVERNING CONFIDENTIAL OR HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY MATERIAL**

I, _____ , am employed

by _____. I acknowledge and certify that:

1.     I have read the Discovery Confidentiality Order in *In re Zetia (Ezetimibe)*

*Antitrust Litigation*, 2:18-md-2836, Eastern District of Virginia, and agree to be bound by its

terms; and

2.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having

the terms of the Discovery Confidentiality Order enforced.

Date: _____          Signature: _____

                                Address: _____