UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2:18-md-2836 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**DECLARATION OF THOMAS M. SOBOL IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

I, Thomas M. Sobol, hereby declare as follows:

1. I am a member of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts and of the United States District Court for the District of Massachusetts and have been admitted *pro hac vice* to this Court.[1] I am the managing partner of the Boston office of Hagens Berman Sobol Shapiro LLP, counsel for plaintiff FWK Holdings LLC ("FWK") and interim lead counsel for the putative direct purchaser class in this matter.

2. I submit this declaration in support of the Direct Purchaser Class Plaintiffs' Motion for Class Certification for Purposes of Settlement with Par Pharmaceutical, Inc., Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of a Notice Administrator, a Stay of All Proceedings in this MDL as Against Par, and Setting the Final Settlement Schedule and Date for a Fairness Hearing. I have personal knowledge of the facts set forth in this Declaration.

---

[1] *See* Order Granting Motion to Appear *Pro Hac Vice* by Thomas M. Sobol, January 24, 2018, ECF No. 6.

3. On June 21, 2019, the Direct Purchaser Class Plaintiffs, by and through their counsel, entered into a proposed class-wide settlement ("Settlement") with Par Pharmaceutical, Inc. ("Par"). A motion for leave to amend the Direct Purchaser Class Plaintiffs' complaint to add Par was then pending and was granted just four days later on June 25, 2019. A copy of the Settlement is attached hereto as Exhibit 1.

4. Under the terms of the Settlement, Par agreed to: (i) produce discovery in accordance with the discovery requests attached as Exhibit D to the Settlement, (ii) search for such responsive discovery in accordance with the search terms and custodians set out in Exhibit E to the Settlement, (iii) authenticate certain documents already produced by Glenmark concerning Par's involvement in the agreement between Merck and Glenmark to settle their patent infringement litigation concerning Zetia, (iv) provide a 30(b)(6) deposition witness and, if need be, a witness or witnesses at trial, and (v) execute a covenant not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, arising under the Sherman or Clayton Acts relating to the conduct alleged in Direct Purchaser Class Plaintiffs' Complaint. Each of these commitments is contingent upon the Court's approval of the terms of the Settlement and the certification of the Direct Purchaser Settlement Class for settlement purposes only.

5. In exchange, the Direct Purchaser Class Plaintiffs agreed, upon completion of Par's obligations to produce documents and provide a 30(b)(6) witness and the entry by the Court of an order preliminarily approving the Settlement, to release their claims against Par relating to the conduct alleged in this litigation.

6. The Direct Purchaser Class Plaintiffs' decisions to move to add Par as a defendant on May 8, 2019 and, subsequently, to settle with Par, came after months of thorough analysis of discovery already produced in this litigation relating to Par.

7. In November 2018, Glenmark produced its distribution agreement with Par concerning Glenmark's generic Zetia product, revealing Par's involvement not only in the distribution of generic Zetia jointly with Glenmark, but also Par's involvement in the alleged anticompetitive reverse payment settlement agreement between Merck and Glenmark dated May 10, 2010. Direct Purchaser Class Plaintiffs' counsel immediately sought discovery from both Merck and Glenmark specifically directed to uncover the breadth and extent of Par's involvement. They also subpoenaed Par.

8. Subsequently, the Plaintiffs – spearheaded by the counsel for the Direct Purchaser Class Plaintiffs – engaged in numerous meet-and-confer discussions with Par, negotiating search terms, custodians, and other parameters of Par's non-party discovery obligations. They also obtained and reviewed document productions from the Merck and Glenmark over the next several months, amounting to over two million pages. Documents in these productions confirmed the need to add Par as a defendant. The Direct Purchaser Class Plaintiffs moved to do so on May 8, 2019.

9. The Direct Purchaser Class Plaintiffs notified Par that they intended to add Par as a defendant. Par and the Direct Purchaser Class Plaintiffs then engaged in more than a month of settlement negotiations, during which no less than eight attorneys for the Direct Purchaser Class Plaintiffs and three attorneys for Par engaged in numerous teleconferences.

10. By the time the Direct Purchase Class Plaintiffs and Par determined to settle, the record of Par's involvement in the matter was substantial and included communications

reflecting Par's direct involvement in negotiating the terms of settlement and its provisions promising that Merck would not launch its own generic version of Zetia. As part of the Settlement, Par agreed to authenticate many of those communications.

11. In mid-June, 2019 and while Direct Purchaser Class Plaintiffs continued to negotiate with Par, MDL Plaintiffs and Merck and Glenmark negotiated a new case schedule, which was ultimately agreed upon and submitted to the Court on June 19, 2019.

12. The Direct Purchaser Class Plaintiffs determined to settle with Par based on a number of factors, including i) Par's dubious financial situation given its parent, Endo International plc.'s, significant and well-publicized liabilities and risk of bankruptcy, ii) the fact that a bankruptcy by Par's parent during the pendency of this litigation could significantly affect the trajectory and timeline of the litigation of claims against Merck and Glenmark, iii) Class Counsel's assessment that the discovery that Par agreed to provide under the agreement would aid in prosecution of the case against Merck and Glenmark and could be accomplished within the timelines established by the newly-negotiated case schedule, and iv) the value to the Direct Purchaser Class Plaintiffs of Par's covenant not to sue Merck or Glenmark based on the conduct alleged in this litigation.

13. All plaintiff groups in this multi-district litigation were informed of, and invited to participate in, a potential settlement with Par before the execution of the Settlement (and before the new case schedule was stipulated to), including that Par would provide expedited discovery and a covenant not to sue Merck or Glenmark based on the subject matter of this litigation.

