Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2:18-md-2836 |
| THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CLASS ACTIONS | |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT WITH PAR PHARMACEUTICAL, INC., APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, APPOINTMENT OF A NOTICE ADMINISTRATOR, A STAY OF ALL PROCEEDINGS IN THE MDL AS AGAINST PAR, AND SETTING THE FINAL SETTLEMENT SCHEDULE AND DATE FOR A FAIRNESS HEARING**

Upon review and consideration of the Settlement Agreement entered into by Direct Purchaser Class Plaintiffs FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and Cesar Castillo, Inc., on behalf of the proposed class of direct purchasers ("Direct Purchaser Class Plaintiffs") and Par Pharmaceutical, Inc. ("Par") dated June 21, 2019 (the "Direct Purchaser/Par Settlement"), and the Direct Purchaser Class Plaintiffs' Motion for Class Certification for Purposes of Settlement With Par Pharmaceutical, Inc., Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Appointment of a Notice Administrator, A Stay of all Proceedings in the MDL as against Par, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, and their Memorandum of Law in Support thereof and Declaration of Thomas M. Sobol in Support thereof

and attached Exhibits 1-7, and any other materials filed in connection with Direct Purchaser Class Plaintiffs' Motion, IT IS HEREBY ORDERED AND ADJUDGED as follows:

## Jurisdiction

1. This Court has subject matter jurisdiction over this case and has jurisdiction over this action and each of the representative class plaintiffs FWK Holdings, LLC ("FWK"), Rochester Drug Co-Operative, Inc. ("RDC"), and Cesar Castillo, Inc. ("CCI"), and defendant Par.

## Certification of the Proposed Direct Purchaser Settlement Class

2. The Court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement:

   a. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court certifies the "Direct Purchaser Class for the Par Settlement," membership of which is defined as follows:

   All persons or entities in the United States and its territories that purchased Zetia or generic Zetia in any form directly from Merck, Glenmark/Par, or any agents, predecessors, or successors thereof from December 6, 2011 to June 11, 2017 (the "Direct Purchaser Settlement Class").

   Excluded from the class are Merck, Glenmark, Par, and any of their officers, directors, management, employees, parents, subsidiaries and affiliates.

   Also excluded from the class are the government of the United States and all agencies thereof, and all state or local governments.

   b. The Direct Purchaser Settlement Class has at least seventy-one (71) members geographically dispersed throughout the United States and Puerto Rico. Pursuant to Rule 23(a)(1), the Court determines that the Direct Purchaser Settlement Class is so numerous that joinder of all members is impracticable.

   c. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

      i. Whether the conduct challenged by the Direct Purchaser Class Plaintiffs as anticompetitive in the First Amended Consolidated Class Action Complaint and Jury Demand, filed June 27, 2019 (ECF No. 315) (the "Direct Purchaser Class Complaint") constitutes a violation of Section 1 of the Sherman Act 15 U.S.C. § 1; and

      ii. Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Direct Purchaser Settlement Class, in the nature of overcharges paid as a result of the higher prices paid directly by Direct Purchaser Settlement Class members for brand or generic Zetia; and

   d. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Direct Purchaser Settlement Class that satisfy Rule 23(a)(2).

   e. The Direct Purchaser Class Plaintiffs – FWK, RDC, and CCI – are hereby appointed as representatives of the Direct Purchaser Settlement Class for the following reasons:

      i. The Direct Purchaser Class Plaintiffs allege on behalf of the Direct Purchaser Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and the Direct Purchaser Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Direct

      Purchaser Settlement Class. The Court therefore determines that the Direct Purchaser Class Plaintiffs' claims are typical of the claims of the proposed Direct Purchaser Settlement Class within the meaning of Rule 23(a)(3); and

ii. Pursuant to Rule 23(a)(4), the Court determines, in connection with and solely for purposes of settlement, that the Direct Purchaser Class Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Settlement Class. The Direct Purchaser Class Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Direct Purchaser Settlement Class. All of the Direct Purchaser Settlement Class members share a common interest in proving the defendants' alleged anti-competitive conduct, and all the Direct Purchaser Settlement Class members share a common interest in recovering the overcharge damages sought in the Direct Purchaser Class Complaint. The Court further determines that Counsel for the Direct Purchaser Class Plaintiffs are well-qualified to represent the Direct Purchaser Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Settlement Class as a whole, predominate over those issues that are subject only

    to individualized proof. *See Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 133 S. Ct. 1184, 1196 (2013); *see also Am. Sales Co., LLC v. Pfizer, Inc.*, No. 2:14-cv-361, 2017 WL 3669604, at *13 (E.D. Va. July 28, 2017), report and recommendation adopted, No. 2:14-cv-361, 2017 WL 3669097 (E.D. Va. Aug. 24, 2017) ("Courts deciding whether to certify a class in delayed-entry cases like this one frequently find that common questions of fact and law will predominate when there has been an alleged violation of antitrust law.").

f.  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Direct Purchaser Settlement Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the settlement approved in this Order.

g.  Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Lead Counsel for the Direct Purchaser Settlement Class consistent with the Court's Order dated August 15, 2018 (ECF No. 105), and the duties and responsibilities described in that Order:

        Thomas M. Sobol
        Kristen A. Johnson
        Hagens Berman Sobol Shapiro LLP
        55 Cambridge Parkway, Suite 301
        Cambridge MA 02142
        Tel: 617-482-3700
        Fax: 617-482-3003
        Email: tom@hbsslaw.com

kristenj@hbsslaw.com

## Approval of the Proposed Settlement

3.      Upon review of the record, the Court preliminarily finds that the proposed Settlement, which includes expedited discovery and a covenant not to sue by Par in exchange for, *inter alia*, dismissal of the litigation against Par with prejudice and defined releases of claims by Direct Purchaser Class Plaintiffs and the Direct Purchaser Settlement Class as set forth in the Direct Purchaser/Par Settlement, is sufficiently fair, reasonable, and adequate, in the best interests of the members of the Direct Purchaser Settlement Class and one that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and arrived at by arm's-length negotiations.

