# Exhibit 4

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

# If You Purchased Brand Or Generic Zetia (Ezetimibe) Directly From Merck, Glenmark or Par Between December 6, 2011 and June 11, 2017, A Class Action Settlement with Par Pharmaceutical, Inc. May Affect Your Rights.

*A federal court directed this notice. This is not a solicitation from a lawyer. You are not being sued.*

- This notice has important information for you if you purchased Zetia (ezetimibe) or its generic equivalent between December 6, 2011 and June 11, 2017 directly from Merck, Glenmark or Par. It provides a summary explanation of a proposed settlement with one Defendant in this litigation, Par Pharmaceutical, Inc., ("Par") and explains your rights and options as part of the Settlement.

- In January 2018, direct purchasers of brand and generic Zetia (ezetimibe) ("Direct Purchaser Class Plaintiffs")[1] filed multiple lawsuits against Glenmark Pharmaceuticals, Ltd. and Glenmark Generics Inc., USA ("Glenmark") and Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC ("Merck"), alleging those entities had entered into an unlawful "reverse payment" settlement agreement, delaying entry of generic substitutes from the market for ezetimibe, a prescription cholesterol drug, sold under the brand name Zetia by Merck for years.

- On May 8, 2019, the Direct Purchaser Class Plaintiffs filed a motion for leave to file an Amended Consolidated Class Action Complaint, seeking to name Par as an additional defendant in the lawsuit. On June 25, 2019 the Court granted the Direct Purchaser Class Plaintiffs' motion for leave to amend the complaint to add Par as a defendant.

- On June 21, 2019, Direct Purchaser Plaintiffs and Par reached a settlement of claims in the lawsuit. The settlement provides that in exchange for a full release of liability from Direct Purchaser Class Plaintiffs and the Direct

---

[1] The Direct Purchaser Class Plaintiffs include FWK Holdings, LLC, Rochester Drug Cooperative, Inc., and Cesar Castillo.

    Purchaser Settlement Class, Par will provide certain agreed upon expedited discovery in the Lawsuit, including documents, data and one or more deposition witnesses and will, as necessary, make available a witness or witnesses to testify at trial. Par has also covenanted not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, as a purchaser of generic Zetia. Par has not agreed to pay any money to the Direct Purchaser Settlement Class as part of the Settlement. The Settlement involves only Par. The Lawsuit will continue against the remaining Defendants Merck and Glenmark.

- On _____, 2019 the U.S. District Court for the Eastern District of Virginia gave preliminary approval to the Settlement with Par and certified a class of direct purchasers of brand and generic Zetia (ezetimibe) for settlement purposes only, against Par. The certified class is defined as:

  > All persons or entities in the United States and its territories that purchased Zetia or generic Zetia in any form directly from Merck, Glenmark/Par, or any agents, predecessors, or successors thereof from December 6, 2011 to June 11, 2017 (the "class").

  > Excluded from the class are Merck, Glenmark, Par, and any of their officers, directors, management, employees, parents, subsidiaries, and affiliates.

  > Also excluded from the class are the government of the United States and all agencies thereof, and all state or local governments and all agencies thereof.

- The full text of the Settlement Agreement, dated June 21, 2019, is available at www.ZetiaAntitrustLitigation.com. In the event of a conflict between the terms of this notice and the Settlement Agreement, the terms of the Settlement Agreement control.

- The Court has scheduled a hearing to decide whether to grant final approval of the Settlement. That hearing is scheduled for _____ \_\_, 2019 before U.S. District Court Judge Rebecca Beach Smith in Courtroom \_\_ at the Walter E. Hoffman United States Courthouse at 600 Granby Street, Norfolk, VA 23510.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT, SO PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION LAWSUIT | |
|---|---|
| **DO NOTHING** | You do not need to do anything now to retain your right to benefit from the Settlement. If the Court grants Final Approval of the Settlement and you are a class Member, you and all members of the Class will benefit from Par's covenant not to bring or assert antitrust claims against Merck and Glenmark, expedited discovery from Par, and availability of Par's witnesses in the continuing lawsuit against the remaining Defendants. |
| **EXCLUDE YOURSELF FROM THE CLASS** | This is the only option that allows you to file or be part of another lawsuit against Par relating to the claims in this case. If you exclude yourself from the class, you will not be bound by any of the Court's orders in this case as to the claims against Par, nor will you be entitled to benefit from the expedited discovery or other elements of the settlement with Par. |
| **OBJECT TO THE SETTLEMENT** | You may object to any or all of the Settlement. If you do so, you may (as discussed below) write to the Court and counsel about why you do not like the Settlement. |
| **GET MORE INFORMATION** | If you would like to obtain more information about the Lawsuit, you can send questions to the lawyers identified in this Notice or visit www.ZetiaAntitrustLitigation.com. |

