# Exhibit 7

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.   212.752.5455   FACSIMILE 917.463.7100   www.hbsslaw.com



ATTORNEYS AT LAW
HAGENS BERMAN SOBOL SHAPIRO LLP
55 CAMBRIDGE PARKWAY, SUITE 301
CAMBRIDGE, MA 02142
www.hbsslaw.com

# HAGENS BERMAN SOBOL SHAPIRO LLP – BOSTON OFFICE

## THE CASES

HBSS aggressively pursues pharmaceutical pricing litigation, helping lead the litigation fight for more affordable prescription drugs and for a more responsible pharmaceutical and medical device industry. HBSS works with consumers, for-profit and not-for-profit health insurers, consumer organizations, state Attorneys General, third-party payers, drug wholesalers and retailers, and other purchasers. Our pursuit of pharmaceutical manufacturer misconduct has resulted in recoveries to prescription drug purchasers well in excess of one billion dollars, and has yielded industry-wide, fundamental price changes.

### *HBSS's Recent Resolutions*

HBSS – as lead or co-lead class counsel – has brought about significant settlements in several antitrust and RICO class cases involving prescription drugs. In most cases, the plaintiffs alleged that a manufacturer of a brand name drug violated federal or state laws by either delaying its generic competitors from coming to market (thereby forcing purchasers of prescription drugs to buy the more expensive brand instead of the less expensive generic equivalent) or misrepresenting the safety and efficacy of a drug (thereby causing payers to pay more for the drug than they would have otherwise). These resolutions include:

- **$166 Million Recovery in Lidoderm Antitrust Action**

  In September 2018, the Honorable William Orrick of the Northern District of California granted final approval to a $166 million class settlement for direct purchasers of brand and generic Lidoderm. HBSS served as co-lead class counsel challenging a reverse payment agreement between Endo Pharmaceuticals and Actavis that delayed generic competition for Lidoderm for more than one year.

  *In re Lidoderm Antitrust Litigation*, N.D. Ca., MDL No. 2521

- **$72.5 Million Recovery in Solodyn Antitrust Action**

  In July 2018, the Honorable Denise J. Casper of the District of Massachusetts granted final approval to a $72.5 million class settlement for direct purchasers of brand and generic Solodyn. HBSS was co-lead class counsel in this case alleging Medicis entered into a series of reverse payment deals to delay entry of generic Solodyn and used the period of delay to effectuate a product hop, all resulting in overcharges by direct purchasers. The case settled three days before trial.

  *In re Solodyn Antitrust Litigation*, D. Mass., MDL No. 2503

May 2019

- **$94 Million Recovery in Celebrex Antitrust Litigation**

  In April 2018, the Honorable Arenda Wright Allen of the Eastern District of Virginia granted final approval to a $94 million class settlement for direct purchasers of brand and generic Celebrex. HBSS was sole lead counsel in this case that alleged Pfizer obtained reissuance of a patent that provided an additional eighteen months of patent protection for Celebrex by making misrepresentations and omissions to the Patent and Trademark Office; Pfizer then asserted that bogus patent to delay generics from coming to market, in violation of federal antitrust law. The case settled mere weeks before trial.

  *American Sales Co. LLC v. Pfizer, Inc.*, E.D. Va. (Norfolk Division) 14-cv-00361

- **$146 Million Recovery in Aggrenox Antitrust Litigation**

  In December 2017, the Honorable Stefan Underhill of the District of Connecticut granted final approval to a $146 million class settlement for direct purchasers of brand and generic Aggrenox. HBSS served on the three-member Executive Committee on behalf of the direct purchaser class in this case alleging that brand manufacturer entered into an unlawful reverse-payment agreement with generic manufacturer Teva in order to delay market availability of generic formulations of Aggrenox.

  *In re Aggrenox Antitrust Litigation*, D. Conn., MDL No. 2516

- **$15 Million Settlement of Antitrust Action Involving Asacol**

  In December 2017, the Honorable Denise Casper of the District of Massachusetts granted final approval to a $15 million settlement on behalf of direct purchasers of Asacol. HBSS served as one member of an Executive Committee in this product hopping case against brand manufacturer Allergan plc and its predecessor Warner Chilcott alleging Warner Chilcott made minor, immaterial changes to its Asacol formulation, *e.g.,* changing the dosage amount from 400mg to 800mg, and later changing the dosage form from tablet to capsule, for the sole purpose of preventing generic manufacturers from obtaining FDA approval for a generic product that could be automatically substituted for Asacol.

  *In re Asacol Antitrust Litigation*, D. Mass. 15-cv-12730

- **$189 Million Bankruptcy Resolution for contaminated MPA made by New England Compounding Company**

  In May 2015, the Honorable Henry J. Boroff of the United States Bankruptcy Court for the District of Massachusetts confirmed a Chapter 11 plan for NECC that included tort settlements totaling more than $189 million in contributions from NECC's owners, affiliate companies, vendors, and their insurers, as well as several independent clinics, hospitals, doctor's offices, and their respective insurers for having administered the contaminated injections compounded by NECC. HBSS served as court-appointed lead counsel in the MDL.

  *In re New England Compounding Pharmacy, Inc.*, D. Mass., MDL No. 2419.; *In re New England Compounding Pharmacy, Inc. (Chapter 11)*, Bankr. D. Mass., 12-br-19882-HJB

2

- **$98 Million Recovery in Antitrust Action Concerning Prograf**

  In May 2015, the Honorable Rya Zobel of the District of Massachusetts approved a $98 million class settlement for direct purchasers in the Prograf antitrust MDL. The direct purchaser class plaintiffs alleged Astellas submitted a sham petition to the FDA to delay approval of generic versions of the immunosuppressant Prograf.

  *In re Prograf Antitrust Litigation*, D. Mass., MDL No. 2242

- **$325 Million Proposed Recovery for Third Party Payers for Neurontin Marketing Fraud**

  In November 2014, the Honorable Patti Saris of the District of Massachusetts approved a $325 million classwide settlement for third party payers alleging Parke Davis, a subsidiary of Pfizer, engaged in widespread and fraudulent off-label marketing, misleading the health care community into believing that Neurontin was effective for a variety of uses for which it was not approved. HBSS served as liaison counsel and a member of the Plaintiffs' Steering Committee. The class settlement followed a $142 million verdict in related litigation on behalf of Kaiser, where HBSS served as trial counsel.

