UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In re:
ZETIA (EZETIMIBE) ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:  MDL No. 2:18-md-2836
ALL DIRECT PURCHASER CASES

### ORDER

This matter is before the Court upon the Motion filed by Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC (collectively, "Merck"), for leave to file under seal portions of Merck's Response to Direct Purchaser Plaintiffs' Motion For Class Certification For Purposes of Settlement with Par Pharmaceutical, Inc., and Preliminary Approval of Proposed Settlement ("Motion to Seal"). Having considered the Motion to Seal, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Merck has moved the Court for leave to file under seal portions of Merck's Response to Direct Purchaser Plaintiffs' Motion For Class Certification For Purposes of Settlement With Par Pharmaceutical, Inc., and Preliminary Approval of Proposed Settlement ("Merck's Response"), because the Direct Purchaser Plaintiffs ("DPPs") have designated certain information referenced in Merck's Response as proprietary and confidential. Along with its Motion to Seal, Merck has filed a Memorandum in Support of the Motion to Seal, a Proposed Order to Seal these materials, and a Notice of Motion to Seal pursuant to Local Civil Rule 5.

2. This matter involves complex allegations of antitrust violations stemming from certain alleged actions of the defendants involving patents, patent practice and patent litigation.

3. The portions of Merck's Response that Merck seeks to seal contain references to (1) a declaration (the "Declaration") DPPs filed in support of their Motion for Preliminary Class Approval (page 7 of Merck's Response); and (2) information obtained from DPPs in discovery (pages 8–9 of Merck's Response), both categories of which DPPs have designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Discovery Confidentiality Order entered in this case (ECF No. 171).

4. Under the Discovery Confidentiality Order and Local Civil Rule 5, DPPs are required to file a response to support which portions of Merck's Response should be preserved under seal. Merck has filed pleadings in support of filing limited portions of the Declaration under seal that are not at issue in this Motion to Seal. (See ECF Nos. 389–90). Merck renews those arguments to avoid any claim of waiver.

## Conclusions of Law

5. Local Civil Rule 5 supports the sealing of Portions of Merck's Response to Preliminary Class Approval.

6. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000); E.D. Va. Civ. R 5(C).

7. Merck has met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231,

235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302). Short of sealing the portions of Merck's Response there are no less drastic alternatives that appropriately enable the parties to preserve the potential confidential and privileged nature of the materials and make the arguments necessary to fully brief their position.

8. The third *Ashcraft* consideration will be satisfied by the findings of fact in this Order that the Merck must file under Local Civil Rule 5(C).

9. Merck has filed sealed copies of portions of Merck's Response with the Court and has forwarded copies to the Plaintiffs. The redacted public version of Merck's Response adequately informs the public about the nature of the matters in dispute. (ECF No. 418).

10. Merck is not seeking a blanket sealing of the relevant pleadings. By only filing limited portions of Merck's Response under seal temporarily to allow interested parties to respond under Local Civil Rule 5, Merck has employed all reasonable efforts to limit the materials sealed in connection with the underlying motion in compliance with the law of this Circuit and this Court.

11. As a result, the Clerk shall maintain under seal the unredacted version of Merck's Response (ECF No. 419).

12. For the sake of consistency with practices governing the case as a whole, should the Court ultimately grant the Motion to Seal, the sealed portions of Merck's Response should remain sealed until the earlier of a further order of this Court or forty-five (45) days after the final resolution of this matter, at which point they should be returned to counsel.

Date: September 10, 2019

/s/
Douglas E. Miller
United States Magistrate Judge