UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re ZETIA (EZETIMIBE)
ANTITRUST LITIGATION

CIVIL ACTION NO. 2:18md2836

THIS DOCUMENT RELATES TO:
All cases

## REPORT AND RECOMMENDATION

This matter is before the court on the Direct Purchaser Plaintiffs' ("DPPs") Motion for Class Certification for Purposes of Settlement with Par Pharmaceutical, Inc., Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Revised Notice to the Class, Appointment of a Notice Administrator, a Stay of all Proceedings in the MDL as against Par, and Setting the Final Settlement Schedule and Date for a Fairness Hearing (the "Motion"). (ECF No. 371). For the reasons that follow, the undersigned recommends that DPPs' Motion be GRANTED as modified.

## I. Statement of the Case

This multidistrict antitrust litigation centers around an alleged unlawful "reverse payment" arising out of a patent infringement settlement between Defendants involving the cholesterol lowering medication ezetimibe and its branded version, Zetia. Under the terms of this alleged conspiracy, the brand manufacturer defendants (collectively, "Merck") allegedly agreed

not to release their own generic version of the drug in exchange for the generic manufacturer defendants' (collectively, "Glenmark") agreement to dismiss patent challenges and delay generic entry to the market.  According to the DPPs' complaint, this resulted in a period of supra-competitive prices for both the branded and generic forms of the drug.

On February 6, 2019, the undersigned prepared a report and recommendation on consolidated motions to dismiss, describing the parties, relevant regulatory background information, and Plaintiffs' specific claims and recommending that the court grant in part and deny in part the pending motions to dismiss.  (ECF No. 234.)[1]

On June 25, 2019, the court granted DPPs' motion for leave to file an amended consolidated class action complaint so as to add Par Pharmaceutical, Inc., ("Par") as a defendant in the action. (ECF No. 313.)  The amended complaint alleges that Par also conspired with Merck and Glenmark to unlawfully delay marketing of generic ezetimibe.  Par, which acted as a distributor for the generic product, is alleged to have helped fund the patent litigation underlying the dispute and agreed, along with Glenmark,

---

[1] In re Zetia (Ezetimibe) Antitrust Litig., No. 2:18-md-2836, 2019 WL 1397228, at *2-10 (E.D. Va. Feb. 6, 2018), adopted as modified, 2019 WL 3761680 (E.D. Va. Aug. 9, 2019).

to the terms of its settlement – which resulted in Glenmark dismissing its patent challenge and deferring generic competition. Shortly after filing the amended complaint, DPPs and Par reached a proposed settlement agreement, whereby DPPs would agree to dismiss their claims with prejudice against Par and seek a stay of all proceedings as against Par in the MDL in exchange for Par's promises to produce agreed-upon expedited discovery in the case and refrain from asserting any claims or counterclaims against Merck or Glenmark in connection with the subject matter of the litigation.

DPPs now move the court to certify a settlement class, appoint class counsel, preliminarily approve the proposed settlement, approve the form and manner of notice to the class,[2] appoint a notice administrator, issue a stay of all proceedings in the MDL as against Par, and set a final settlement schedule and date for a fairness hearing. Glenmark and Merck each filed objections to DPPs' Motion. (ECF Nos. 407, 418). DPPs filed a reply, (ECF No.

---

[2] The Retailer Plaintiffs ("Retailers") originally objected to DPPs' proposed notice to the class contending that the form of notice – which required holders of partially assigned claims to obtain Par's consent before opting out – violated their right to pursue their claims individually. (ECF No. 382.) DPPs submitted a revised notice eliminating the offending language, (ECF No. 421), and Retailers withdrew their objection, (ECF No. 444).

466), and the court heard oral argument on September 23, 2019, so the Motion is ripe for decision.

## II. Legal Standard

### A. Settlement Class Certification

"A settlement class, like a litigation class, must satisfy the requirements of Federal Rule of Civil Procedure 23(a)." Brown v. Transurban USA, Inc., 318 F.R.D. 560, 566 (E.D. Va. 2016). In addition, the class must fit within one of the categories of Rule 23(b).  The party seeking certification bears the burden of proof, and each requirement of Rule 23 must be established by a preponderance of the evidence.  In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008).

### 1. Rule 23(a)

Under Rule 23(a), DPPs must demonstrate (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.  Fed. R. Civ. P. 23(a).  The numerosity prong requires that the proposed class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The Fourth Circuit has held that "[n]o specified number is needed to maintain a class action."  Brady v. Thurston Motor Lines, 726 F.2d 136, 145 (4th Cir. 1984). Generally, classes consisting of forty or more members are considered sufficiently large to satisfy the impracticability requirement, In re Titanium Dioxide Antitrust Litig., 284 F.R.D. 328, 337 (D. Md. 2012), though some courts have certified classes

4

with fewer members, see, e.g., Meijer, Inc. v. Warner Chilcott Holdings Co. III., Ltd., 246 F.R.D. 293, 306 (D.D.C. 2007) (certifying a class of thirty members).

Rule 23(a)(2) requires that questions of law or fact be common to the class. "A common question is one that can be resolved for each class member in a single hearing" and does not "turn[] on a consideration of the individual circumstances of each class member." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 319 (4th Cir. 2006). The Supreme Court has stated that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51 (2011) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 157 (1982)). In the antitrust context, courts have generally held that an alleged conspiracy or monopoly is a common issue that will satisfy Rule 23(a)(2). See, e.g., Meijer, 246 F.R.D. at 300.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality and commonality requirements are similar, as "[b]oth serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected." Falcon, 457 U.S. at 157 n.13. But the typicality requirement

specifically ensures that named class representatives are appropriately part of the class and "possess the same interest[s] and suffer the same injury as the class members." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir. 1998). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so goes the claims of the class.'" Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006) (citing Broussard, 155 F.3d at 340).

The final requirement under Rule 23(a) is that the parties representing the proposed class be able to "fairly and adequately . . . protect the interests" of all members of the class. Fed. R. Civ. P. 23(a)(4). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prod., Inc., v. Windsor, 521 U.S. 591, 625 (1997) (citing Falcon, 457 U.S. at 157-58 n.13). In order for a conflict to defeat class certification, the conflict "must be more than merely speculative or hypothetical," but rather "go to the heart of the litigation." Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 430-31 (4th Cir. 2003).

