IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:

ZETIA (EZETIMIBE) ANTITRUST
LITIGATION

MDL NO. 2:18md2836

THIS DOCUMENT RELATES TO:
ALL CASES

## ORDER

In this multidistrict antitrust litigation premised on the terms of a patent settlement concluded in 2010, the parties' written discovery process has understandably produced disputes regarding the attorney/client privilege. This Order resolves two motions Plaintiffs filed to contest claims of privilege made by Defendants Merck, (ECF No. 437), and Glenmark, (ECF No. 429). Both motions sought production of specific documents based on allegedly inadequate claims of privilege in the logs submitted by the respective Defendants. In addition, each motion sought supplemental review and production based upon similar categories of material withheld. After a hearing, the court ordered that several documents still in dispute be produced for in camera review, and now directs the following supplemental action.

## Merck Documents

The court directed Merck to produce for in camera review four documents still in dispute.  Two of these had been produced in redacted form, (Merck Log Nos. 15187, 15198), and two had been entirely withheld (Merck Log Nos. 15557, 796).  After reviewing all four documents, the court concludes that the redactions in the two partially withheld documents do not protect privileged information but appear to concern the scheduling and agenda for a meeting to discuss pricing.  The redacted portions relate to input from someone identified as an attorney, but the scheduling email does not reveal legal advice or information related to the giving or receiving of legal advice.  Accordingly, Merck shall produce these two documents in unredacted form within three business days from the date of this Order.

The other two documents involve direct communication by attorneys involved in negotiating the challenged settlement between Merck and Glenmark.  Log No. 15557 is an email from in-house counsel Paul Matukaitis, who negotiated the Merck/Glenmark settlement to Merck president, Kenneth Frasier.  Plaintiffs contend that this email likely contains factual information which could be produced in redacted form.  This contention is based on the fact that it is the only communication related to the settlement between Matukaitis and Frasier during the relevant time period.  The email is dated May 7, 2010, near the time when the

Merck/Glenmark Settlement Agreement was concluded. Thus, Plaintiffs surmise, it must be a report of some kind conveying details of the settlement which could be produced in redacted form.

After reviewing the document, the court finds that it contains communication made for the purpose of giving or receiving legal advice and need not be produced. Although the document also contains factual information, that information is available from other sources of discovery less intrusive to the attorney/client privilege. In addition, given the nature of the communication directly between the president and lead attorney negotiator, there is no way to produce a redacted version which would avoid invading the privilege.

Likewise, Log No. 796 reflects communication with two attorneys requesting legal advice regarding the terms of the Merck/Glenmark Settlement Agreement. Although the lead email in the thread is conveyed between nonlawyers, that email reflects the legal advice set forth by the attorneys. The fact that nonlawyers conveyed that information to company executives who needed the legal advice to inform their duties to the company does not render it nonprivileged. See Deel v. Bank of Am., 227 F.R.D. 456, 460 (W.D.Va. 2005). Accordingly, neither of the two withheld Merck documents need be produced.

Glenmark Documents

Prior to producing documents for in camera review, Glenmark voluntarily turned over nine of the nineteen documents originally addressed by Plaintiffs' motion. According to Glenmark's submission, "in light of the arguments earlier this week and upon careful consideration" it determined that documents (including several versions of the same document) consisted of attorneys conveying information that could be perceived as factual. Accordingly, it removed the documents from the privilege log and produced them. Of the remaining ten documents produced for in camera review, seven are essentially the same, representing duplicate or near-duplicate productions of the same email thread. (Log Nos. 139, 729, 1450, 1451, 1452, 1668, and 1669). Three others will be addressed separately (Log Nos. 313, 1588 and 1834).

The seven duplicate email threads all relate to a 2016 exchange between Par and Glenmark employees regarding provisions of the Merck/Glenmark Settlement Agreement. Glenmark claims the documents are protected by a common interest privilege as Glenmark and Par shared a common legal interest in the interpretation of the Settlement Agreement and "legal requirements associated with the launch of generic Zetia." Glenmark Opp. Br. 3 (ECF No. 526). The common interest privilege is not a privilege in its own right but an extension of the attorney/client privilege, which "applies when two or more parties consult or retain an attorney concerning

4

a legal matter in which they share a common interest." United States v. Aramony, 88 F.3d 1369, 1392 (4th Cir. 1996); Hunton & Williams v. U.S. DOJ, 590 F.3d 272, 280 (4th Cir. 2010). Glenmark has claimed these documents are privileged as they reflect legal advice concerning contractual obligations under the Settlement Agreement. Glenmark Opp. 8 (ECF No. 526). The entries all contain an exchange between in-house counsel for both Glenmark and Par, which was later disseminated to several business employees at Glenmark resulting in Plaintiffs' assumption that the information conveyed is factual and necessary for the employees to carry out their business function.

