# EXHIBIT 3

```
 1
 2                   UNITED STATES DISTRICT COURT
 3                   EASTERN DISTRICT OF VIRGINIA
 4                         NORFOLK DIVISION
 5                       MDL No. 2:18-md-2836
 6    ----------------------------------------x
 7    IN RE:  ZETIA (EZETIMIBE) ANTITRUST
 8    LITIGATION
 9    ----------------------------------------x
10    This Document Relates to:
11    All Direct Purchase and Retailer Actions
12    ----------------------------------------x
13
14
15            VIDEOTAPED STENOGRAPHIC DEPOSITION OF:
                         PAUL J. McCROREY
16                 Tuesday, November 12, 2019
                           Princeton, NJ
17                    9:10 a.m. - 1:03 p.m.
18
19
20                    Reported in stenotype by:
                            Rich Germosen,
21         CCR, CRCR, CRR, RDR, NYACR, NYRCR
           NCRA/NJ/NY/CA Certified Realtime Reporter
22            NCRA Realtime Systems Administrator
                        Job No. 171883
23
24
25
```


```
 1                PAUL J. McCROREY / 11.12.19
 2       ----------------------------------------------
 3                     P R O C E E D I N G S
 4                          9:10 a.m.
 5                      Princeton, New Jersey
 6       ----------------------------------------------
 7              THE VIDEOGRAPHER:  Stand by, please.
 8              This deposition is now beginning.
 9       The date, November 12, 2019.  The time, 9:10.  This
10       is the deposition of Paul McCrorey taken in the
11       matter of Zetia Antitrust Litigation.
12              Counsel will now introduce
13       themselves.
14              MR. DEMUTH:  Good morning.  My name
15       is Brad Demuth.  I'm with the law firm Faruqi &
16       Faruqi LLP.  I'm here on behalf of the Direct
17       Purchaser Class Plaintiffs.  With me on the phone is
18       Hannah Schwarzschild from the law firm Hagens Berman
19       Sobol & Shapiro, and to my left?
20              MS. ROBERTSON:  Sharon Robertson,
21       Cohen Milstein Sellers & Toll on behalf of Direct
22       Purchaser Class.
23              MR. RADICE:  John Radice from the
24       Radice Law Firm on behalf of the Direct Purchaser
25       Class Plaintiffs.
```

```
                                                   Page 108
 1              PAUL J. McCROREY / 11.12.19
 2   analyses they were asking you to undertake?
 3              MR. LIVERSIDGE:  I'm going to
 4   instruct you not to answer.
 5              (Direction not to answer the
 6   question.)
 7       A.     I've been instructed not to answer by
 8   counsel.
 9       Q.     All right.
10              MR. DEMUTH:  Let's mark another
11   exhibit.  Let's mark this one.
12              We're at five.
13              (Whereupon, clawed back document, is
14   received and marked as Exhibit 5 for
15   Identification.)
16              (Whereupon, document MRKZETIA
17   R000061917, is received and marked as Exhibit 6 for
18   Identification.)
19              CERTIFIED STENOGRAPHER:  Number five.
20              MR. DEMUTH:  Let's do number six as
21   well while we're at it.  Sorry.
22              CERTIFIED STENOGRAPHER:  Number six.
23              THE WITNESS:  Thank you.
24              MR. LIVERSIDGE:  So I'm going to
25   withdraw number five on privilege grounds.
```

```
                                                      Page 109
 1                  PAUL J. McCROREY / 11.12.19
 2              MR. DEMUTH:  What's your basis?
 3              MR. LIVERSIDGE:  This is the same
 4  project that the Court has already found was done at
 5  the request of counsel and so all of these
 6  communications are privileged.
 7              MR. DEMUTH:  Let's go off the record
 8  for just a moment, please.
 9              THE VIDEOGRAPHER:  We are now going
10  off the video record.  The time is 11:40.
11              (Whereupon, a recess is taken.)
12              MR. DEMUTH:  So back on the record.
13              THE VIDEOGRAPHER:  Do you want me to
14  get the witness?
15              MR. DEMUTH:  No, this is outside of
16  the witness.
17              THE VIDEOGRAPHER:  You don't want
18  this on the video?
19              MR. DEMUTH:  You don't have to roll.
20              THE VIDEOGRAPHER:  Okay.  Thanks.
21  That's what I thought.
22              MR. DEMUTH:  All right.  We're back
23  on the record.  The time is 12:01.
24              Mr. Liversidge and I are in a dispute
25  regarding what's been marked McCrorey number five,
```

1           PAUL J. McCROREY / 11.12.19
2    which is a document produced at MRKZETIA,
3    underscore, R000080384, which Mr. Liversidge at
4    today's deposition has clawed back under the
5    protective order.  It is my understanding that
6    McCrorey five is the document that was presented in
7    open court at the hearing on the clawback motion
8    practice and was also submitted to the Court in
9    connection with the reply briefing in that, and
10   that, therefore, there is no basis for the clawback,
11   and Mr. Liversidge has a different point of view,
12   and I'll turn the floor to Mr. Liversidge to make
13   his record.
14                MR. LIVERSIDGE:  Yeah.  Our position
15   is that the document is privileged.  It is part of
16   the project that the Court has already determined
17   was done at the request of counsel.  It is similar
18   to other documents that have been withheld, and at
19   least, speaking for myself, I was not aware that
20   this document had been submitted to the Court as
21   part of prior briefing, although we will certainly
22   take a look at that, but for purposes of today, our
23   position is that the document is privileged and we
24   would withdraw it under the protective order.
25                MR. DEMUTH:  As to other documents

Page 111

```
 1              PAUL J. McCROREY / 11.12.19
 2   like this, plaintiff's position is to the extent
 3   McCrorey five is public, as we contend, that would
 4   tend to undermine the privilege claims that exist in
 5   other documents that have been similarly withheld as
 6   privilege.
 7              MR. LIVERSIDGE:  We'd obviously
 8   disagree with that.  There's been no intent to waive
 9   privilege on any of this.  I think the opposite is
10   true.  So that is our position.
11              MR. DEMUTH:  We can go off the
12   record, unless anyone else has anything to say.
13              (Whereupon, a recess is taken.)
14              THE VIDEOGRAPHER:  Stand by, please.
15              Back on 12:04.
16              MR. DEMUTH:  All right.
17   BY MR. DEMUTH:
18       Q.    McCrorey five we're not going to talk
19   about.  You can put that aside.
20       A.    Okay.
21       Q.    We're going to talk about McCrorey
22   six.
23       A.    Six.  Okay.
24              MR. LIVERSIDGE:  McCrorey five should
25   probably be withdrawn from the deposition exhibits.
```