UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No.  2:18-md-2836 |
| THIS DOCUMENT RELATES TO: DIRECT PURCHASER ACTIONS | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DIRECT
PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

On March 12, 2020, RDC, a named plaintiff and putative class representative for the proposed direct purchaser class, filed a Chapter 11 bankruptcy petition in the Western District of New York.  Exhibit A (Chapter 11 Voluntary Petition, *In re Rochester Drug Cooperative, Inc.*, Case No. 2-20-20230-PRW (W.D.N.Y. Mar. 12, 2020)).  RDC's bankruptcy is yet another reason why it is an inadequate class representative, in addition to those detailed in Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification ("Defendants' Opposition").  The bankruptcy proceeding not only ensures that RDC will be "preoccupied with its own legal problems," *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999), but, even more importantly, generates a conflict for RDC.  RDC is now obligated to preserve its assets and maximize its recovery for its creditors, which notably includes Merck, its fourth largest unsecured creditor.  *See* Exhibit B (List of Creditors who have the 20 Largest Unsecured Claims Against You and Are Not Insiders, *In re Rochester Drug Coop.*, No. 2-20-20230-PRW (W.D.N.Y. Mar. 12, 2020)) (hereinafter "RDC List of Unsecured Creditors").  Glenmark has an unsecured claim against RDC that exceeds $150,000.  RDC's duties to Merck and Glenmark, as creditors,

and to its creditors more generally present a serious risk of conflict with the duties it would have as a class representative to represent the interests of *all* class members.  Moreover, Defendants are currently investigating the scope and effect of the unique defenses to which RDC is now subject in this litigation—e.g., setoff rights—since Merck and Glenmark are now creditors of RDC with potential claims against it in the bankruptcy proceeding.  Accordingly, this Court should conclude that RDC is an inadequate class representative.

Now that it has filed a bankruptcy petition under Chapter 11, RDC is currently "manag[ing] and operat[ing] its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code."  Exhibit C (Declaration of John T. Kinney in Support of Chapter 11 Petition and First Day Motions ¶ 8, *In re Rochester Drug Coop.*, No. 2-20-20230 (W.D.N.Y. Mar. 12, 2020)).  In that role, RDC's management team is charged with acting as a fiduciary "to manage the estate in the interest of the creditors."  *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 978 (2017); *In re Massenburg*, 554 B.R. 769, 776 (D. Md. 2016) (during Chapter 11 proceeding, "the debtor-in-possession[] stood as a fiduciary, such that he was required to place the interests of his creditors before his own").

In *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003), the Seventh Circuit considered the question of whether "a trustee in bankruptcy is, in general and in this case, a proper class representative."  The Court concluded that permitting a bankruptcy trustee to be a named plaintiff would present a "potential conflict of interest"; the "trustee has a fiduciary obligation to [the debtor's] unsecured creditors, and they will derive no benefit from so much of any judgment or settlement in the class action as enures to the benefit of the other members of the class."  *Dechert*, 333 F.3d at 802.  And a person cannot "properly be an agent of two principals having conflicting interests (unless both principals consent)."  *Id*. at 803.

2

The Seventh Circuit observed that a "debtor in possession"—like RDC—is "the equivalent" of the trustee in bankruptcy with respect to this conflicts issue. *Id*. *See In re J.T.R. Corp.*, 958 F.2d 602, 604 (4th Cir. 1992) ("The debtor-in-possession is a fiduciary and owes the same duties as a trustee."); *see also Clarke v. Baptist Memorial Healthcare Corp.*, 2009 WL 10663411, at *7 n.3 (W.D. Tenn. Sept. 4, 2009) ("Although [proposed class representative] is a debtor in bankruptcy, not a trustee, the *Dechert* court recognized the two to be 'equivalent' for purposes of its analysis because of the fiduciary duty shared by each party.") (citing *Dechert*, 333 F.3d at 803).   And while the court declined to hold that a trustee or debtor in possession could *never* be a class representative, its suggested exception does not apply to RDC.   In that case, the court reasoned that it may be appropriate for a bankruptcy trustee to act as a class representative in cases "in which the expected recovery of individual class members is substantial and only a fiduciary is available to be the class representative." *Dechert*, 333 F.3d at 803.   Here, although the claimed recovery for RDC is "substantial, there has been no showing that [RDC] is the only available class representative." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 375 B.R. 719, 728 (S.D.N.Y. 2007).   To the contrary, the absent members of the putative class are nearly all large companies, many of which are likely better suited to serve as class representatives than RDC, even independent of its bankruptcy.   Indeed, it remains the case that if Plaintiffs prevailed in this litigation, "[m]ost of the benefits would go to the other members of the class and to the lawyers for the class," *id*. at 802, because the vast majority of claimed overcharge was paid by three putative class members other than RDC—McKesson, AmerisourceBergen, and Cardinal Health.  Dkt. 824, Declaration of Bruce Strombom, Ph.D., at 34 (Jan. 20, 2020).

