# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| In re:<br>ZETIA (EZETIMIBE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MDL No. 2:18-md-2836 |

**[PROPOSED] ORDER**

This matter is before the Court upon Defendants' Joint Motion to Seal ("Motion to Seal") (1) Portions of Defendants' Slides for Direct Purchaser Plaintiffs' Motion For Class Certification ("Portions of Defendants' DPP Slides"); (2) Portions of Defendants' Presentation Slides for Dr. James Hughes Ph.D. for EPP Class Certification Hearing ("Portions of Defendants' EPP Hughes Slides"); and (3) Portions of Defendants' Presentation on Ascertainability for EPP Class Certification Hearing ("Portions of Defendants' EPP Ascertainability Slides"), pursuant to Local Civil Rule 5. Each document was submitted to the Court in connection with the class certification hearings held on May 1, 2020 for the above-captioned action, and Defendants request that portions of those materials be sealed pursuant to the Court's Minute Entry, dated May 4, 2020 (Dkt. 927). Having considered the Motion to Seal, and having determined that this action involves allegations requiring the disclosure of sensitive and confidential business and financial information, this Court makes the following findings of fact and conclusions of law.

**Findings of Fact**

1. On May 11, 2020, the Defendants filed their Motion to Seal. In connection with the Motion to Seal, the Defendants also filed a Proposed Order to seal these materials, a Memorandum in Support of Motion to Seal, a Declaration in Support of Sealing, and a Notice of Motion to Seal pursuant to Local Rule 5.

2. The Motion to Seal seeks to seal Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides. The Court has already filed each set of slides under seal and asked the parties to redact them for further consideration. The Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides that Defendants seek to seal refer to, describe and/or quote from documents that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the Discovery Confidentiality Order (ECF No. 171). Specifically, the following materials are confidential and should be sealed:

- Portions of Defendants' DPP Slides (Slides 19, 20, and 22) contain nonpublic, financial information related to the Plaintiffs', Defendants' and third parties' sensitive business, sales and pricing information and practices, including specific figures for purported overcharges that are derived from and potentially reveal purchase and pricing information for transactions in which the DPPs were involved;
- Portions of Defendants' EPP Hughes Slides (Slides 5, 7-12, 19, 21-25, and 28) contain nonpublic, financial information related to the Plaintiffs', Defendants' and third parties' sensitive business, sales and pricing information and practices and related confidential materials; and

- Portions of Defendants' EPP Ascertainability Slides (Slides 10 and 16) contain nonpublic and confidential information related to the EPPs' PBM arrangements.

Sealing Declaration of Eric J. Stock filed in Support of Motion to Seal ("Stock Sealing Declaration") at ¶¶ 2-5.

3. Sealing the limited confidential materials redacted in the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides satisfies all three *Ashcraft* requirements.

4. Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides that the Defendants seek to seal contain confidential sensitive, financial, sales and pricing information that are not generally known. This information includes confidential details about, among other things, revenues, pricing, rebates, and other competitive activities and strategies. Public disclosure of this confidential information would cause competitive harm and place Defendants and/or other parties at a competitive disadvantage. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may "refuse to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Defendants therefore have a legitimate interest that warrants an order granting Defendants' request to seal the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides.

5. The Defendants have filed a declaration in support of sealing Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides.

3

**Conclusions of Law**

1. Local Civil Rule 5 supports the sealing of the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides that the Defendants have identified as containing confidential information.

2. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g.*, *Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

3. The Defendants have met the public notice requirement by filing a separate Notice of Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the Notice of the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302). Short of sealing the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides, there are no less drastic alternatives that appropriately enable the parties to preserve the confidential nature of the materials and make the arguments necessary to fully brief their respective positions on class certification.

4. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this Order.

5. The Defendants have filed sealed copies of the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides with the Court and have sent copies to counsel for the parties in this action.

6. By only filing limited Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides under seal, the Defendants have employed all reasonable efforts to limit the materials sealed in connection with the underlying motion in compliance with the law of this Circuit and this Court.

7. For the sake of consistency with practices governing the case as a whole, the sealed Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides should remain sealed until the earlier of a further order from this Court or forty-five (45) days after the final resolution of this matter, at which point they should be returned to counsel.

THEREFORE, the Motion to Seal is GRANTED and it is ORDERED that:

1. As set forth above, the Clerk shall maintain under seal the Portions of Defendants' DPP Slides, Portions of Defendants' EPP Hughes Slides, and Portions of Defendants' EPP Ascertainability Slides tendered at the hearing. The redacted versions of these materials and the Public Version of The Fourth Set of Slides entitled: "Defendants' Presentation on EPP Class Certification Legal Issues" attached to the Defendants' Motion to Seal shall be maintained as public versions of these filings.

2. The sealed material shall remain sealed until the earlier of a further order from this Court or forty-five (45) days after the final resolution of this matter, at which point the sealed material should be returned to counsel.

Date: _____  _____
Judge, United States District Court
Eastern District of Virginia