14. Attached hereto are true and accurate copies of the following exhibits cited in the Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of the Settlement with Par:

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Settlement Agreement between Par Pharmaceutical, Inc. and the Direct Purchaser Plaintiffs, dated June 21, 2019, including Exhibits A – E |
| Exhibit 2 | First Modification to the Settlement Agreement between Par Pharmaceutical, Inc. and the Direct Purchaser Plaintiffs, dated June 27, 2019 |
| Exhibit 3 | [Proposed] Order Granting Direct Purchaser Class Plaintiffs' Motion for Class Certification for Purposes of Settlement with Par Pharmaceutical, Inc., Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of a Notice Administrator, a Stay of All Proceedings in the MDL as Against Par, and Setting the Final Settlement Schedule and Date for a Fairness Hearing |
| Exhibit 4 | [Proposed] Notice of Settlement between Par Pharmaceutical, Inc. and the Direct Purchaser Plaintiffs |
| Exhibit 5 | Declaration of Lynette Hilton, Ph.D., dated July 15, 2019 |
| Exhibit 6 | Declaration of William W. Wikersham in Support of Direct Purchaser Class Notice Program |
| Exhibit 7 | Resume of the Boston office of Hagens Berman Sobol Shapiro LLP |

Executed under the pains and penalties of perjury on this day, July 15, 2019.

_____
Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142

| | |
|---|---|
| Dated: July 15, 2019 | Respectfully submitted, |

/s/ William H. Monroe, Jr.
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Tel.: (757) 625-6787
Fax: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

*Liaison Counsel for Plaintiff FWK Holdings, LLC, Cesar Castillo, Inc, Rochester Drug Cooperative, Inc. and the Proposed Direct Purchaser Class*


Thomas M. Sobol
Kristen A. Johnson
Edward Notargiacomo
Hannah Schwarzschild
Bradley Vettraino
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com
ed@hbsslaw.com
hannahs@hbsslaw.com
bradleyv@hbsslaw.com

*Lead Counsel for the Proposed Direct Purchaser Class*

| | |
|---|---|
| John D. Radice<br>Radice Law Firm, P.C.<br>475 Wall Street<br>Princeton, NJ 08540<br>Telephone: (646) 245-8502<br>Facsimile: (609) 385-0745<br>jradice@radicelawfirm.com<br><br>Paul E. Slater<br>Joseph M. Vanek<br>David P. Germaine<br>Alberto Rodriguez<br>Sperling & Slater, P.C.<br>55 W. Monroe, Suite 3200<br>Chicago, IL 60603<br>Telephone: (312) 641-3200<br>pes@sperling-law.com<br>jvanek@sperling-law.com<br>dgermaine@sperling-law.com<br>arodriguez@sperling-law.com | Steve D. Shadowen<br>Matthew C. Weiner<br>Hilliard & Shadowen LLP<br>2407 S. Congress Ave, Suite E 122<br>Austin, TX 78704<br>Telephone: (855) 344-3298<br>steve@hilliardshadowenlaw.com<br>matt@hilliardshadowenlaw.com<br><br>Joseph H. Meltzer<br>Terence S. Ziegler<br>Kessler Topaz Meltzer & Check LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: 610-667-7706<br>Facsimile: 610-667-7056<br>jmeltzer@ktmc.com<br>tziegler@ktmc.com<br><br>Sharon K. Robertson<br>Donna M. Evans<br>COHEN MILSTEIN SELLERS & TOLL PLC<br>88 Pine Street, 14th Floor<br>New York, NY 10005<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>srobertsons@cohenmilstein.com<br>devans@cohenmilstein.com |

*Counsel for Plaintiff FWK Holdings, LLC and the Proposed Direct Purchaser Class*

| | |
|---|---|
| Linda P. Nussbaum<br>Nussbaum Law Group, P.C.<br>1211 Avenue of the Americas, 40th Floor<br>New York, NY 10036-8718<br>Tel: (917) 438-9189<br>lnussbaum@nussbaumpc.com | Jayne A. Goldstein<br>Shepherd, Finkelman, Miller & Shah, LLP<br>1625 North Commerce Parkway, Ste. 320<br>Fort Lauderdale, FL 33326<br>Tel.: (954) 515-0123<br>Facsimile: (866) 300-7367<br>jgoldstein@sfmslaw.com |

*Counsel for Plaintiff Cesar Castillo, Inc. and the Proposed Direct Purchaser Class*

| | |
|---|---|
| David F. Sorensen<br>Zachary D. Caplan<br>Berger & Montague, P.C.<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Fax: (215) 875-4604<br>dsorensen@bm.net<br>zcaplan@bm.net | Barry Taus<br>Archana Tamoshunas<br>Kevin Landau<br>Taus, Cebulash & Landau, LLP<br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>Tel: (646) 873-7654<br>btaus@tcllaw.com<br>atamoshunas@tcllaw.com<br>klandau@tcllaw.com |
| Peter R. Kohn<br>Joseph T. Lukens<br>Faruqi & Faruqi, LLP<br>1617 John F. Kennedy Boulevard<br>Suite 1550<br>Philadelphia, PA 19103<br>Tel: (215) 277-5770<br>Fax: (215) 277-5771<br>pkohn@faruqilaw.com<br>nclark@faruqilaw.com | Bradley J. Demuth<br>Faruqi & Faruqi, LLP<br>685 Third Avenue, 26th Floor<br>New York, NY 10017<br>Tel: (212) 983-9330<br>Fax: (212) 983-9331<br>bdemuth@faruqilaw.com |

*Counsel for Rochester Drug Cooperative, Inc. and the Proposed Direct Purchaser Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record who have made a formal appearance.

Dated: July 15, 2019                           **/s/ William H. Monroe, Jr.**
                                                                      William H. Monroe, Jr. (VSB No. 27441)