## Approval of the Plan of Notice to the Direct Purchaser Settlement Class

4.      The proposed form of Notice to the Direct Purchaser Settlement Class members of the pendency and proposed settlement of this action as against Par only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.  No later than 15 days following the entry of this Order, Plaintiffs' Lead Class Counsel shall cause the Settlement Notice substantially in the form attached as Exhibit 4 to the Declaration of Thomas M. Sobol to be disseminated via first class mail to the last known address of each entity that purchased brand or generic Zetia directly from a named defendant during the Class Period.  Plaintiffs' Lead Class Counsel shall also cause the Settlement Notice to be posted on the internet at www.ZetiaAntitrustLitigation.com.

5.      The Direct Purchaser Settlement Class members may request exclusion from the Direct Purchaser Settlement Class in accordance with the Settlement Notice substantially in the

form attached as Exhibit 4 to the Declaration of Thomas M. Sobol, or object, no later than 45 days from the date on the Settlement Notice. Plaintiffs' Lead Class Counsel or their designee shall monitor and record any and all opt out requests that are received.

6. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Par shall serve notices as required under CAFA within ten (10) business days from the date Direct Purchaser Class Plaintiffs file for preliminary approval of the settlement.

7. The Court appoints RG/2 Claims Administration as Settlement Administrator to assist in disseminating the Settlement Notice to the Direct Purchaser Settlement Class.

### Final Fairness Hearing

8. A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this Court on _____, (a date no earlier than 100 days after this Order), at _____ Eastern Time, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510. At the Fairness Hearing, the Court will consider, *inter alia*, (a) the fairness, reasonableness and adequacy of the settlement and whether the settlement should be finally approved; and (b) whether entry of a final judgment terminating the litigation against Par should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Plaintiffs' counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Settlement Class for the Par Settlement by posting conspicuous notice on their websites and at www.ZetiaAntitrustLitigation.com.

9. Direct Purchaser Settlement Class members who wish to object with respect to the proposed settlement and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement

outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the U.S. District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510, with copies to the following counsel:

> On behalf of the Direct Purchaser Class Counsel, Direct Purchaser Plaintiffs, and the Direct Purchaser Settlement Class:
>
>> Thomas M. Sobol
>> Kristen A. Johnson
>> Hagens Berman Sobol Shapiro LLP
>> 55 Cambridge Parkway, Suite 301
>> Cambridge MA 02142
>> Tel: 617-482-3700
>> Fax: 617-482-3003
>> Email: tom@hbsslaw.com
>>         kristenj@hbsslaw.com
>
> On behalf of Par:
>
>> Benjamin Greenblum
>> Williams & Connolly LLP
>> 725 Twelfth Street, N.W.
>> Washington, D.C. 20005
>> Tel: 202-434-5000
>> Email:  bgreenblum@wc.com

The objection and/or notice of intention to appear shall state that they relate to *In Re: Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.).  To be valid, any such objection to the settlement and/or notice of intention to appear must be postmarked no later than the later of _____ (*i.e.* within 45 days of the date of the Settlement Notice to the Direct Purchaser Settlement Class) and it must include the Direct Purchaser Settlement Class member's name, address, telephone number, and signature.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement.  All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above

8

shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

10. All briefs and materials in support of final approval of the settlement and entry of the final judgment proposed by the parties to the settlement shall be filed with the Court no later than 30 days before the final Fairness Hearing set in this Order.

11. All proceedings in this multi-district litigation against Par are hereby stayed until such time as the Court renders a final decision regarding the approval of the Direct Purchaser/Par Settlement and, if it approves the settlement, enters final judgment and dismisses the Direct Purchaser Class Plaintiffs' action against Par with prejudice.

12. In the event the Direct Purchaser/Par Settlement is terminated in accordance with its provisions, (a) the settlement and all related proceedings shall become null and void and have no further force and effect; (b) Direct Purchaser Class Plaintiffs shall retain full rights to assert any and all causes of action against Par and any other party that would have been a released party had the settlement not been terminated; and (c) Par and any other parties that would have been released parties had the settlement not been terminated shall retain any and all defenses and counterclaims. In the event of termination, these actions, as well as any other actions against Par in this MDL stayed pursuant to the preceding paragraph, shall revert forthwith to their respective procedural and substantive status prior to the date of execution of the Direct Purchaser/Par Settlement and shall proceed as if the settlement and all other related orders and papers had not been executed by Direct Purchaser Class Plaintiffs and Par.

13. Neither this order nor the Direct Purchaser/Par Settlement nor any other settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Direct

9

Purchaser/Par Settlement or herein or in any other settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Par as to the validity of any claim that has been or could have been asserted against Par or as to any liability of Par or as to any matter set forth in this Order.

SO ORDERED this day _____ day of _____, 2019.

_____
Hon. Rebecca Beach Smith
United States District Judge

10