*These rights and options – and the deadlines to exercise them – are explained in this Notice.*

3

# WHAT THIS NOTICE CONTAINS

**PAGE**

**SUMMARY OF SETTLEMENT** ...................................................................................5

**BASIC INFORMATION** ............................................................................................5
1. Why Did I Get This Notice?
2. What Is This Lawsuit About?
3. What Is A Class Action?
4. Why Is This Lawsuit A Class Action?
5. Why Is There A Settlement?

**WHO IS PART OF THE SETTLEMENT** ............................................8
6. Am I Part Of The Class?
7. What If I Am Still Not Sure If I Am Included In The Class?

**THE SETTLEMENT BENEFITS** ...................................................................……..8
8. How Much Money Will Be Provided In This Settlement?
9. Is There Any Money Involved in This Settlement?
10. What am I Giving Up as Part of This Settlement?

**OBJECTING TO THE SETTLEMENT**.................................................................9
11. How Do I Inform The Court Of My Opposition To The Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..................... .........10
12. Why Would I Ask to Be Excluded?
13. How Do I Ask the Court to Exclude Me from the Class?

**THE LAWYERS REPRESENTING YOU** ...........................................................11
14. Do I Have A Lawyer In This Case?
15. Should I Get My Own Lawyer?

**THE COURT'S FINAL FAIRNESS HEARING**................................................12
16. When And Where Will The Court Decide Whether To Approve The Settlement?
17. Do I Have To Come To The Hearing To Get My Share Of The Settlement?
18. May I Speak At The Hearing?

**IF YOU DO NOTHING**............................................................................................ 13

19. What Happens If I Do Nothing At All?

**GETTING MORE INFORMATION**........................................................................... 13

20. How Do I Get More Information?

## SUMMARY OF SETTLEMENT

In exchange for a full release of all liability related to claims that were or could have been brought against Par in the Lawsuit by the Direct Purchaser Class Plaintiffs and the class, Par has agreed to (a) enter into a Covenant Not to Sue the remaining defendants, Merck and Glenmark, as a purchaser of generic Zetia, (b) to produce in the Lawsuit certain agreed-upon discovery, including data, documents and deposition testimony, on an expedited basis, and (c) to undertake reasonable efforts to make a witness or witnesses available to testify at trial, if any, of claims by the Direct Purchaser Class Plaintiffs against Merck and Glenmark.

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

You received this notice because, according to manufacturers' sales records, you may have purchased branded Zetia directly from Merck at some point between December 6, 2011 and June 11, 2017. You may also have purchased generic Zetia directly from Glenmark/Par during this same time period. Therefore, you may be a member of the class that was certified by the Court, for settlement purposes only, in this Lawsuit as it relates to claims against Par. The Settlement only involves Par. The Lawsuit against the other Defendants, Merck and Glenmark, is ongoing.

### 2. What Is This Lawsuit About?

The Direct Purchaser Class Plaintiffs allege that Merck, Glenmark, and Par violated federal antitrust laws by unlawfully delaying generic competition to Zetia. Direct Purchaser Class Plaintiffs allege these entities entered into an unlawful "reverse payment" settlement agreement whereby Merck paid Glenmark and Par to delay entry of generic substitutes into the market for ezetimibe, a prescription cholesterol drug, sold under the brand name Zetia by Merck for years.

Direct Purchaser Class Plaintiffs allege that before the anticompetitive reverse payment settlement agreement between Merck and Glenmark was executed, Glenmark and Par entered into a distribution arrangement whereby Par agreed to become the exclusive distributor of Glenmark's generic Zetia, and that Par performed under the terms of that agreement (which performance included Par's participation in the negotiation of the settlement of patent infringement litigation between Glenmark and Merck relating to generic Zetia, Par's payment of a transfer price for the acquisition of generic Zetia product, and Par's distribution of that product).

Direct Purchaser Class Plaintiffs allege that they were injured because they were overcharged for their purchases of brand and/or generic Zetia because of the delay in the availability of less expensive, generic versions of Zetia, including any authorized generic Zetia.