  *In re Neurontin Marketing, Sales Practices, and Products Liability Litigation*, D. Mass., MDL No. 1629

- **$73 Million Recovery in Antitrust Action Concerning Skelaxin**

  In September 2014, the Honorable Curtis Collier of the Eastern District of Tennessee approved a $73 million settlement on behalf of a class of direct purchasers of Skelaxin. HBSS served as court-appointed sole lead class counsel for the direct purchaser class.

  *In re Skelaxin (Metaxalone) Antitrust Litigation*, E.D. Tenn., Civil Action No. 12-md-2343

- **$150 Million Recovery in Antitrust Action Concerning Flonase**

  In June 2013, the Honorable Anita Brody of the Eastern District of Pennsylvania approved a $150 million settlement on behalf of direct purchasers who bought the nasal spray Flonase from the defendant, GlaxoSmithKline. The plaintiffs alleged that GSK submitted a sham citizen petition to the FDA that, intentionally and actually, delayed the approval of generic versions of Flonase. HBSS served as court appointed co-lead class counsel for the direct purchaser class.

  *In re Flonase Antitrust Litigation*, E.D. Pa., Civil Action No. 08-cv-3149

- **$21.5 Million Recovery in Antitrust Action Concerning Wellbutrin SR**

  In June 2013, the Honorable Lawrence Stengel of the Eastern District of Pennsylvania approved a $21.5 million settlement on behalf of end payers who bought the antidepressant Wellbutrin SR from defendant GlaxoSmithKline. The plaintiffs alleged Glaxo unlawfully

extended its monopoly over the market for Wellbutrin SR by filing baseless patent infringement suits against multiple generic manufacturers legitimately seeking to market less expensive versions of these drugs.  HBSS served as court appointed co-lead class counsel for the end payer class.

*In re Wellbutrin SR Antitrust Litigation*, E.D. Pa., Civil Action No. 04-cv-5898


- **$37.5 Million Partial Settlement in Antitrust Action Concerning Wellbutrin XL**

In November 2012, Judge Mary McLaughlin of the Eastern District of Pennsylvania approved a $37.5 million settlement with defendant Biovail on behalf of direct purchasers who bought the antidepressant Wellbutrin XL from defendant GlaxoSmithKline. HBSS served as court appointed co-lead class counsel for the direct purchaser class.

*In re Wellbutrin XL Antitrust Litigation*, E.D. Pa., Civil Action No. 08-cv-02431


- **$41.5 Million Settlement for Consumers and TPPs for Vytorin/Zetia Fraud**

In February 2010, the Honorable Dennis M. Cavanaugh of the District of New Jersey granted final approval of a $41.5 million settlement on behalf of consumers and third party payers who alleged Merck & Co. and Schering-Plough Corporation suppressed critical information about the safety and efficacy of the brand name drugs Vytorin and Zetia and caused consumers and third party payers to pay for unnecessary prescriptions of these expensive drugs.

*In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, D.N.J., MDL No. 193


- **$25 Million for the State of Connecticut for Zyprexa Fraud**

In October 2009, the Honorable Jack B. Weinstein of the Eastern District of New York entered an Order for Entry of Final Judgment in *State of Connecticut v. Eli Lilly and Co.*, approving the $25 million settlement reached by the parties to conclude the State's Zyprexa litigation. HBSS served as outside counsel to Attorney General Richard Blumenthal in the litigation that alleged Lilly engaged in unlawful off-label promotion of the atypical antipsychotic Zyprexa and made significant misrepresentations about Zyprexa's safety and efficacy, resulting in millions of dollars in excess pharmaceutical costs borne by the State and its taxpayers.

*State of Connecticut v. Eli Lilly & Co.*, E.D.N.Y., Civil Action No. 08-cv-955-JBW


- **$65.7 Million Recovery in Antitrust Action Concerning Tricor**

In October 2009, Chief Judge Sue Robinson of the District of Delaware approved a $65.7 million recovery for consumers and third party payers who sued Abbott Laboratories and Fournier Industries in an antitrust action concerning the cholesterol drug Tricor. The plaintiffs alleged Abbott and Fournier manipulated the statutory framework regulating the

May 2019

market for pharmaceuticals by instituting baseless patent litigation against generic manufacturers and switching of dosage strengths and forms, resulting in delayed entry of generics and thus lower prices into the market. HBSS served as court appointed co-lead class counsel.

*In re Tricor Indirect Purchaser Antitrust Litigation*, D. Del., Civil Action No. 05-cv-360

- **$80 Million Settlement in TPP Action Concerning Vioxx**

HBSS served as court appointed lead counsel for third party payers in the Vioxx MDL, alleging Merck and Company, Inc. launched misleading marketing campaigns for the drug, misleading physicians, consumers, and health benefit providers it touting Vioxx as a superior product to other non-steroidal anti-inflammatory drugs when the drug had no appreciable differences from less expensive medications but did have an increased risk of causing cardiovascular events. HBSS negotiated a $65 million non-class settlement, entered into on September 14, 2009, between Merck and scores of individually represented third party payers, along with a $15 million fund for payment of common benefit fees.

*In re Vioxx Products Liability Litigation*, E.D. La., MDL No. 1657

- **$350 Million for Consumers and Third Party Payers in RICO Action Against McKesson**

In August 2009, the Honorable Patti B. Saris of the District of Massachusetts approved a $350 million nationwide settlement with McKesson Corporation on behalf of consumers and health plans for McKesson's role in misreporting the average wholesale price of prescription drugs. HBSS served as lead class counsel.

*New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, D. Mass., Civil Action No. 05-cv-11148-PBS

- **$142 Million Civil RICO Jury Verdict in Massachusetts Over Neurontin**

In March 2009, following a four-and-a-half week trial and two days of deliberations, a jury in the United States District Court for Massachusetts returned a $142 million RICO verdict against Pfizer, Warner Lambert, and Parke Davis in a suit related to Pfizer's fraudulent and unlawful promotion of the drug Neurontin. HBSS served as co-lead trial counsel for Plaintiffs Kaiser Foundation Health Plans and Kaiser Foundation Hospitals.