## 2. Rule 23(b)

Assuming the Rule 23(a) requirements are satisfied, the proposed class must also fall within one of the categories of Rule 23(b). Here, DPPs proceed under Rule 23(b)(3), which requires findings that (1) "the questions of law or fact common to class

members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

To meet the predominance requirement, plaintiffs must show by a preponderance of the evidence that the elements of their claim can be proven by evidence common to the members of their class. See In re Hydrogen Peroxide, 552 F.3d at 311-12. Plaintiffs are not required "to prove that each 'elemen[t] of [their] claim [is] susceptible to classwide proof,'" but only that "common questions 'predominate over any questions affecting only individual [class] members.'" Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 469 (2013) (quoting Fed. R. Civ. Pro. 23(b)(3)).

The superiority requirement ensures that proceeding by class action will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences." Amchem, 521 U.S. at 615.

## B. Preliminary Approval of Settlement Agreement

Under Rule 23(e), the court must approve any proposed settlement in a class action and ensure that notice of the settlement is provided to all class members. Fed. R. Civ. P. 23(e). The court, however, may approve a proposed settlement "only

on finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

"While this inquiry rests in 'the sound discretion of the Court,' the Court has the concomitant and overriding duty to ensure the 'protection of class members whose rights may not have been given adequate consideration during the settlement negotiations.'" In re Mills Corp. Sec. Litig., 265 F.R.D. 246, 253-54 (E.D. Va. 2009) (quoting Jiffy Lube Sec. Litig., 927 F.2d 155, 158 (4th Cir. 1991)). Nonetheless, "there is a strong initial presumption that the compromise is fair and reasonable." In re MicroStrategy, Inc. Sec. Litig., 148 F. Supp. 2d 654, 663 (E.D. Va. 2001).

The Fourth Circuit has adopted a two-step analysis in gauging a proposed settlement's compliance with Rule 23(e)(2). First, district courts must evaluate the proposed settlement's fairness by considering the following: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [] class action litigation." Jiffy Lube, 927 F.2d at 159. Second, district courts must assess the proposed settlement's adequacy. The following five factors guide the court's adequacy analysis: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial;

(3) the anticipated duration and expenses of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." Id.

"Although Rule 23(e) does not delineate a procedure for court approval of settlements of class actions, the courts generally have followed a two step-procedure." Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994); see also In re Mid-Atl. Toyota Antitrust Litig., 564 F. Supp. 1379, 1384 (1983) (utilizing the same two-step procedure). First, the court makes a preliminary determination of whether "the proposed settlement is within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement."[3] Horton, 855 F. Supp. at 827 (internal quotation marks omitted). The court's preliminary determination is not definitive — indeed, it is the court's duty "to make clear that [a] determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable, and

---

[3] At this step, it is not necessary for the court to hold a hearing if the court is satisfied that it can make the preliminary determination "on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." Manual for Complex Litigation (Fourth) § 21.632 (2004).

adequate." <u>In re Mid-Atl. Toyota</u>, 564 F. Supp. at 1384 (emphasis added).  It is instead only a finding that probable cause exists to proceed to the second step.  <u>Id.</u>

If, after evaluating the proposed settlement's fairness, reasonableness, and adequacy, the court is satisfied that probable cause exists to find that "the proposed settlement is within the range of possible approval," notice of the proposed settlement will be sent to the class, and the court will hold a fairness hearing, affording all interested parties "an opportunity to be heard on the proposed settlement." <u>Horton</u>, 855 F. Supp. at 827. It is at this stage where the court ultimately determines whether the proposed settlement complies with Rule 23(e).

### III. <u>Recommended Conclusions of Law</u>

**A. Defendants Glenmark and Merck's Objections to DPPs' Motion**

Although Glenmark and Merck are non-settling defendants, each has objected to DPPs' Motion and proposed Class Notice on several grounds.  Both urge the court to defer ruling on settlement class certification until ruling on litigation class certification, the process for which will not begin until November 4, 2019.  They contend the record will be more fully developed and thus better inform the court's evaluation and the determination of probable fairness.  Glenmark and Merck's objections generally stem from concern that any findings of fact and conclusions of law made by the court for purposes of settlement class certification will

prejudice them at the litigation class certification stage.  They note that issues of numerosity and adequacy will be sharply contested in the litigation class certification proceedings. Specifically, they caution that any ruling premised solely on the agreement of the now-cooperating settling parties should not bind the court to the same findings and conclusions.

As an initial matter, unless it can demonstrate "formal legal prejudice," a non-settling defendant generally lacks standing to challenge a partial settlement agreement, including the form and manner of notice to the class, as well as class certification for settlement purposes. See Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995); Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1233 (7th Cir. 1983); In re Beef Indus. Antitrust Litig., 607 F.2d 167, 172 (5th Cir. 1979); see also Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.").  A non-settling defendant suffers formal legal prejudice and can therefore challenge a partial settlement when that settlement "purports to strip it of a legal claim or cause of action, an action for indemnity or contribution for example, or to invalidate its contract rights."  Eichenholtz, 52 F.3d at 482 (internal quotation marks omitted).

Glenmark and Merck argue that DPPs' Motion, if granted, would prejudice them in several ways.  First, they argue that the

11

requested stay of all proceedings in the MDL as against Par prejudices them because it allows DDPs to obtain discovery from Par but prevents both Glenmark and Merck from obtaining discovery from Par. DDPs refute this claim, responding that "[t]he purpose of the requested stay is to ensure that Par has the ability to provide the discovery that direct purchasers seek on an accelerated schedule, without having to simultaneously defend claims brought by other plaintiffs against Par." (ECF No. 466, at 8.) According to DPPs, while the stay would prevent Glenmark and Merck from asserting any claims against Par, it would not prevent Glenmark and Merck from obtaining discovery from Par. The DPPs have correctly assessed the effect of the requested stay. Neither Merck nor Glenmark has indicated that they intend to assert claims against Par. As discovery would be permitted under the terms of any stay, neither Merck nor Glenmark will be prejudiced by the stay.

Next, Glenmark and Merck argue that the proposed notice to class members contains incorrect statements of law. (ECF No. 407, at 2 (Glenmark)) ("[The proposed notice] is materially misleading and incomplete[] and . . . expresses legal conclusions that are contrary to law."); (ECF No. 418, at 12 (Merck)) ("[T]he Court should decline DPPs' request to approve incorrect and premature statements of law [in the proposed notice]."). But these objections - which relate to statements in the proposed Order

preliminarily approving the settlement and in the Notice to Class Members - have been addressed by amendments. The DPPs submitted a revised Notice to Class Members modifying the language Defendants claim was misleading. Revised Notice (ECF No. 649-2, 10-12).