After reviewing all the documents, the undersigned concludes that the exchange is almost entirely factual and involves confirmation - in the nature of a reminder - of the parties' responsibilities under the Settlement Agreement. Although the communication was initiated among lawyers for the two companies, it did not appear to require any legal interpretation or analysis. In addition, the exchange took place long after the Settlement Agreement was negotiated and concluded and several months before execution of the formal Common Interest Agreement partially underlying Glenmark's claim of a common-interest privilege. Based on all of these factors, Glenmark is ORDERED to produce these withheld documents in unredacted form within three business days of the date of this Order.

The next contested Glenmark document, Log No. 313, involves a specific request for review by counsel of a confidential memorandum which may have been slated for later distribution to third parties.[1]  In this case, however, the email appears to request the opinion for Glenmark's internal use, not for purposes of presenting the legal analysis sought to third parties.  In other words, the email appears directed at Glenmark securing legal advice for its own purposes, even though the advice related to an eventual disclosure to third parties.  See In re Grand Jury Proceedings, 727 F.2d 1352, 1358 (4th Cir. 1984) (privilege does not exist if confidentiality was not intended).  Accordingly, this document is privileged and may be withheld.

Next, Log No. 1588 is an email conveying detailed interpretations of the Merck/Glenmark Settlement Agreement by an attorney to company staff who needed the legal advice to assess strategies discussed in the email.  The email is clearly a confidential communication which involves detailed legal analysis of the Settlement Agreement's terms and their implications for a proposed business strategy.  It was, however, shared between the two companies (Par and Glenmark) and thus more directly implicates Glenmark's claim of a common interest privilege.

---

[1] The court previously ordered Glenmark to disclose communication with an outside law firm specifically engaged to prepare an opinion for use with investors. (ECF No. 643); see United States v. (Under Seal), 748 F.2d 871, 875 n.7 (4th Cir. 1984).

As both parties note, the common interest privilege does not protect all communication between the cooperators, only those which relate to the giving or receiving of legal advice.  <u>See</u> <u>Hunton & Williams</u>, 590 U.S. at 780 ("Merely satisfying the requirements of the common interest doctrine without also satisfying the requirements of a discovery privilege does not protect documents from disclosure.").  In this case, the document does include fairly extensive legal analysis to which the privilege would attach.  And although the exchange predates the written Common Interest Agreement, that does not preclude its application. <u>Id.</u> at 286-87 (noting that the record "does not foreclose the possibility that the parties" reached an earlier common interest agreement which a later written agreement served to memorialize). Indeed, other emails long before the written Common Interest Agreement already included a legend stating that the communication would be a subject of common interest claims of privilege.  Given the close alignment of Glenmark and Par and their mutual concern regarding potential disputes with Merck over the language of the Settlement Agreement, I conclude they have properly invoked the common interest privilege with respect to this document.

Next, Log No. 1834 is a copy of a written Common Interest Agreement executed by Glenmark (but not Par) dated July 7, 2016. This Common Interest Agreement recites many of the same arguments Glenmark has made in response to Plaintiffs' Motion to Compel and

also states that its reduction to writing should not negate any common interest privilege which may have attached prior to its execution.   The document contains recitals which may reveal confidential information regarding the need for and purpose of the Agreement.   It also recites that it should be considered by the parties as confidential and privileged.   Accordingly, Glenmark has properly invoked the protection of a common interest agreement to assert a privilege with respect to this document.   Any non-privileged information contained in the document has already been disclosed in the briefing such that requiring a redacted production is not necessary.

Finally, Plaintiffs urge the court to order additional re-review of privilege claims in light of the disclosures compelled by this motion practice.   However, the parties are in the midst of litigating even more extensive privilege objections with briefing not yet complete on Plaintiffs' Second Motion to Compel both Merck and Glenmark.   (ECF Nos. 590, 598).   As this motion practice will likely lead to further voluntary disclosures and a more detailed examination of privilege claims, the requests for additional re-review set forth in the first Motions to Compel are DENIED without prejudice.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

October 3, 2019