The *Dechert* court also recognized a second conflict, even beyond "that inherent in the trustee's dual role as class representative and creditors' representative," that is also present here

and to which the court recognized no exceptions.  *Dechert*, 333 F.3d at 803-04.  The court noted that an additional conflict existed because a company affiliated with the defendant was also indirectly a creditor of the named plaintiff that had declared bankruptcy.  *Id*. at 804.  So, for example, courts have recognized that where the defendant in the class action was "a creditor of the Estate," a trustee's "duties to the creditors of the Estate would collide jarringly with his duties to the members of the class."  *Merrill Lynch*, 375 B.R. at 727.  Merck and Glenmark are both among the many creditors of RDC, and Merck is one of RDC's very *largest* unsecured creditors.  *See* RDC List of Unsecured Creditors.  Accordingly, RDC's management has a duty to Merck and Glenmark, while also having a duty to maximize the benefit of class members in this litigation at the expense of Merck and Glenmark.  That conflict makes RDC an inadequate class representative.

Finally, RDC's bankruptcy filing heightens the risk that RDC will not realistically have the capacity to monitor and actively supervise class counsel, as necessary to "'ensure that the [class representatives] are not simply lending their names to a suit controlled entirely by the class attorney.'"  *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385 (4th Cir. 2009) (quoting 7A *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure* § 1766 (3d ed. 2005)).  With RDC now facing bankruptcy proceedings—in addition to the serious internal legal compliance issues arising out of its own criminal conduct—it cannot plausibly perform a significant role in supervising class counsel in this action.  Its necessary preoccupation with these other important legal challenges therefore makes it an inadequate entity to place in the important position of fiduciary for the proposed class.  *In re Network Assocs.*, 76 F. Supp. 2d at 1029.

## CONCLUSION

RDC's bankruptcy creates a conflict of interest and presents another major distraction to RDC that will impair its ability to adequately represent the class.  For the reasons stated herein and in Defendants' Opposition, the Court should hold that RDC is not an adequate class representative.

4

Dated:  April 3, 2020                          Respectfully submitted,

                                               /s/ Stephen E. Noona
                                               Stephen E. Noona
                                               Virginia State Bar No. 25367
                                               KAUFMAN & CANOLES, P.C.
                                               150 W. Main Street, Suite 2100
                                               Norfolk, VA 23510-1665
                                               Telephone:  (757) 624-3239
                                               Facsimile:  (888) 360-9092
                                               senoona@kaufcan.com

                                               Samuel G. Liversidge (*pro hac vice*)
                                               Christopher D. Dusseault (*pro hac vice*)
                                               GIBSON, DUNN & CRUTCHER LLP
                                               333 South Grand Avenue
                                               Los Angeles, CA  90071-3197
                                               Telephone:  (213) 229-7855
                                               Facsimile:  (213) 229-6855
                                               sliversidge@gibsondunn.com
                                               cdusseault@gibsondunn.com

                                               Veronica S. Lewis (*pro hac vice*)
                                               Ashley Johnson (*pro hac vice*)
                                               GIBSON, DUNN & CRUTCHER LLP
                                               2001 Ross Avenue
                                               Dallas, TX  75201-6912
                                               Telephone:  (214) 698-3320
                                               Facsimile:  (214) 571-2936
                                               vlewis@gibsondunn.com
                                               ajohnson@gibsondunn.com

                                               Eric J. Stock (*pro hac vice*)
                                               GIBSON, DUNN & CRUTCHER LLP
                                               200 Park Avenue
                                               New York, NY  10166
                                               Telephone:  (212) 351-2301
                                               Facsimile:  (212) 716-0801
                                               estock@gibsondunn.com

Tarek Ismail (*pro hac vice*)
Jennifer L. Greenblatt (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM
LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL  60606
Telephone:  (312) 681-6000
Facsimile:  (312) 881-5191
tismail@goldmanismail.com
jgreenblatt@goldmanismail.com

*Counsel for Defendants Merck & Co., Inc.; Merck
Sharp & Dohme Corp.; Schering-Plough Corp.;
Schering Corp. and MSP Singapore Co. LLC*


 */s/ Richard H. Ottinger*
Richard H. Ottinger (VSB No.: 38842)
Dustin M. Paul (VSB No.: 75287)
Jennifer L. Eaton (VSB No.: 87491)
VANDEVENTER BLACK LLP
101 West Main Street, Suite 500
Norfolk, VA 23510
Tel:  757.446.8600
Fax: 757.446.8670
rottinger@vanblacklaw.com
dpaul@vanblacklaw.com
jeaton@vanblacklaw.com


Steven A. Reed (*pro hac vice*)
R. Brendan Fee (*pro hac vice*)
Zachary M. Johns (*pro hac vice*)
Jessica J. Taticchi (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel:  215.963.5000
Fax: 215.963.5001
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
zachary.johns@morganlewis.com
jessica.taticchi@morganlewis.com

6

Stacey Anne Mahoney (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY  10178
Tel:  212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

*Counsel for Defendants Glenmark Pharmaceuticals Ltd. and Glenmark Pharmaceuticals Inc., USA, incorrectly identified as Glenmark Generics Inc., USA*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically email notification of such filing to all counsel of record.


DATED:  April 3, 2020

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone:  (757) 624-3239
Facsimile:  (888) 360-9092
senoona@kaufcan.com

Counsel for Defendants Merck & Co., Inc.,
Merck Sharp & Dohme Corp., Schering-Plough
Corp., Schering Corp., MSP Singapore Co. LLC