A copy of the operative Direct Purchaser Class Plaintiffs' Amended Consolidated Class Action Complaint dated June 27, 2019 (the "Complaint") is available at www.ZetiaAntitrustLitigation.com.

All Defendants, including Par, deny Direct Purchaser Class Plaintiffs' allegations, deny that their conduct violated any applicable law or regulation, deny that Direct Purchaser Class Plaintiffs have sustained any injury or damages as a result of their alleged conduct, and deny that any class member is entitled to damages or other relief.

No trial has been held in the Lawsuit. Assuming the Court gives final approval to the Settlement with Par, a trial of claim against Merck and Glenmark is scheduled to begin on September 20, 2020.

THE COURT HAS NOT DECIDED WHETHER ANY DEFENDANT, INCLUDING PAR, VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF DIRECT PURCHASER CLASS PLAINTIFFS' CLAIMS AGAINST PAR OR ANY DEFENDANT OR THE DEFENSES ASSERTED BY PAR OR ANY DEFENDANT.

The Lawsuit is known as *In re Zetia (Ezetimibe) Antitrust Litigation,* MDL No. 2836 and is presided over by the Honorable Rebecca Beach Smith of the United States District Court for the Eastern District of Virginia.

### 3. What Is A Class Action?

In a class action, one or more entities called "class representatives" sue on behalf of other entities with similar claims. In this case, FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and Cesar Castillo, Inc. are the Class Representatives. The Class Representatives, together with the entities on whose behalf they have sued, constitute the "Class" or "Class Members." They are also called the "Direct Purchaser Class Plaintiffs". Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves (*i.e.*, "opt out") from the class.

### 4. Why Is This Lawsuit A Class Action?

The Court determined that the Settlement with Par on behalf of the Class satisfied Rule 23 of the Federal Rules of Civil Procedure and other applicable law and

therefore can proceed as a settlement on behalf of the Class. A copy of the Court's Preliminary Approval Order may be found at www.ZetiaAntitrustLitigation.com.

Specifically, the Court identified at least the following class-wide issues:

- Whether Defendants willfully obtained and/or maintained monopoly power over Zetia and its generic equivalents;
- Whether the Defendant's scheme, in whole or in part, has substantially affected interstate commerce;
- Whether the Defendants' unlawful agreement, in whole or in part, caused antitrust injury through overcharges to the business or property of the plaintiffs and the members of the Class;
- Whether Defendants' conspired to delay generic competition for Zetia;
- Whether, from December 12, 2016 through June 11, 2017, Merck, Glenmark and Par possessed the ability to control prices and/or exclude competition for Zetia;
- Determinations of a reasonable estimate of the amount of delay the Defendants' unlawful monopolistic conduct caused, and
- The quantum of overcharges paid by the Class, in the aggregate.

### 5.  Why Is There A Settlement?

The Court has not yet decided which side is correct or if any laws were violated by any Defendant, including Par. Both the Direct Purchaser Class Plaintiffs and Par have agreed to settle the case, as to the allegations against Par only, and avoid the cost and risk of continued and protracted litigation against Par. The Lawsuit against the other Defendants, Merck and Glenmark, will continue.

This Settlement is the product of extensive negotiations between Plaintiffs' Counsel and Par. At the time of settlement, discovery against Merck and Glenmark was ongoing, and the addition of Par as a defendant had the potential to delay trial of claims against Merck and Glenmark.

After thoroughly investigating the complex factual, legal, and economic issues involved, Plaintiffs' Counsel negotiated with Par's Counsel to resolve the claims the Direct Purchaser Class Plaintiffs brought against Par in exchange for expedited discovery from Par, including the provision of relevant data, documents and deposition testimony as well as the availability of one or more witnesses in the event of a trial against Merck and Glenmark. Additionally, as part of the Settlement, Par covenanted not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, arising under the Sherman or Clayton Acts (i.e., antitrust claims), relating to the conduct alleged in this lawsuit, curtailing or

eliminating any argument that the Direct Purchaser Class Plaintiffs do not have standing to pursue claims as direct purchasers.

The Class Representatives and the lawyers representing them believe that the Settlement is fair, adequate, and reasonable, and in the best interests of the Class.

## WHO IS PART OF THE SETTLEMENT

### 6. Am I Part Of The Class?

You are in the Class if you are an entity in the United States or its territories that purchased brand Zetia or generic Zetia directly from Merck, Glenmark or Par at any time between December 6, 2011 and June 11, 2017 and do not meet one of the exclusions.