*Kaiser Foundation Health Plan, et al v. Pfizer, Inc., et al*, D.Mass., Civil Action No. 04-cv-10739 (PBS)

- **The Major First Databank Price Rollback**

On September 4, 2009, the First Circuit Court of Appeals affirmed a settlement between plaintiff health benefit plans and consumers in a class action against defendants First DataBank, Inc. ("FDB") and Medi-Span, two leading drug pricing publishers, that resulted in

a rollback of benchmark prices of some of the most common prescription medications and is saving consumers and other purchasers hundreds of millions of dollars. The settlement stems from a 2005 class action lawsuit brought on behalf of health benefit plans and consumers against FDB and McKesson Corporation, a large pharmaceutical wholesaler. Plaintiffs claimed that beginning in 2001, FDB and McKesson secretly agreed to raise the markup between the Wholesale Acquisition Cost ("WAC") and the Average Wholesale Price ("AWP") from 20 to 25 percent for more than 400 drugs, resulting in higher profits for retail pharmacies at the expense of consumers and payers. HBSS served as court appointed lead class counsel.

On June 6, 2007, the Honorable Patti B. Saris preliminarily approved a settlement between the parties whereby FDB agreed to roll back pricing by five basis points, from 1.25 to 1.20, on the drugs included in the lawsuit as well as hundreds of other drugs, which should create cost-savings on a much broader range of prescription medications. Associations representing pharmacies and pharmacy benefit managers fought the proposed rollback before federal trial and appellate courts, claiming either that small pharmacies would be put out of business through implementation of the rollback or that the savings to health plans and consumers would not be enough to justify the settlement. The courts rejected these claims and the First Circuit Court of Appeals affirmed the settlement.

*New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, D. Mass., Civil Action No. 05-cv-11148-PBS; *District Council 37 Health and Security Plan et al v. Medi-Span*, D. Mass., Civil Action No. 07-cv-10988-PBS

- **Over $250 Million in Settlements with Several Drug Companies for Artificially Inflating AWP**

  In 2007, the Honorable Patti Saris of the District of Massachusetts presided over a six week trial that culminated in class settlements with individual defendants of $125 million, $75 million, $22.5 million, and $12 million. HBSS served as liaison counsel and co-lead counsel in this litigation alleging systemic abuse through artificial inflation of the so-called "average wholesale price" or "AWP" that is used as a benchmark for almost all prescription drug sales in the United States.

  *In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, D.Mass., MDL No. 1456

- **$75 Million Recovery in Antitrust Action Concerning Relafen**

  In 2005, the Honorable William Young of the District of Massachusetts approved a $75 million settlement on behalf of a class of drug end-payers of the painkiller Relafen. Mr. Sobol was court-appointed liaison counsel, spearheading litigation against GlaxoSmithKline Corporation and its predecessors on allegations that GSK fraudulently obtained a patent to prevent a generic version of Relafen from coming to market.

  *In re Relafen Antitrust Litigation,* D. Mass., Master File No. 01-12239-WGY

May 2019

- **$150 Million Settlement for Consumers and TPPs for Purchases of Lupron**

  In December 2004, HBSS announced a proposed resolution on behalf of consumers and third-party payers of Lupron in late 2004, in the amount of $150 million. The litigation alleged widespread fraudulent marketing and sales practices against TAP Pharmaceuticals, a joint venture between Abbott Laboratories and Takeda Pharmaceuticals, Inc., and followed TAP's agreement to pay $875 million in combined criminal and civil penalties regarding marketing and sales practices for the prostate cancer drug Lupron. HBSS served as court appointed co-lead and liaison counsel.

  *In Re: Lupron Marketing and Sales Practices Litigation,* D. Mass., MDL No. 1430

- **$150 Million Recovery in Antitrust Action Concerning Paxil**

  In 2004, HBSS served as co-lead counsel in the $150 million resolution of claims on behalf of direct purchasers of the "blockbuster" selective serotonin reuptake inhibitor Paxil, manufactured by GlaxoSmithKline. The suit alleged that Glaxo engaged in sham litigation with respect to certain patents in an effort to delay competition from the entry of a generic form of the drug.

  *In re Paxil Direct Purchaser Litigation,* E.D. Pa., Civil Action No. 03-4578

- **$29 Million Settlement Against GSK for Antibiotic Augmentin**

  In 2004, HBSS announced a proposed settlement of $29 million on behalf of consumers and other payers of the broad spectrum antibiotic Augmentin. HBSS served as court appointed co-lead counsel in this antitrust litigation against GlaxoSmithKline Corporation and its predecessors alleging that GSK engaged in a pattern and practice of sham litigation and fraudulent procurement of a patent relating to Augmentin.

  *In Re: Augmentin Antitrust Litigation,* D.E.Va., Civil Action No. 2:02-cv-442

- **$24 Million Recovery in Fraud Action Concerning Serostim**

  In 2004, HBSS announced a $24 million settlement, negotiated by HBSS, that reimbursed a class of consumers and third party payers, including self-insured employers, health and welfare plans, and insurance companies, for part or all of their purchases of the AIDS drug Serostim. The underlying litigation alleged that Serono, Inc., a global biotechnology company, implemented a scheme to substantially increase the sales of Serostim by duping patients diagnosed with HIV into believing they were suffering from AIDS-wasting and required use of the drug.  HBSS served as court appointed co-lead class counsel.

  *Government Employees Hospital Association v. Serono,* D. Mass., Civil Action No. 05-cv-11953

May 2019

*Examples of Current Matters*

The following limited examples show existing antitrust and other pharmaceutical matters in which HBSS currently play lead roles:

- **Ranbaxy ANDA Fraud and Antitrust Litigation**

  HBSS is counsel for plaintiffs Meijer, Inc. and Meijer Distribution, Inc. and has recently been appointed co-lead counsel for the proposed direct purchaser class action. The complaint alleges that Ranbaxy, one of the largest generic drug makers in the world, misled the FDA wrongfully obtained tentative FDA approval for at least two products, locking in very valuable regulatory exclusivities, and delaying the availability of safe, affordable medications. In September 2016, the Honorable M. Page Kelley recommended that defendants' motion to dismiss be denied and the district court adopted her recommendation (over the defendant's objection). The defendants' petition for interlocutory appeal has been pending for some time and discovery is currently stayed.