Finally, Glenmark and Merck attack DPPs' evidence in support of settlement class certification. (ECF No. 407, at 2 (Glenmark) (arguing that DPPs' expert witness' declaration in support of settlement class certification seeks to "convince the Court to prejudge important questions going to the merits of DPPs' claims" by "extend[ing] far beyond that which is necessary to certify a settlement class"); (ECF No. 418, at 5-9 (Merck)) (arguing that DPPs cannot satisfy Rule 23(a)'s numerosity and adequacy requirements).

Glenmark and Merck lack standing to challenge settlement class certification because they cannot demonstrate formal legal prejudice. Any findings the court makes with regard to settlement class certification is limited to the issue of settlement class certification. Preliminary certification of the settlement class, therefore, will not affect — nor prevent Glenmark and Merck from later challenging — litigation class certification on the same grounds presented in their objections. The litigation class determination will be made based on its own merits, following adversarial briefing and evidence. Likewise, the court does not adopt any conclusions of law stated in the proposed notice which

has been revised to reflect DPPs' characterization of the settlement benefits to proposed class members. Therefore, nothing about the settlement class certification or the proposed notice results in any formal legal prejudice to either Glenmark or Merck.

Having addressed the objections, all that remains is to determine whether DPPs' uncontested evidence is adequate to meet the requirements of settlement class certification. In support of their motion, DPPs provided a declaration from Attorney Thomas Sobol, counsel to the named direct purchasers and the putative DPP class. Sobol Decl. (ECF No. 374). Exhibits to Sobol's declaration include (1) a copy of the Settlement Agreement between Par Pharmaceutical, Inc. and the DPPs; (2) a modification of the Settlement Agreement; (3) a proposed order preliminarily approving the settlement class; (4) a proposed Notice to Class Members; (5) a declaration from economist Lynette Hilton, PhD; (6) a declaration of William Wilkersham in support of the notice plan; and (7) a firm resume for proposed lead counsel. Sobol's declaration recites the reasons why counsel determined to settle with Par on the terms outlined in the Settlement Agreement. Specifically, he states that the settlement was reached after detailed, arm's length negotiations during which both Par and DPPs were separately represented by experienced counsel. Sobol states that the terms of the settlement agreement secure concessions which DPP counsel believe will be valuable in responding to arguments made by Merck

and Glenmark on the other claims.  These include discovery concessions and the availability of witnesses from Par.  Sobol also states that Par's parent company, Endo International, PLC, is in difficult financial circumstances, and a feared bankruptcy could derail the aggressive timeline for resolving DPPs' other claims against Merck and Glenmark.  Sobol Decl. 4 (ECF No. 374).

The declaration of Dr. Hilton supports the DPP claims of numerosity, commonality, and adequacy for purposes of their proposed settlement class only.  Specifically, Dr. Hilton opines that she reviewed the allegations of the complaint, as well as detailed transactional discovery produced in the case thus far. She determined that the proposed Direct Purchaser class for the Par settlement would include 71 members.  Her conclusion was based on a review of the transaction data and "instructions from counsel regarding the status of certain entities."  Hilton Decl. 17, n.72 (ECF No. 377-1).  She also opined that the class members would have suffered a common antitrust injury based on the price effect of delayed generic entry alleged in the complaint, and that damages from that injury could be established by creating a measure of aggregate, or classwide overcharge.  Id. at 7-21.  At this stage of the proceedings, Dr. Hilton's conclusions are un-rebutted.  And for purposes of the settlement class only, they are sufficient for the court to find probable cause that the proposed settlement class

would meet the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

The Wilkersham declaration sets forth the qualifications of RG/2 Claims Administration L.L.C., the proposed claims administrator. (ECF No. 374-6). The company has extensive claims administration experience, and Wilkersham attests that the notice plan described, which involves mailing notice by first class mail to all 71 class members identified, is calculated to provide the best practicable method to reach potential class members. Id. ¶ 8.

Finally, the firm resume for Hagens, Berman, Sobol, Shapiro, LLP proposed to serve as lead counsel for the Direct Purchaser Settlement Class for the Par Settlement. This firm, and the lawyers identified in the Notice, have already been found by the court to meet the requirements of Federal Rule 23(g). (ECF No. 105).

The foregoing undisputed evidence is sufficient for the undersigned to find probable cause that the proposed settlement is within the range of possible approval. It is also relevant to the preliminary inquiry that the putative settlement class consists entirely of business entities, mainly drug wholesalers and retailers, which should have the means to assess the settlement terms and make an independent decision regarding whether to opt out of its benefits or object. Accordingly, this report recommends

the court approve the Notice Plan, and schedule a fairness hearing to finally assess whether the settlement is fair and reasonable.

## IV. Conclusion and Recommendation

The undersigned recommends that DPPs' Motion, (ECF No. 371), be GRANTED as modified, and that the court fix a date for objections and a fairness hearing and enter the Order granting Preliminary Settlement Approval attached to this Report and Recommendation as Exhibit A, and approving the proposed Notice to Class Members, attached as Exhibit B. Both of the foregoing recommendations are limited to the Settlement Class for purposes of settlement with Par Pharmaceuticals only.

## V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R.

Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

October 1 , 2019

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**In re ZETIA (EZETIMIBE)
ANTITRUST LITIGATION**

           **CIVIL ACTION NO. 2:18md2836**

**THIS DOCUMENT RELATES TO:
All cases**

<u>**ORDER**</u>

<u>**Jurisdiction**</u>

1. This court has subject matter jurisdiction over this case and has jurisdiction over this action and each of the representative class plaintiffs FWK Holdings, LLC ("FWK"), Rochester Drug Co-Operative, Inc. ("RDC"), and Cesar Castillo, Inc. ("CCI"), and defendant Par.

<u>**Certification of the Proposed
Direct Purchaser Class for the Par Settlement**</u>

2. The court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement with Par:

 a. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court certifies the "Direct Purchaser Class for the Par Settlement," membership of which is defined as follows:

   All persons or entities in the United States and its territories that purchased Zetia or generic

Zetia in any form directly from Merck, Glenmark/Par, or any agents, predecessors, or successors thereof from December 6, 2011 to June 11, 2017 (the "Direct Purchaser Class for the Par Settlement").

Excluded from the class are Merck, Glenmark, Par, and any of their officers, directors, management, employees, parents, subsidiaries and affiliates.