The following are excluded from the Class:

- Merck, Glenmark, Par and any of their officers, directors, management, employees, parents, subsidiaries, and affiliates;
- The government of the Unites States and all agencies thereof; and
- All state or local governments or agencies thereof.

If you fit within the definition of the class, you will be considered a member of the class unless you timely and fully comply with the instructions for excluding yourself from the class as set forth in Question 12 below.

### 7. What If I Am Still Not Sure If I Am Included In The Class?

If you are not sure whether you are included, you may call or write to Lead Class Counsel at the telephone number or address listed in Question 13 below.

## THE SETTLEMENT BENEFITS

### 8. Is There Any Money Involved In This Settlement?

Under the Settlement, Par has not agreed to pay any money to the Direct Purchaser Class Plaintiffs or the Class. In exchange for a full release of liability from the claims brought in this Lawsuit, Par has agree to provide certain agreed-upon discovery on an expedited basis, including data, documents and deposition testimony. Par has also agreed to make available one or more witnesses at trial, if any, against Merck and Glenmark. In addition, Par also covenants not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, arising under

the Sherman or Clayton Acts (i.e., antitrust claims), relating to the conduct alleged in this lawsuit, thereby curtailing or eliminating any argument that Direct Purchaser Plaintiffs' do not have standing to pursue claims as direct purchasers.  A copy of the Settlement Agreement is available at www.ZetiaAntitrustLitigation.com.

### 9. What Am I Giving Up As Part of the Settlement?

If the Court finally approves the Settlement and you remain a member of the Class you will be releasing Par from any liability for the claims in this Lawsuit.  You will be releasing any right to sue, or be part of any other lawsuit, against Par over the "Released Claims."

The Released Claims are described fully in the Settlement Agreement (available at www.ZetiaAntitrustLitigation.com).

You will <u>not</u> be releasing claims against the remaining defendants in the Lawsuit, Merck and Glenmark.

## OBJECTING TO THE SETTLEMENT

### 10. How Do I Inform The Court That I Do Not Like The Settlement?

If you are a Class Member, you may tell the Court that you object to (disagree with) all or any part of the proposed Settlement.

You must provide reasons and otherwise explain the basis for any objection(s) you raise. The Court will consider your objection(s) in determining whether to grant Final Approval to the Settlement.

To object, you must file your written objection(s) with the Clerk of the Court at this address:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> Clerk of Court
> 600 Granby St.
> Norfolk, VA 23510

You must also send a copy of your written objection(s) to Class Counsel and Par's Counsel at the following addresses:

| DESIGNATED CLASS COUNSEL: | DESIGNATED PAR COUNSEL: |
|---|---|
| Thomas Sobol<br>Kristen A. Johnson<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>55 Cambridge Parkway, Suite 301<br>Cambridge, MA 02142<br>Telephone: (617) 482-3700 | Benjamin M. Greenblum<br>WILLIAMS & CONNOLLY LLP<br>725 12TH STREET, NW<br>WASHINGTON, DC 20005<br>TELEPHONE: (202) 434-5000 |

Your written objections must be postmarked no later than _____, 2019.

Your written objection(s) must include the case caption, In re Zetia (ezetimibe) Antitrust Litigation, MDL No. 2836 (E.D. Va.), along with: (i) your name; (ii) your address; (iii) your telephone number; (iv) proof of membership in the Class; and (v) the specific grounds for the objection and any reasons why you want to appear and be heard, as well as all documents and writings that you want the Court to consider.

**Do not call the Court or the Judge's office about your objection(s).**

If you have any questions, you may visit www.ZetiaAntitrustLitigation.com or call Lead Counsel for the direct purchaser class identified in Question 13 of this notice.

## EXCLUDING YOURSELF FROM THE CLASS

**11. Why would I ask to be excluded?**

If you exclude yourself from the Class – also known as "opting-out" of the class – you won't benefit from the Settlement, including the expedited discovery agreed to by Par or the availability of its witnesses at trial. If you exclude yourself, you will not be legally bound by any of the Court's orders as to the claims against Par in this lawsuit or any release entered in this class action.

**12. How do I ask the Court to exclude me from the Class?**

What you must do to exclude yourself from the class depends on whether or not your right to recover as a result of the conduct alleged in this litigation results from a partial assignment of antitrust claims (i.e., whether you have been assigned some portion, but less than all, of the antitrust rights of a person or entity that is also a member of the class).