  *Meijer, Inc. v. Ranbaxy Inc.*, D. Mass., 15-cv-11828

- **Avandia Marketing, Sales Practices and Products Liability Litigation**

  HBSS serves as co-lead class counsel in this third party payor MDL in Philadelphia before the Honorable Cynthia Rufe. The plaintiffs allege that GlaxoSmithKline deliberately concealed the significant health and safety risk of the antidiabetic drug Avandia, allowing GSK to build Avandia into a blockbuster success, and that but for GSK's fraudulent marketing efforts, third party payors would have paid for far less expensive diabetes drugs and for far fewer prescriptions of Avandia. The plaintiffs have appealed the district court's December 2017 dismissal of the litigation. They have also appealed, two district court orders maintaining large portions of the summary judgment record under seal, arguing these records must be unsealed under the First Amendment and common law rights of access.

  *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, E.D. Pa., MDL No. 1871

- **Niaspan Antitrust Litigation**

  HBSS serves as court appointed co-lead class counsel in this direct purchaser antitrust MDL in Philadelphia. The plaintiffs allege AbbVie and Teva (and their predecessors) violated federal antitrust laws by entering into an unlawful reverse payment agreement to keep generic Niaspan off the market for up to eight years. The parties are engaged in expert discovery.

  *In re Niaspan Antitrust Litigation*, E.D. Pa., MDL No. 2460

May 2019

- **Suboxone Antitrust Litigation**

  HBSS serves as one of three co-leads in this direct purchaser antitrust case against Reckitt-Benckiser, alleging the company violated federal antitrust laws through a variety of efforts that purposefully and successfully delayed generic competition for Suboxone. The parties are engaged in expert discovery.

  *In re Suboxone Antitrust Litigation*, E.D. Pa., MDL No. 2445

- **Effexor Antitrust Litigation**

  HBSS serves as co-lead counsel in this action against drug manufacturer Wyeth and generic manufacturer Teva alleging the defendants delayed market entry of generic versions of Effexor XR through the fraudulent procurement of patents for Effexor XR, the listing of those patents in the FDA Orange Book, and entering into reverse payment settlements with generic manufacturers. Initially dismissed in part, the case was reinstated following a Third Circuit reversal and discovery is now underway.

  *In re Effexor Antitrust Litigation,* D.N.J., 11-cv-5479

- **Lipitor Antitrust Litigation**

  HBSS serves as co-lead counsel in this action alleging drug manufacturer Pfizer delayed market entry of generic versions of the cholesterol drug Lipitor by fraudulently procuring a follow-on patent for Lipitor and listing that patent in the FDA Orange Book, and entering into reverse payment settlements with generic manufacturers.  Initially dismissed, the case was reinstated following a Third Circuit reversal and discovery is now underway.

  *In re Lipitor Antitrust Litigation,* D. N.J., MDL No. 2332

- **Loestrin Antitrust Litigation**

  HBSS serves as co-lead class counsel in this direct purchaser case pending in the District of Rhode Island alleging delayed generic entry of the prescription oral contraceptive Loestrin 24 due to fraud on the Patent Office, sham litigation, product hopping, and a reverse payment that took the form of Warner Chilcott's promise not to launch an authorized generic. Initially dismissed, the First Circuit reversed, the amended complaint survived a second motion to dismiss, discovery is ongoing, and trial is set for 2019.

  *In re Loestrin Antitrust Litigation,* D. R.I., 13-md-2472

- **Intuniv Antitrust Litigation**

  HBSS serves as interim lead counsel in this direct purchaser action pending before the Honorable Allison Burroughs in the District of Massachusetts. The plaintiffs allege that brand drug-maker Shire paid its would-be generic competitor, Actavis, to delay launching a generic version of Shire's ADHD drug Intuniv by up to 19 months by promising that Actavis's

product would not face authorized generic competition during its first 180 days in the market. The court denied the Rule 12(b)(6) motion and trial is set for early 2020.

*FWK Holdings LLC v. Shire,* D. Mass., No. 16-cv-12653

- **Generic Pharmaceutical Pricing Antitrust Litigation**

  HBSS is counsel for a proposed class of direct purchasers against the manufacturers of over twenty common generic drugs, alleging that the manufacturers entered into price-fixing and/or market allocation agreements in violation of federal antitrust law. Motions to dismiss are currently pending but the court has allowed discovery to commence.

  *In re Generic Pharmaceutical Pricing Antitrust Litigation*, E.D. Pa. MDL No. 2724

- **Actos Antitrust Litigation**

  HBSS has been appointed as co-lead counsel for the proposed class of direct purchasers of the diabetes drug Actos and Actosplus met. The plaintiffs allege that Takeda Pharmaceuticals sought to extend the exclusivity beyond the life of its patent protection by adding unenforceable method-of-use patents, suing potential generic competitors, and then settling each case with pay-for-delay deals that delayed generic entry by more than a year. The court has the defendants' Rule 12(b)(6) motion is under advisement.

  *In re Actos Direct Purchaser Litigation*, S.D.N.Y., 1:15-cv-3278-RA

- **Insulin Pricing Litigation**

  HBSS serves as court-appointed lead counsel in this consumer class case pending before the Honorable Judge Brian R. Martinotti. This lawsuit alleges that Eli Lilly, Novo Nordisk, and Sanofi-Aventis fraudulently inflated their publicly reported list prices for analog insulin while secretly maintaining their net prices constant. This pricing fraud harms consumers who pay based on the drug manufacturers' artificially inflated list prices. In February 2019, the Court ruled that the consumers' state law claims could proceed. The plaintiffs amended their complaint in March 2019 to add new class representatives and await the defendants' second Rule 12(b)(6) motion.