Also excluded from the class are the government of the United States and all agencies thereof, and all state or local governments.

b.   The Direct Purchaser Settlement Class for the Par Settlement has at least seventy-one (71) members geographically dispersed throughout the United States and Puerto Rico.   Pursuant to Rule 23(a)(1), the court determines that the Direct Purchaser Settlement Class for the Par Settlement is so numerous that joinder of all members is impracticable.

c.   Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

i.   Whether the conduct challenged by the Direct Purchaser Class Plaintiffs as anticompetitive in the First Amended Consolidated Class Action Complaint and Jury Demand, filed June 27, 2019 (ECF No. 315) (the "Direct

Purchaser Class Complaint") constitutes a violation of Section 1 of the Sherman Act 15 U.S.C. § 1; and

ii.   Whether the challenged conduct substantially affected interstate commerce and caused antitrust injury-in-fact to the Direct Purchaser Settlement Class for the Par Settlement, in the nature of overcharges paid as a result of the higher prices paid directly by Direct Purchaser Settlement Class members for brand or generic Zetia; and

d.   The court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Direct Purchaser Settlement Class for the Par Settlement that satisfy Rule 23(a)(2).

e.   The Direct Purchaser Class Plaintiffs - FWK, RDC, and CCI - are hereby appointed as representatives of the Direct Purchaser Settlement Class for the Par Settlement for the following reasons:

i.   The Direct Purchaser Class Plaintiffs allege on behalf of the Direct Purchaser Settlement Class for the Par Settlement the same manner of injury from the same course of conduct that they complain of themselves, and the Direct Purchaser Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Direct Purchaser Settlement Class for

the Par Settlement.  The court therefore determines that the Direct Purchaser Class Plaintiffs' claims are typical of the claims of the proposed Direct Purchaser Settlement Class for the Par Settlement within the meaning of Rule 23(a)(3); and

ii.  Pursuant to Rule 23(a)(4), the court determines, in connection with and solely for purposes of settlement, that the Direct Purchaser Class Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Settlement Class for the Par Settlement. The Direct Purchaser Class Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Direct Purchaser Settlement Class for the Par Settlement. All of the Direct Purchaser Settlement Class members share a common interest in proving the defendants' alleged anti-competitive conduct, and all the Direct Purchaser Settlement Class members share a common interest in recovering the overcharge damages sought in the Direct Purchaser Class Complaint.  The court further determines that Counsel for the Direct Purchaser Class Plaintiffs are well-qualified to represent the Direct Purchaser Settlement Class in this case, given their experience in prior cases and

4

the vigor with which they have prosecuted this action
thus far.

Pursuant to Rule 23(b)(3), the court determines that, in connection with and solely for purposes of settlement with Par, common questions of law and fact predominate over questions affecting only individual members.  In light of the class-wide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Direct Purchaser Settlement Class for the Par Settlement as a whole, predominate over those issues that are subject only to individualized proof.  See Amgen Inc. v. Conn. Retirement Plans and Trust Funds, 568 U.S. 455, 469 (2013); see also Am. Sales Co., LLC v. Pfizer, Inc., No. 2:14-cv-361, 2017 WL 3669604, at *13 (E.D. Va. July 28, 2017), report and recommendation adopted, No. 2:14-cv-361, 2017 WL 3669097 (E.D. Va. Aug. 24, 2017) ("Courts deciding whether to certify a class in delayed-entry cases like this one frequently find that common questions of fact and law will predominate when there has been an alleged violation of antitrust law.").

f.   Also pursuant to Rule 23(b)(3), the court determines that, in connection with and solely for purposes of the settlement with Par, a class action is superior to other

available methods for the fair and efficient adjudication of this action. The court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Direct Purchaser Settlement Class for the Par Settlement in a single action. The court also believes that there are few manageability problems presented by a case such as this, particularly in light of the settlement addressed by this Order.

g.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Lead Counsel for the Direct Purchaser Settlement Class for the Par Settlement consistent with the court's Order dated August 15, 2018 (ECF No. 105), and the duties and responsibilities described in that Order:

> Thomas M. Sobol Kristen A. Johnson
> Hagens Berman Sobol Shapiro LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge MA 02142
> Tel: 617-482-3700
> Fax: 617-482-3003
> Email: tom@hbsslaw.com
>        kristenj@hbsslaw.com

3.  The court's class certification findings are solely for the purpose of settlement with Par and do not affect the Defendants' ability to object to litigation class certification of any class. Direct Purchaser Class

Plaintiffs shall not rely on certification of the settlement class to support certification of a litigation class in matters pending against the other Defendants.

### Preliminary Approval of the Proposed Settlement

4.    Upon review of the record, the court preliminarily finds that the proposed Settlement with Par, which includes expedited discovery and a covenant not to sue by Par in exchange for, inter alia, dismissal of the litigation against Par with prejudice and defined releases of claims by Direct Purchaser Class Plaintiffs and the Direct Purchaser Settlement Class for the Par Settlement as set forth in the Direct Purchaser/Par Settlement, is sufficiently fair, reasonable, and adequate, in the best interests of the members of the Direct Purchaser Settlement Class and one that responsible and highly experienced counsel could accept considering all relevant risks and factors of litigation, and arrived at by arm's-length negotiations.

### Approval of the Plan of Notice to the Direct Purchaser Settlement Class

5. The proposed form of Notice to the Direct Purchaser Settlement Class members of the pendency and proposed settlement of this action as against Par only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the

Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. Stated conclusions of law or fact set forth in the Notice are not binding on the court in later contested proceedings concerning any litigation class. No later than 15 days following the entry of this Order, Plaintiffs' Lead Class Counsel shall cause the Settlement Notice substantially in the form attached as Exhibit B to the Notice of Direct Purchaser Class Plaintiffs (ECF No. 649-2) to be disseminated via first class mail to the last known address of each entity that purchased brand or generic Zetia directly from a named defendant during the Class Period. Plaintiffs' Lead Class Counsel shall also cause the Settlement Notice to be posted on the internet at www.ZetiaAntitrustLitigation.com.

6. The Direct Purchaser Settlement Class members for the Par Settlement may request exclusion from the Direct Purchaser Settlement Class for the Par Settlement in accordance with the Settlement Notice substantially in the form attached as Exhibit B to Direct Purchaser Plaintiffs' Revised Proposed Notice to the Class of the Proposed Settlement with Par, (ECF No. 649-2), or object, no later than 45 days from the date on the Settlement Notice. Plaintiffs' Lead Class Counsel or their designee shall monitor and record any and all opt out requests that are received.

8

7. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Par shall serve notices as required under CAFA within ten (10) business days from the date Direct Purchaser Class Plaintiffs file for preliminary approval of the settlement.

8. The court appoints RG/2 Claims Administration as Settlement Administrator to assist in disseminating the Settlement Notice to the Direct Purchaser Settlement Class.