11

If you made qualifying purchases yourself, or you have been assigned all of the antitrust rights of a person or entity that made qualifying purchases, and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the Lawsuit, *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.). This letter should include your name, address, telephone number, and your signature and must be postmarked no later than **[45 DAYS FROM DATE OF MAILING OF NOTICE]**. If you have been assigned all of the antitrust rights of a person or entity that would have otherwise been a member of the class, to be excluded, you must also provide a copy of the assignment of claims.

If you are a partial assignee and wish to be excluded from the class (if the entity that assigned antitrust claims to you retained some portion of its antitrust claims and remains a class member) you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the Lawsuit, *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.), and provide (a) a copy of the assignment of claims, (b) claims level data identifying the purchases you contend were made by your assignor that qualify you as a class member pursuant to the assignment of claims, and (c) an agreement or agreements executed by or on behalf of Par evidencing Par's consent to your prosecuting a separate action against Par, as a partial assignee of antitrust claims, for the same claims asserted in the Lawsuit. The letter, with the required assignment, claims data and agreement with defendants, must be postmarked no later than **[35 DAYS FROM DATE OF MAILING OF NOTICE]**. Any dispute concerning whether your request to be excluded meets the criteria stated above will be resolved by the Court.

## THE LAWYERS REPRESENTING YOU

### 13.  Do I Have A Lawyer In This Case?

The attorneys and law firm listed below are serving as Lead Counsel for the Class by appointment of the Court, and are representing the Class in this Lawsuit with other Class Counsel. Lead Class Counsel is experienced in handling similar cases against other companies. Lead Class Counsel is:

>Thomas Sobol
>Kristen A. Johnson
>HAGENS BERMAN SOBOL SHAPIRO LLP
>55 Cambridge Parkway, Suite 301
>Cambridge, MA 02142
>Telephone: (617) 482-3700

### 14. Should I Get My Own Lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

If you hire your own lawyer to appear in this case, your lawyer must file a notice of appearance on or before _____, 2019 [same date objections are due].

## THE COURT'S FINAL FAIRNESS HEARING

### 15. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at __:__ on _____, 2019. The hearing will take place at:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> 600 Granby St.
> Norfolk, VA 23510
> Courtroom ___

We do not know how long the Court will take to make its decision.

***Important!*** The time and date of this hearing may change without additional mailed or publication notice. For updated information on the hearing, visit: www.ZetiaAntitrustLitigation.com.

### 16. Do I Have To Come To The Hearing?

No. You do not have to go to the hearing, even if you send the Court objection(s). But you can, at your own expense, go to the hearing or hire a lawyer to attend on your behalf.

Class Counsel will answer the Court's questions, if any.

### 17. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. You must file a Notice of Intention to Appear with the Court by _____, 2019 [same day objections are due] at this address:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> Clerk of Court

13

      600 Granby St.
      Norfolk, VA 23510

You must also mail a copy of your Notice of Intention to Appear to Class Counsel and Counsel for Par at the addresses listed in Question 10.

Your Notice of Intention to Appear must include the case caption, *In re Zetia (ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.), along with: (i) a statement of intention to appear; (ii) your name; (iii) your address; (iv) your telephone number; and (v) personal information for other people (including lawyers) who you want to speak at the hearing.

## IF YOU DO NOTHING

### 18. What Happens If I Do Nothing At All?

If you do nothing, you will keep the right to participate in the Settlement as described in this notice, so long as the settlement is finally approved.

You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Par about the "Released Claims," including claims brought in the case between Direct Purchaser Class Plaintiffs and Par.

All of the Court's orders in the Lawsuit as related to claims against Par will apply to you and legally bind you.

Your rights concerning claims against the remaining Defendants, Merck and Glenmark, will not be affected by the Settlement. By remaining a member of the Class for purposes of the Settlement with Par, you will not be releasing any claims against the remaining defendants.

## GETTING MORE INFORMATION

### 19. How Do I Get More Information?

For more detailed information about this Lawsuit, please refer to the papers on file with the Court, which may be inspected at the Office of the Clerk of Court, United States District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, during normal business hours. You may also get additional information by calling or writing to Lead Class Counsel listed in Question 13 above, or by visiting www.ZetiaAntitrustLitigation.com, or by writing to the Notice Administrator, RG/2 Claims Administion, at the following address:

14

      RG/2 Claims Administration
      P.O. Box 59479
      Philadelphia, PA 19102-9479

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: _____, 2019        BY THE COURT

                                                _____
                                                Hon. Rebecca Beach Smith
                                                United States District Judge