  *In re Insulin Pricing*, D.N.J., No. 17-cv-00699

- **Restasis Antitrust Litigation**

  HBSS serves as co-lead counsel in this direct purchaser action pending before the Honorable Judge Nina Gershon alleging that the brand drug maker Allergan, Inc. delayed generic competition for Restasis through a multi-faceted anticompetitive scheme involving obtaining sham patents, sham litigation, fraudulent citizen petitions to the FDA, and the transfer of all six of its sham patents to a Native American Tribe in an attempt to keep the Patent and Trademark Office from invalidating them through the *Inter Partes* review system. The court

May 2019

denied Allergan's motion to dismiss and the case is currently in discovery.

*In re Restasis Antitrust Litigation*, E.D.N.Y., MDL No. 2819

- **Zetia Antitrust Litigation**

  HBSS serves as interim lead counsel in this direct purchaser action pending before Chief Judge Rebecca Beach Smith alleging that Merck unlawfully delayed generic competition for the cholesterol drug Zetia by seeking invalid patents, engaging in sham litigation, and paying Glenmark, a potential generic competitor, to delay its entry. The defendants' recent motion to compel arbitration was met with a report and recommendation by the Magistrate Judge to deny it. Discovery is underway in the litigation.

  *In re Zetia (Ezetimibe) Antitrust Litigation*, E.D. Va., MDL No. 2836

# THE LAWYERS

## Thomas M. Sobol

Thomas M. Sobol has been the Managing Partner of Hagens Berman Sobol Shapiro's Boston office since 2002. He has almost thirty-five years of experience in complex civil litigation. His practice focuses on pharmaceutical and medical device litigation for consumer classes, large and small health plans, institutional payers, individuals, and state governments.

Mr. Sobol aggressively pursues pharmaceutical pricing actions, helping lead the litigation fight for more affordable prescription drugs and for a more responsible pharmaceutical and medical device industry. He works with consumers, for-profit and not-for-profit health insurers, consumer organizations, state Attorneys General, third-party payers, drug wholesalers and retailers, and other purchasers. Mr. Sobol currently leads drug pricing litigation efforts against numerous pharmaceutical and medical device companies to remedy overcharges to companies, health plans, and consumers that pay for brand name and generic drugs and defective medical devices. In recent years, Mr. Sobol has been a lead negotiator in court-approved pharmaceutical settlements totaling well over one billion dollars. He currently is one of the court-appointed lead counsel in numerous matters, including *In re Restasis Antitrust Litigation, In re Zetia (Ezetimibe) Antitrust Litigation, In re Niaspan Antitrust Litigation*, *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation*, *In re Loestrin 24 Fe Antitrust Litigation*, *In re Effexor Antitrust Litigation,* and *In re Lipitor Antitrust Litigation.* Mr. Sobol is also contributing to MDL No. 2804: *National Prescription Opiate Litigation*, with heavy involvement in all aspects of bellwether trials.

In addition, Mr. Sobol formally served as lead counsel to the Prescription Access Litigation (PAL) project, the largest coalition of health care advocacy groups that are joined together to fight illegal, loophole-based overpricing by pharmaceutical companies.  PAL had approximately 100 organizational members in more than 30 states.

In the 1990s, Mr. Sobol served as Special Assistant Attorney General for the Commonwealth of Massachusetts and the states of New Hampshire and Rhode Island, and served as one of the private counsel for Massachusetts and New Hampshire in groundbreaking litigation against the tobacco industry.  These cases led to significant injunctive relief and to monetary recovery in excess of $10 billion to those states.  Mr. Sobol practiced at the Boston firm of Brown Rudnick for about seventeen years, where he was a litigation partner for a decade.

Mr. Sobol served as judicial clerk for Chief Justice Allan M. Hale of the Massachusetts Appeals Court from 1983 to 1984.

Mr. Sobol is a member of the bar of Massachusetts and has been appointed pro hac vice in numerous federal courts across the country.  He graduated *summa cum laude* from Clark University in Worcester, Massachusetts in 1980 and was elected to Phi Beta Kappa in 1979.  Mr. Sobol graduated *cum laude* from Boston University School of Law in 1983.

**David S. Nalven**

David Nalven has been a partner in Hagens Berman Sobol Shapiro LLP's Boston office since 2004. His practice focuses on prosecution of federal and multi-state class actions involving the pharmaceutical and medical device industries.

Mr. Nalven has extensive experience in the prosecution of antitrust, fraudulent marketing, and unfair pricing claims against manufacturers of pharmaceutical products and medical devices, representing prescription drug wholesalers and retailers, health insurers, and consumers in these matters. Mr. Nalven has served in leadership roles in nationwide antitrust class actions against the manufacturers of Ovcon 35, Tricor, Wellbutrin XL, Prograf, Nexium, Lidoderm, Aggrenox, and others. Mr. Nalven also has prosecuted fraudulent marketing class actions against the manufacturers of OxyContin, Serostim, Nexium, Actimmune, and Zyprexa, as well as substantial matters against medical device manufacturers DePuy Spine, Inc. and Becton Dickinson. Mr. Nalven also has worked extensively on the nationwide Average Wholesale Price Litigation and the ongoing Generic Pharmaceuticals Pricing Antitrust Litigation.

Prior to joining the firm, Mr. Nalven served as Chief of the Business and Labor Protection Bureau in the Massachusetts Attorney General's Office, where he oversaw a staff of more than 100 on all cases and initiatives involving healthcare fraud, insurance fraud, workplace offenses, and other civil and criminal business matters. Mr. Nalven also advised the Attorney General on securities litigation matters and served as liaison between the AG's Office and the Commonwealth's Pension Reserve Investment Management Board.

Mr. Nalven graduated *magna cum laude* from University of Pennsylvania in 1980 with a degree in English, and from New York University School of Law in 1985. After law school, Mr. Nalven served as a law clerk to the Hon. John R. Gibson of the United States Court of Appeals for the Eighth Circuit. Mr. Nalven is admitted to practice in Massachusetts and New York.

**Lauren Guth Barnes**

Lauren Guth Barnes is a partner in Hagens Berman Sobol Shapiro's Boston office, where she has worked since 2003. Her practice focuses on antitrust, consumer protection, and RICO litigation against drug and medical device manufacturers, in complex class actions and personal injury cases for consumers, large and small health plans, direct purchasers, and state governments.