### Final Fairness Hearing

9. A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this court on _____ (a date no earlier than 100 days after this Order), at _____ Eastern Time, at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510.  At the Fairness Hearing, the court will consider, inter alia, (a) the fairness, reasonableness and adequacy of the settlement and whether the settlement should be finally approved; and (b) whether entry of a final judgment terminating the litigation against Par should be entered.  The Fairness Hearing may be rescheduled or continued; in this event, the court will furnish all counsel with appropriate notice.   Plaintiffs' counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Settlement Class for the Par Settlement by posting conspicuous notice on their websites and at www.ZetiaAntitrustLitigation.com.

10. Direct Purchaser Settlement Class members who wish to object with respect to the proposed settlement with Par and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the clerk of the U.S. District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, VA 23510, with copies to the following counsel:

> On behalf of the Direct Purchaser Class Counsel, Direct Purchaser Plaintiffs, and the Direct Purchaser Settlement Class:

>> Thomas M. Sobol Kristen A. Johnson
>> Hagens Berman Sobol Shapiro LLP
>> 55 Cambridge Parkway, Suite 301
>> Cambridge MA 02142
>> Tel: 617-482-3700
>> Fax: 617-482-3003
>> Email: tom@hbsslaw.com
>>        kristenj@hbsslaw.com

> On behalf of Par:

>> Benjamin Greenblum Williams & Connolly LLP
>> 725 Twelfth Street, N.W.
>> Washington, D.C. 20005
>> Tel: 202-434-5000
>> Email: bgreenblum@wc.com

10

The objection and/or notice of intention to appear shall state that they relate to <u>In Re: Zetia (Ezetimibe) Antitrust Litigation</u>, MDL No. 2836 (E.D. Va.).  To be valid, any such objection to the settlement and/or notice of intention to appear must be postmarked no later than the later of _____ (i.e. within 45 days of the date of the Settlement Notice to the Direct Purchaser Settlement Class for the Par Settlement) and it must include the Direct Purchaser Settlement Class member's name, address, telephone number, and signature.  Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement.  All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

11. All briefs and materials in support of final approval of the settlement and entry of the final judgment proposed by the parties to the settlement shall be filed with the court no later than 30 days before the final Fairness Hearing set in this Order.

12. All proceedings in this multi-district litigation against Par are hereby stayed until such time as the court renders a final decision regarding the approval of the Direct Purchaser/Par

Settlement and, if it approves the settlement, enters final judgment and dismisses the Direct Purchaser Class Plaintiffs' action against Par with prejudice. However, the foregoing stay shall not affect any party's ability to obtain discovery from Par in accordance with the Federal Rules of Civil Procedure and the court's previous scheduling orders.

13. In the event the Direct Purchaser/Par Settlement is terminated in accordance with its provisions, (a) the settlement and all related proceedings shall become null and void and have no further force and effect; (b) Direct Purchaser Class Plaintiffs shall retain full rights to assert any and all causes of action against Par and any other party that would have been a released party had the settlement not been terminated; and (c) Par and any other parties that would have been released parties had the settlement not been terminated shall retain any and all defenses and counterclaims. In the event of termination, these actions, as well as any other actions against Par in this MDL stayed pursuant to the preceding paragraph, shall revert forthwith to their respective procedural and substantive status prior to the date of execution of the Direct Purchaser/Par Settlement and shall proceed as if the settlement and all other related orders and papers had not been executed by Direct Purchaser Class Plaintiffs and Par.

14. Neither this order nor the Direct Purchaser/Par Settlement nor any other settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Direct Purchaser/Par Settlement or herein or in any other settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Par as to the validity of any claim that has been or could have been asserted against Par or as to any liability of Par or as to any matter set forth in this Order.

**EXHIBIT B**

<small>UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA</small>

# If You Purchased Brand Or Generic Zetia (Ezetimibe) Directly From Merck, Glenmark or Par Between December 6, 2011 and June 11, 2017, A Class Action Settlement with Par Pharmaceutical, Inc. May Affect Your Rights.

*A federal court directed this notice. This is not a solicitation from a lawyer. You are not being sued.*

- This notice has important information for you if you purchased Zetia (ezetimibe) or its generic equivalent between December 6, 2011 and June 11, 2017 directly from Merck, Glenmark or Par. It provides a summary explanation of a proposed settlement with one Defendant in this litigation, Par Pharmaceutical, Inc., ("Par") and explains your rights and options as part of the Settlement.

- In January 2018, direct purchasers of brand and generic Zetia (ezetimibe) ("Direct Purchaser Class Plaintiffs")[1] filed multiple lawsuits against Glenmark Pharmaceuticals, Ltd. and Glenmark Generics Inc., USA ("Glenmark") and Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC ("Merck"), alleging those entities had entered into an unlawful "reverse payment" settlement agreement, delaying entry of generic substitutes from the market for ezetimibe, a prescription cholesterol drug, sold under the brand name Zetia by Merck for years.

- On May 8, 2019, the Direct Purchaser Class Plaintiffs filed a motion for leave to file an Amended Consolidated Class Action Complaint, seeking to name Par as an additional defendant in the lawsuit. On June 25, 2019 the Court granted the Direct Purchaser Class Plaintiffs' motion for leave to amend the complaint to add Par as a defendant.

- On June 21, 2019, Direct Purchaser Plaintiffs and Par reached a settlement of claims in the lawsuit. The settlement provides that in exchange for a full release of liability from Direct Purchaser Class Plaintiffs and the Direct

---

[1] The Direct Purchaser Class Plaintiffs include FWK Holdings, LLC, Rochester Drug Cooperative, Inc., and Cesar Castillo.

Purchaser Settlement Class, Par will provide certain agreed upon expedited discovery in the Lawsuit, including documents, data and one or more deposition witnesses and will, as necessary, make available a witness or witnesses to testify at trial. Par has also covenanted not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, as a purchaser of generic Zetia. Par has not agreed to pay any money to the Direct Purchaser Settlement Class as part of the Settlement. The Settlement involves only Par. The Lawsuit will continue against the remaining Defendants Merck and Glenmark.

- On _____, 2019 the U.S. District Court for the Eastern District of Virginia gave preliminary approval to the Settlement with Par and certified a class of direct purchasers of brand and generic Zetia (ezetimibe) for settlement purposes only, against Par. The certified class is defined as:

> All persons or entities in the United States and its territories that purchased Zetia or generic Zetia in any form directly from Merck, Glenmark/Par, or any agents, predecessors, or successors thereof from December 6, 2011 to June 11, 2017 (the "class").
>
> Excluded from the class are Merck, Glenmark, Par, and any of their officers, directors, management, employees, parents, subsidiaries, and affiliates.
>
> Also excluded from the class are the government of the United States and all agencies thereof, and all state or local governments and all agencies thereof.