Although active in a number of cases, Ms. Barnes is currently interim co-lead class counsel for direct purchasers in *In re Intuniv Antitrust Litigation*. She recently served as co-lead class counsel in MDL No. 2503: *In re. Solodyn Antitrust Litigation,* which settled three days before trial in early 2018, and helped bring about successful resolutions in the last several years in *In re Asacol Antitrust Litigation* and *In re Skelaxin Antitrust Litigation*. In addition to her antitrust work, she has represented health benefit providers in the firm's Ketek and Zyprexa class action litigation and individuals harmed by pharmaceuticals and medical products. Ms. Barnes helped lead her firm's work on behalf of the Connecticut Attorney General's office in *State of Connecticut v. Eli Lilly and Co*. Zyprexa litigation, resulting in a $25 million settlement for the

State. She also worked as *pro bono* counsel in a successful constitutional challenge to the Commonwealth of Massachusetts' exclusion of legal immigrants from the state's universal healthcare program.

Ms. Barnes has been active in the fight against federal preemption of consumer rights and forced arbitration, working to ensure consumers maintain an ability to seek remedies when companies violate the law. She co-authored an *amicus* brief to the Supreme Court in *Pliva v. Mensing* on federal preemption and in 2015, Ms. Barnes authored "How Mandatory Arbitration Agreements and Class Action Waivers Undermine Consumer Rights and Why We Need Congress to Act," published in the Harvard Law and Policy Review.

Ms. Barnes is active in the American Association for Justice (AAJ), where she serves on the Board of Governors, is a past chair of the Women Trial Lawyers Caucus, Class Action Litigation Group, and Antitrust Litigation Group, and is a chair or member of several other committees. She serves on the Executive Committee and Board of Governors of the Massachusetts Academy of Trial Attorneys and is co-chair of that organization's Women's Caucus. In 2014, Ms. Barnes joined the Board of Directors of On The Rise, a Cambridge-based nonprofit providing safety, community, and advocacy for homeless women and women in crisis. In 2018, Ms. Barnes joined the Board of Directors of Public Justice, a national nonprofit legal advocacy organization combating social and economic injustice and challenging predatory corporate conduct and government abuses.

Ms. Barnes was honored with AAJ's Marie Lambert Award in 2018, given to a female attorney "in recognition of her exemplary leadership to the profession, to her community, to AAJ, and to the Women Trial Lawyers Caucus." She received a 2014 Boston Rising Star award by The National Law Journal, recognizing the top 40 lawyers under 40 years of age in Massachusetts and Connecticut, and a 2013 Excellence in the Law Up & Coming Lawyer award by the Massachusetts Bar Association and Mass Lawyers Weekly.

Ms. Barnes graduated *cum laude* from Williams College in 1998 with a Bachelor of Arts degree in International Relations. She earned her law degree *cum laude* from Boston College Law School in 2005, where she served as Articles Editor for the Boston College Law Review. She is admitted to practice law in the Commonwealth of Massachusetts, District of Massachusetts, Second and Eleventh Circuit Courts of Appeals, and the United States Supreme Court.

**Kristen A. Johnson**

Kristen A. Johnson is a partner in Hagens Berman Sobol Shapiro LLP's Boston office. She combats waste, fraud, and abuse in the healthcare industry. Ms. Johnson enjoys trying cases, writing briefs, and working closely with experts; she focuses on explaining complex cases and technical issues in simple and persuasive terms.

Ms. Johnson was instrumental in the $350 million settlement on behalf of third party payers in the Neurontin marketing litigation, as well as the Celebrex ($94 million), Prograf ($98 million), and Flonase ($150 million) antitrust settlements.

May 2019

Ms. Johnson is currently court appointed lead counsel in *In re Restasis Antitrust Litigation* and *In re Zetia Antitrust Litigation*. She was court appointed alternate lead counsel in the *In re New England Compounding Pharmacy Litigation Multidistrict Litigation* (D. Mass., MDL 2419). During the nascent stages of the MDL, Ms. Johnson was personally appointed liaison counsel to speak for the at least 751 victims who contracted fungal meningitis or suffered other serious health problems as a result of receiving contaminated products produced by NECC. A proposed Chapter 11 Plan of reorganization includes estimated contributions of about $200 million which, after fees and expenses, will benefit tort victims.

Ms. Johnson was one of four attorneys who presented or cross examined witnesses for the plaintiffs during the 2014 *Nexium Antitrust* trial.

In 2014, the National Law Journal honored Ms. Johnson as one of the 40 lawyers under 40 in Boston. In 2011, Public Justice nominated Ms. Johnson and the rest of her trial team for Trial Lawyer of the Year for their work securing a $142 million RICO verdict against Pfizer for fraudulently marketing the drug Neurontin.

Ms. Johnson graduated *cum laude* from Dartmouth College and earned her J.D. at Boston College Law School. Ms. Johnson is admitted to practice in the Commonwealth of Massachusetts, the District of Massachusetts, and the First Circuit Court of Appeals.  She is a member of the American Association for Justice and Public Justice's Class Action Preservation Project Committee.


**Edward Notargiacomo**

Edward Notargiacomo is Of Counsel at Hagens Berman Sobol Shapiro LLP, where he has worked since 2002. He joined the firm's Boston office to focus on complex consumer, commercial and antitrust litigation. Mr. Notargiacomo is involved in a number of large class-action suits against large pharmaceutical manufacturers in both the consumer protection and antitrust areas.

Mr. Notargiacomo's extensive experience in complex cases also includes consumer class actions against predatory lenders and employment litigation against a major retail chain, as well as intense involvement in high-profile impact litigation against cigarette manufacturers and the firearms industry.