- The full text of the Settlement Agreement, dated June 21, 2019, is available at www.ZetiaAntitrustLitigation.com. In the event of a conflict between the terms of this notice and the Settlement Agreement, the terms of the Settlement Agreement control.

- The Court has scheduled a hearing to decide whether to grant final approval of the Settlement. That hearing is scheduled for _____ __, 2019 before U.S. District Court Judge Rebecca Beach Smith in Courtroom __ at the Walter E. Hoffman United States Courthouse at 600 Granby Street, Norfolk, VA 23510.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT
ACT, SO PLEASE READ THIS NOTICE CAREFULLY.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION LAWSUIT | |
|---|---|
| DO NOTHING | You do not need to do anything now to retain your right to benefit from the Settlement. |
| | If the Court grants Final Approval of the Settlement and you are a class Member, you and all members of the Class will benefit from Par's covenant not to bring or assert antitrust claims against Merck and Glenmark, expedited discovery from Par, and availability of Par's witnesses in the continuing lawsuit against the remaining Defendants. |
| EXCLUDE YOURSELF FROM THE CLASS | This is the only option that allows you to file or be part of another lawsuit against Par relating to the claims in this case. If you exclude yourself from the class, you will not be bound by any of the Court's orders in this case as to the claims against Par, nor will you be entitled to benefit from the expedited discovery or other elements of the settlement with Par. |
| OBJECT TO THE SETTLEMENT | You may object to any or all of the Settlement. If you do so, you may (as discussed below) write to the Court and counsel about why you do not like the Settlement. |
| GET MORE INFORMATION | If you would like to obtain more information about the Lawsuit, you can send questions to the lawyers identified in this Notice or visit www.ZetiaAntitrustLitigation.com. |

*These rights and options – and the deadlines to exercise them – are explained in this Notice.*

3

## WHAT THIS NOTICE CONTAINS

PAGE

SUMMARY OF SETTLEMENT ................................................................................5

BASIC INFORMATION ..........................................................................................5
1.    Why Did I Get This Notice?
2.    What Is This Lawsuit About?
3.    What Is A Class Action?
4.    Why Is This Lawsuit A Class Action?
5.    Why Is There A Settlement?

WHO IS PART OF THE SETTLEMENT          ..............................................8
6.    Am I Part Of The Class?
7.    What If I Am Still Not Sure If I Am Included In The Class?

THE SETTLEMENT BENEFITS .........................................................……...8
8.    How Much Money Will Be Provided In This Settlement?
9.    Is There Any Money Involved in This Settlement?
10.   What am I Giving Up as Part of This Settlement?

OBJECTING TO THE SETTLEMENT.................................................................9
11.   How Do I Inform The Court Of My Opposition To The Settlement?

EXCLUDING YOURSELF FROM THE SETTLEMENT..................... . .........10
12.   Why Would I Ask to Be Excluded?
13.   How Do I Ask the Court to Exclude Me from the Class?

THE LAWYERS REPRESENTING YOU ............................................................11
14.   Do I Have A Lawyer In This Case?
15.   Should I Get My Own Lawyer?

THE COURT'S FINAL FAIRNESS HEARING.................................................12
16.   When And Where Will The Court Decide Whether To Approve The Settlement?
17.   Do I Have To Come To The Hearing To Get My Share Of The Settlement?
18.   May I Speak At The Hearing?

IF YOU DO NOTHING.........................................................................................13

19. What Happens If I Do Nothing At All?

**GETTING MORE INFORMATION**................................................................. 13
20. How Do I Get More Information?

## SUMMARY OF SETTLEMENT

In exchange for a full release of all liability related to claims that were or could have been brought against Par in the Lawsuit by the Direct Purchaser Class Plaintiffs and the class, Par has agreed to (a) enter into a Covenant Not to Sue the remaining defendants, Merck and Glenmark, as a purchaser of generic Zetia, (b) to produce in the Lawsuit certain agreed-upon discovery, including data, documents and deposition testimony, on an expedited basis, and (c) to undertake reasonable efforts to make a witness or witnesses available to testify at trial, if any, of claims by the Direct Purchaser Class Plaintiffs against Merck and Glenmark.

## BASIC INFORMATION

### 1.  Why Did I Get This Notice?

You received this notice because, according to manufacturers' sales records, you may have purchased branded Zetia directly from Merck at some point between December 6, 2011 and June 11, 2017. You may also have purchased generic Zetia directly from Glenmark/Par during this same time period. Therefore, you may be a member of the class that was certified by the Court, for settlement purposes only, in this Lawsuit as it relates to claims against Par.  The Settlement only involves Par.  The Lawsuit against the other Defendants, Merck and Glenmark, is ongoing.

### 2.  What Is This Lawsuit About?

The Direct Purchaser Class Plaintiffs allege that Merck, Glenmark, and Par violated federal antitrust laws by unlawfully delaying generic competition to Zetia. Direct Purchaser Class Plaintiffs allege these entities entered into an unlawful "reverse payment" settlement agreement whereby Merck paid Glenmark and Par to delay entry of generic substitutes into the market for ezetimibe, a prescription cholesterol drug, sold under the brand name Zetia by Merck for years.

Direct Purchaser Class Plaintiffs allege that before the anticompetitive reverse payment settlement agreement between Merck and Glenmark was executed, Glenmark and Par entered into a distribution arrangement whereby Par agreed to become the exclusive distributor of Glenmark's generic Zetia, and that Par performed under the terms of that agreement (which performance included Par's participation in the negotiation of the settlement of patent infringement litigation between Glenmark and Merck relating to generic Zetia, Par's payment of a transfer price for the acquisition of generic Zetia product, and Par's distribution of that product).

Direct Purchaser Class Plaintiffs allege that they were injured because they were overcharged for their purchases of brand and/or generic Zetia because of the delay in the availability of less expensive, generic versions of Zetia, including any authorized generic Zetia.

A copy of the operative Direct Purchaser Class Plaintiffs' Amended Consolidated Class Action Complaint dated June 27, 2019 (the "Complaint") is available at www.ZetiaAntitrustLitigation.com.

All Defendants, including Par, deny Direct Purchaser Class Plaintiffs' allegations, deny that their conduct violated any applicable law or regulation, deny that Direct Purchaser Class Plaintiffs have sustained any injury or damages as a result of their alleged conduct, and deny that any class member is entitled to damages or other relief.