Mr. Notargiacomo's recent notable cases include *In re Relafen Antitrust Litigation* ($85 million settlement), *In re Lupron Marketing and Sales Practices Litigation* ($150 million settlement), *In re Pharmaceutical Manufacturers Average Wholesale Price Litigation* ($300 million in settlements), *In re Vytorin/Zetia Marketing, Sales Practices, and Products Liability Litigation* ($80 million settlement), *In re Flonase Antitrust Litigation* ($150 million settlement), *In re Wellbutrin Antitrust Litigation* ($21 million settlement), *In re Skelaxin Antitrust Litigation* ($73 million settlement), *In re. Neurontin Sales Practices Litigation* ($325 million settlement), *In re Aggrenox Antitrust Litigation* ($73 million settlement), and *In re Celebrex Antitrust Litigation*

($94 million settlement). He was also extensively involved in the representation of victims who received contaminated steroid injections manufactured by the New England Compounding Company in Framingham, Massachusetts and instrumental in helping negotiate and distribute settlement funds in excess of $200 million to victims of the NECC tragedy.

Before joining HBSS, Mr. Notargiacomo served as Special Assistant Attorney General for Massachusetts in its suit against the tobacco industry to recoup funds expended to treat smoking related illnesses. He also helped represent Rhode Island, New Hampshire and Maine in their suits against the tobacco industry and the city of Boston in its suit against gun manufacturers and distributors in order to force them to take responsibility for violence perpetrated with firearms that are illegally distributed in cities like Boston.

Mr. Notargiacomo received his bachelor's degree from Brown University in 1989. He earned his juris doctor with honors from Boston University in 1994 where he served on the Boston University Public Interest Law Review. He is admitted to practice in Massachusetts and in the U.S. District Court for the District of Massachusetts.


**Gregory T. Arnold**

Greg Arnold is Of Counsel at Hagens Berman Sobol Shapiro LLP, where he has worked since 2010. His practice focuses on the prosecution of large-scale, nationwide class actions, primarily against the pharmaceutical industry. Mr. Arnold also works on behalf of large health care providers, facilitating resolution of recoveries from tortfeasors associated with payments the providers make as a result of the harm caused by the tortfeasors.

Mr. Arnold's current work includes the following Direct Purchaser Class Action cases: *Meijer, Inc. v. Ranbaxy Inc.*, D. Mass., 15-cv-11828; *In re Effexor XR Antitrust Litig.*, No. 3:11-cv-05479 (D.N.J.); *In re Lipitor Antitrust Litig.*, MDL No. 2332 (D.N.J); *In re Lidoderm Antitrust Litig.*, 14-md-2521 (N.D. Cal.); and *In re Loestrin 24 FE Antitrust Litig.*, 13-md-2472 (D.R.I.).

Mr. Arnold's extensive experience in large-scale consumer-oriented cases goes back more than 20 years. He has represented a variety of states, including the Commonwealth of Massachusetts, in their cases against the tobacco industry. He led efforts on behalf of three law firms protecting the interests of more than 25,000 asbestos sufferers, resulting in the denial of the debtors' proposed plan of reorganization and a substantial payment to the claimants.

Prior bankruptcy experience included representing an Ad Hoc Committee of Trade Creditors in the *In re WorldCom* matter, resulting in a near 50% increase in the clients' recovery. Mr. Arnold has successfully represented large groups of investors in litigations brought against offshore hedge funds, pursuing the recovery of hundreds of millions of dollars. He has represented national and international clients on a full range of patent litigation issues, including proceedings before the International Trade Commission. Other matters have included successful eminent domain trials, representing companies and individuals on a variety of labor and employment issues including non-compete agreements and various intellectual property matters.

Prior to joining the firm, Mr. Arnold spent more than 15 years in the litigation department of a large Boston-based law firm, including the last seven as an income partner. He graduated from Fairfield University in 1991 and the Villanova University School of Law in 1996, where he served on the Law Review.

He is admitted to practice in the Commonwealth of Massachusetts, District of Massachusetts, the First Circuit Court of Appeals, the Second Circuit Court of Appeals, and the Third Circuit Court of Appeals.


**Jessica MacAuley**

Jessica R. MacAuley is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2012. Focusing on nationwide antitrust class actions and consumer fraud, Ms. MacAuley works on complex cases challenging anticompetitive conduct by pharmaceutical manufacturers including *In re Restasis Antitrust Litigation* She was a critical part of the teams in *In re Celebrex Antitrust Litigation*, resolved on the eve of trial for $94 million for the class, and *In re Prograf Antitrust Litigation*, resolved on the eve of trial for $98 million for the class of direct purchasers.

Ms. MacAuley graduated *cum laude* from Northeastern University in 2005 and the Pennsylvania State University, Dickinson School of Law in 2012 where she served as editor of the *Penn State International Law Review*. During law school, she was a certified legal intern for the Rural Economic Development Clinic, advising clients on Marcellus shale exploration land rights, FDA regulations for artisanal cheese makers, and formation of corporate entities for dairy farmers. She is admitted to practice in the commonwealth or Massachusetts, District Court of Massachusetts, and the Second Circuit Court of Appeals.


**Kristie A. LaSalle**

Kristie A. LaSalle is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2014. Her practice focuses primarily on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws. Currently, she represents drug purchasers in suits alleging anticompetitive pay-for-delay settlements, anticompetitive and abusive patent litigation, and violations of the Racketeer Influenced and Corrupt Organizations Act. Prior to joining the firm, Ms. LaSalle served for two years as a law clerk in the Staff Attorney's Office for the United States Court of Appeals for the Second Circuit, where she handled motions practice and appeals of complex class action litigation.

Ms. LaSalle earned an undergraduate degree in biology from Swarthmore College, and graduated *magna cum laude* from Brooklyn Law School in 2012. While in law school, she served as Executive Articles Editor for the Journal of Law and Policy, and as a member of the Brooklyn Law School Moot Court Honors Society's national trial competition team. She was inducted into the Order of the Barristers and won the Scholarly Writing Award.

May 2019

Ms. LaSalle is admitted to practice in New York and Massachusetts, the United States District Court for the District of Massachusetts, the United States Courts of Appeal for the First and Third Circuits, the United States Tax Court, and the United States Supreme Court.


**Hannah Brennan**

Hannah W. Brennan is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2016. Her practice focuses on antitrust, consumer protection, and RICO litigation against pharmaceutical manufacturers in complex class action lawsuits. Ms. Brennan's recent notable cases include: *In re Celebrex Antitrust Litigation*, resolved on the eve of trial for $94 million; *In re Insulin Pricing Litigation*, currently pending before the District of New Jersey; *In re Restasis Antitrust Litigation*, currently in discovery before the Eastern District of New York; and *In re Avandia Marketing, Sale Practices and Products Liability Litigation*, currently pending before the Third Circuit.