No trial has been held in the Lawsuit.  Assuming the Court gives final approval to the Settlement with Par, a trial of claim against Merck and Glenmark is scheduled to begin on September 20, 2020.

THE COURT HAS NOT DECIDED WHETHER ANY DEFENDANT, INCLUDING PAR, VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF DIRECT PURCHASER CLASS PLAINTIFFS' CLAIMS AGAINST PAR OR ANY DEFENDANT OR THE DEFENSES ASSERTED BY PAR OR ANY DEFENDANT.

The Lawsuit is known as *In re Zetia (Ezetimibe) Antitrust Litigation,* MDL No. 2836 and is presided over by the Honorable Rebecca Beach Smith of the United States District Court for the Eastern District of Virginia.

## 3.   What Is A Class Action?

In a class action, one or more entities called "class representatives" sue on behalf of other entities with similar claims. In this case, FWK Holdings, LLC, Rochester Drug Co-Operative, Inc., and Cesar Castillo, Inc. are the Class Representatives. The Class Representatives, together with the entities on whose behalf they have sued, constitute the "Class" or "Class Members." They are also called the "Direct Purchaser Class Plaintiffs". Their attorneys are called "Plaintiffs' Counsel" or "Class Counsel."

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves (*i.e.*, "opt out") from the class.

## 4.   Why Is This Lawsuit A Class Action?

The Court determined that the Settlement with Par on behalf of the Class satisfied Rule 23 of the Federal Rules of Civil Procedure and other applicable law and

therefore can proceed as a settlement on behalf of the Class. A copy of the Court's Preliminary Approval Order may be found at www.ZetiaAntitrustLitigation.com.

Specifically, the Court identified at least the following class-wide issues:

- Whether Defendants willfully obtained and/or maintained monopoly power over Zetia and its generic equivalents;

- Whether the Defendant's scheme, in whole or in part, has substantially affected interstate commerce;

- Whether the Defendants' unlawful agreement, in whole or in part, caused antitrust injury through overcharges to the business or property of the plaintiffs and the members of the Class;

- Whether Defendants' conspired to delay generic competition for Zetia;

- Whether, from December 12, 2016 through June 11, 2017, Merck, Glenmark and Par possessed the ability to control prices and/or exclude competition for Zetia;

- Determinations of a reasonable estimate of the amount of delay the Defendants' unlawful monopolistic conduct caused, and

- The quantum of overcharges paid by the Class, in the aggregate.

### 5.   Why Is There A Settlement?

The Court has not yet decided which side is correct or if any laws were violated by any Defendant, including Par. Both the Direct Purchaser Class Plaintiffs and Par have agreed to settle the case, as to the allegations against Par only, and avoid the cost and risk of continued and protracted litigation against Par. The Lawsuit against the other Defendants, Merck and Glenmark, will continue.

This Settlement is the product of extensive negotiations between Plaintiffs' Counsel and Par. At the time of settlement, discovery against Merck and Glenmark was ongoing, and the addition of Par as a defendant had the potential to delay trial of claims against Merck and Glenmark.

After thoroughly investigating the complex factual, legal, and economic issues involved, Plaintiffs' Counsel negotiated with Par's Counsel to resolve the claims the Direct Purchaser Class Plaintiffs brought against Par in exchange for expedited discovery from Par, including the provision of relevant data, documents and deposition testimony as well as the availability of one or more witnesses in the event of a trial against Merck and Glenmark. Additionally, as part of the Settlement, Par covenanted not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, arising under the Sherman or Clayton Acts (i.e., antitrust claims); according to the Direct Purchaser Class Plaintiffs, this provision is

8

of assistance to oppose a defense that the Direct Purchaser Class Plaintiffs do not have standing to pursue claims as direct purchasers.

The Class Representatives and the lawyers representing them believe that the Settlement is fair, adequate, and reasonable, and in the best interests of the Class.

## WHO IS PART OF THE SETTLEMENT

**6.   Am I Part Of The Class?**

You are in the Class if you are an entity in the United States or its territories that purchased brand Zetia or generic Zetia directly from Merck, Glenmark or Par at any time between December 6, 2011 and June 11, 2017 and do not meet one of the exclusions.

The following are <u>excluded</u> from the Class:

> ➢ Merck, Glenmark, Par and any of their officers, directors, management, employees, parents, subsidiaries, and affiliates;
> ➢  The government of the United States and all agencies thereof; and
> ➢ All state or local governments or agencies thereof.

If you fit within the definition of the class, you will be considered a member of the class unless you timely and fully comply with the instructions for excluding yourself from the class as set forth in Question 12 below.

**7.   What If I Am Still Not Sure If I Am Included In The Class?**

If you are not sure whether you are included, you may call or write to Lead Class Counsel at the telephone number or address listed in Question 13 below.

## THE SETTLEMENT BENEFITS

**8.   Is There Any Money Involved In This Settlement?**

Under the Settlement, Par has not agreed to pay any money to the Direct Purchaser Class Plaintiffs or the Class.  In exchange for a full release of liability from the claims brought in this Lawsuit, Par has agreed to provide certain agreed-upon discovery on an expedited basis, including data, documents and deposition testimony.  Par has also agreed to make available one or more witnesses at trial, if any, against Merck and Glenmark.  In addition, Par also covenants not to bring or assert claims or counterclaims against the remaining defendants, Merck or Glenmark, arising under

the Sherman or Clayton Acts (i.e., antitrust claims), relating to the conduct alleged in this lawsuit; according to the Direct Purchaser Class Plaintiffs, this provision is of assistance to oppose a defense that the Direct Purchaser Plaintiffs do not have standing to pursue claims as direct purchasers.  A copy of the Settlement Agreement is available at www.ZetiaAntitrustLitigation.com.

## 9.   What Am I Giving Up As Part of the Settlement?

If the Court finally approves the Settlement and you remain a member of the Class you will be releasing Par from any liability for the claims in this Lawsuit.  You will be releasing any right to sue, or be part of any other lawsuit, against Par over the "Released Claims."

The Released Claims are described fully in the Settlement Agreement (available at www.ZetiaAntitrustLitigation.com).

You will not be releasing claims against the remaining defendants in the Lawsuit, Merck and Glenmark.

### OBJECTING TO THE SETTLEMENT

## 10.   How Do I Inform The Court That I Do Not Like The Settlement?

If you are a Class Member, you may tell the Court that you object to (disagree with) all or any part of the proposed Settlement.

You must provide reasons and otherwise explain the basis for any objection(s) you raise. The Court will consider your objection(s) in determining whether to grant Final Approval to the Settlement.