Prior to joining the firm, Ms. Brennan served as a law clerk to the Honorable Judge Timothy B. Dyk of the United States Court of Appeals for the Federal Circuit and to the Honorable Chief Judge Theodore McKee of the United States Court of Appeals for the Third Circuit. Ms. Brennan also spent a year with the Global Access to Medicines Program at Public Citizen in Washington, D.C. where she held a Yale Gruber Fellowship in Global Justice and Women's Rights. At Public Citizen, she published numerous papers on the Hepatitis C drug-pricing crisis and the impact of the Trans-Pacific Trade Agreement on access to medicines.

Ms. Brennan attended Yale Law School, where she won the Charles G. Albom Prize for excellence in judicial and/or administrative appellate advocacy. During law school, she represented numerous clients, including Connecticut Students for a DREAM, as a member of the Workers' and Immigrants' Right Advocacy Clinic. Prior to law school, Mr. Brennan was awarded a Fulbright Scholarship to document labor rights abuses in the domestic housework industry in Lima, Peru. She is admitted to practice in the Commonwealth or Massachusetts, District Court of Massachusetts, First Circuit Court of Appeals, and Third Circuit Court of Appeals.


**Bradley J. Vettraino**

Bradley J. Vettraino is an associate at Hagens Berman Sobol Shapiro LLP's Boston office, where he has worked since 2018. His practice focuses on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws, including *In Re Zetia (Ezetimibe) Antitrust Litigation* and *In re Avandia Marketing, Sales Practices and Products Liability Litigation*.

Prior to joining the firm, Mr. Vettraino served as an associate at a nationwide class action firm prosecuting securities, merger and acquisition, and consumer class actions on behalf of both individuals and large public pension funds. Mr. Vettraino also has experience prosecuting toxic tort and complex products liability cases.

May 2019

Mr. Vettraino graduated from Washington University School of Law in 2013 and was awarded the Dan Carter-Earl Tedrow Memorial Award, as the graduate who most embodied the aims of the legal profession. While in law school, Mr. Vettraino served as an Executive Board member and Primary Editor of the Global Studies Law Review. Mr. Vettraino graduated from Metropolitan State University of Denver in 2009 with a Bachelor's degree in history.

Mr. Vettraino was named to Super Lawyers' 2018 "Rising Star" list.

Mr. Vettraino is admitted to practice in Missouri (voluntary inactive), Illinois, and the Commonwealth of Massachusetts.


**James J. Nicklaus**

Jim Nicklaus is Of Counsel at Hagens Berman Sobol Shapiro LLP's Boston office, where he has worked since 2013. His practice includes antitrust litigation against pharmaceutical manufacturers on behalf of direct purchasers of pharmaceuticals, including In re Restasis Antitrust Litigation (E.D.N.Y. MDL No. 2819), *In re Lidoderm Antitrust Litigation* (N.D. Cal. MDL No. 2521), *In re Nexium Antitrust Litigation* (D. Mass. MDL No. 2409), and *In re Celebrex Antitrust Litigation* (E.D. Va. MDL No. 2332).

Mr. Nicklaus began his legal career at a large Boston law firm, focusing on defense of securities litigation class actions on behalf of emerging technology clients. After changing firms, he broadened his practice to include patent and insurance coverage litigation.

Mr. Nicklaus graduated *cum laude* from Harvard University in 1990 and *magna cum laude* from Harvard Law School in 1993. During law school, he was a member of the Harvard Legal Aid Bureau, representing clients in divorce proceedings and child custody matters.  He is admitted to practice in the Commonwealth of Massachusetts, the District of Massachusetts, and the First Circuit Court of Appeals.


**Hannah Schwarzschild**

Hannah Schwarzschild is Of Counsel at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2014. Her practice focuses on nationwide class action litigation against pharmaceutical companies that violate antitrust, consumer protection, and anti-fraud laws.

Prior to joining Hagens Berman, Ms. Schwarzschild coordinated large-scale litigation projects in Boston and Philadelphia. Over the past 25 years, she has handled employment discrimination and consumer rights cases in federal and state courts and administrative agencies, including jury and bench trials and appeals.

Ms. Schwarzschild's undergraduate and law degrees were completed at the University of California, Berkeley (Boalt Hall), where she was elected to Phi Beta Kappa in 1985. Prior to law

school, she helped build a community performing-arts facility in San Francisco's Mission District, and was an administrator and researcher on nuclear arms control at the Ploughshares Fund. She has been working for LGBT rights and Middle East peace and justice for more than two decades. Her 1989 article on same-sex marriage and Constitutional privacy was among the first scholarly examinations of the issue in the legal literature.

Ms. Schwarzschild is admitted to practice in California (voluntary inactive) and Pennsylvania, and has litigated in numerous federal district courts and the Third Circuit Court of Appeals.

**Laura Hayes**

Laura Hayes is a staff attorney at Hagens Berman Sobol Shapiro LLP's Boston office, where she has worked since 2016. Her practice includes antitrust litigation against pharmaceutical manufacturers on behalf of direct purchasers of pharmaceuticals, including in *In re Intuniv Antitrust Litigation*, *In re Effexor Antitrust Litigation*, and *In re Loestrin Antitrust Litigation*. Ms. Hayes was also an instrumental part of the *In re Celebrex Antitrust Litigation* team that recently won a $94 million class settlement.

Prior to joining the firm, Ms. Hayes clerked for the Connecticut Superior Court, developed extensive experience in e-discovery, and worked for a boutique firm specializing in *qui tam* suits involving violations of the False Claims Act, Stark Law, and the Anti-Kickback Statute.

Ms. Hayes graduated *magna cum laude* from Boston University and from the Boston University School of Law. During law school, she was an editor for the *Journal of Science and Technology Law* and interned with the University's Office of General Counsel and with the appellate unit of the Rhode Island Public Defender. She is admitted to practice in the Commonwealth of Massachusetts and Connecticut (voluntarily inactive).