To object, you must file your written objection(s) with the Clerk of the Court at this address:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> Clerk of Court
> 600 Granby St.
> Norfolk, VA 23510

You must also send a copy of your written objection(s) to Class Counsel and Par's Counsel at the following addresses:

DESIGNATED CLASS COUNSEL:

Thomas Sobol
Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700

DESIGNATED PAR COUNSEL:

Benjamin M. Greenblum
WILLIAMS & CONNOLLY LLP
725 12TH STREET, NW
WASHINGTON, DC 20005
TELEPHONE: (202) 434-5000

Your written objections must be postmarked no later than _____ __, 2019.

Your written objection(s) must include the case caption, *In re Zetia (ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.), along with: (i) your name; (ii) your address; (iii) your telephone number; (iv) proof of membership in the Class; and (v) the specific grounds for the objection and any reasons why you want to appear and be heard, as well as all documents and writings that you want the Court to consider.

**Do not call the Court or the Judge's office about your objection(s).**

If you have any questions, you may visit www.ZetiaAntitrustLitigation.com or call Lead Counsel for the direct purchaser class identified in Question 13 of this notice.

## EXCLUDING YOURSELF FROM THE CLASS

### 11. Why would I ask to be excluded?

If you exclude yourself from the Class – also known as "opting-out" of the class – you won't benefit from the Settlement, including the expedited discovery agreed to by Par or the availability of its witnesses at trial. If you exclude yourself, you will not be legally bound by any of the Court's orders as to the claims against Par in this lawsuit or any release entered in this class action.

### 12. How do I ask the Court to exclude me from the Class?

What you must file to exclude yourself from the class depends on whether or not your right to recover is (i) for qualifying purchases made yourself, or (ii) for purchases that were made by another person (or entity) and you have been assigned all or some of the antitrust rights of that person (or entity).

11

If you made qualifying purchases yourself, or if you have been assigned all of the antitrust rights of a person or entity that made qualifying purchases, and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the lawsuit, *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.). This letter should include your name, address, telephone number, and your signature and must be postmarked no later than **[45 DAYS FROM DATE OF MAILING OF NOTICE]**. If you have been assigned all of the antitrust rights of a person or entity that would have otherwise been a member of the class, to be excluded, you must also provide a copy of the assignment of claims. Note: If you have previously produced the assignment in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment in the discovery.

If you are a partial assignee (i.e., if the entity that assigned antitrust claims to you retained some portion of its antitrust claims and remains a class member), and wish to be excluded from the class, you must send a letter via first class U.S. mail to the notice administrator listed in Question 19 below stating that you want to exclude yourself from the lawsuit, *In re Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.) and provide a copy of the assignment of claims. The letter and assignment must be postmarked no later than **[45 DAYS FROM DATE OF MAILING OF NOTICE]**. Note: If you have previously produced the assignment in this litigation (either as a party who previously filed an action asserting the assigned claim or as a non-party), you may direct the notice administrator to the location of the assignment in the discovery. Please also be advised that seeking to opt out has a number of legal consequences and you should consult with your own counsel. Any dispute concerning whether your request to be excluded meets the criteria stated above will be resolved by the Court.

## THE LAWYERS REPRESENTING YOU

### 13. Do I Have A Lawyer In This Case?

The attorneys and law firm listed below are serving as Lead Counsel for the Class by appointment of the Court, and are representing the Class in this Lawsuit with other Class Counsel. Lead Class Counsel is experienced in handling similar cases against other companies. Lead Class Counsel is:

> Thomas Sobol
> Kristen A. Johnson
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 55 Cambridge Parkway, Suite 301
> Cambridge, MA 02142
> Telephone: (617) 482-3700

### 14. Should I Get My Own Lawyer?

You do not need to hire your own lawyer because Class Counsel are working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

If you hire your own lawyer to appear in this case, your lawyer must file a notice of appearance on or before _____ ___, 2019 [same date objections are due].

## THE COURT'S FINAL FAIRNESS HEARING

### 15.  When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at __:__ on _____ ___, 2019. The hearing will take place at:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> 600 Granby St.
> Norfolk, VA 23510
> Courtroom ___

We do not know how long the Court will take to make its decision.

*Important!* The time and date of this hearing may change without additional mailed or publication notice. For updated information on the hearing, visit: www.ZetiaAntitrustLitigation.com.

### 16.  Do I Have To Come To The Hearing?

No. You do not have to go to the hearing, even if you send the Court objection(s). But you can, at your own expense, go to the hearing or hire a lawyer to attend on your behalf.

Class Counsel will answer the Court's questions, if any.

### 17.  May I Speak At The Hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. You must file a Notice of Intention to Appear with the Court by _____ ___, 2019 [same day objections are due] at this address:

> United States District Court for the Eastern District of Virginia
> Walter E. Hoffman United States Courthouse
> Clerk of Court
> 600 Granby St.
> Norfolk, VA 23510

You must also mail a copy of your Notice of Intention to Appear to Class Counsel and Counsel for Par at the addresses listed in Question 10.

Your Notice of Intention to Appear must include the case caption, *In re Zetia (ezetimibe) Antitrust Litigation*, MDL No. 2836 (E.D. Va.), along with: (i) a statement of intention to appear; (ii) your name; (iii) your address; (iv) your telephone number; and (v) personal information for other people (including lawyers) who you want to speak at the hearing.

## IF YOU DO NOTHING

### 18.   What Happens If I Do Nothing At All?

If you do nothing, you will keep the right to participate in the Settlement as described in this notice, so long as the settlement is finally approved.

You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Par about the "Released Claims," including claims brought in the case between Direct Purchaser Class Plaintiffs and Par.

All of the Court's orders in the Lawsuit as related to claims against Par will apply to you and legally bind you.

Your rights concerning claims against the remaining Defendants, Merck and Glenmark, will not be affected by the Settlement. By remaining a member of the Class for purposes of the Settlement with Par, you will not be releasing any claims against the remaining defendants.

## GETTING MORE INFORMATION

### 19.   How Do I Get More Information?

For more detailed information about this Lawsuit, please refer to the papers on file with the Court, which may be inspected at the Office of the Clerk of Court, United States District Court for the Eastern District of Virginia, Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, during normal business hours. You may also get additional information by calling or writing to Lead Class Counsel listed in Question 13 above, or by visiting www.ZetiaAntitrustLitigation.com, or by writing to the Notice Administrator, RG/2 Claims Administration, at the following address:

RG/2 Claims Administration

14

P.O. Box 59479
Philadelphia, PA 19102-9479

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: _____, 2019         BY THE COURT

_____
Hon. Rebecca Beach Smith
United States District Judge