# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA - NORFOLK DIVISION

| | |
|---|---|
| In re:<br>ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2:18-md-2836 |
| THIS DOCUMENT RELATES TO:<br>ALL END-PAYOR PLAINTIFF CLASS ACTIONS | |

## DECLARATION OF ERIC J. STOCK IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Eric J. Stock, declare as follows:

1. I am an attorney admitted to practice in the State of New York. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and I am admitted *pro hac vice* in the above-captioned action representing Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC (collectively, "Merck"). I respectfully submit this declaration in support of Defendants' Supplemental Memorandum of Law in Opposition to End-Payor Plaintiffs' Motion for Class Certification ("Defendants' Supplemental Brief").

2. Attached hereto as **Exhibit 1** is a true and correct copy of a confidential document produced by a third-party, which is discussed in Defendants' Supplemental Brief on page 4.

3. Attached hereto as **Exhibit 2** is a true and correct copy of a confidential document produced by defendant Merck stamped MRKZETIA000944465, which is discussed in Defendants' Supplemental Brief on page 4.

4. Attached hereto as **Exhibit 3** is a true and correct copy of an excerpt from a confidential document produced by End-Payor Plaintiffs in the backup materials to the May 15, 2020 Supplemental Declaration of Dr. Russell Lamb, which is discussed in Defendants' Supplemental Brief on pages 5–6. Exhibit 3 shows the shares of Medicare Part D enrollees in the initial coverage, coverage gap, and catastrophic coverage phases in certain years (with the remaining enrollees being from the deductible phase).

5. Attached hereto as **Exhibit 4** is a true and correct copy of an excerpt from Medicare Payment Advisory Commission, "A Data Book: Health Care Spending and the Medicare Program," dated June 2018, which is discussed in Defendants' Supplemental Brief on pages 5–6. Together with Exhibit 5, Exhibit 4 (at page 171) shows that in 2015, 31% of enrollees did not make it past the deductible phase, and only 10% of enrollees made it to the catastrophic coverage phase.

6. Attached hereto as **Exhibit 5** is a true and correct copy of an excerpt from The Henry J. Kaiser Family Foundation Trust, "An Overview of the Medicare Part D Prescription Drug Benefit," dated November 2019, which is discussed in Defendants' Supplemental Brief on pages 5–6. At page 6, Figure 3, Exhibit 5 shows that the prescription drug spending thresholds set forth in Exhibit 4 (at page 171) correspond to the different phases of Medicare Part D in 2015.

7. Attached hereto as **Exhibit 6** is a true and correct copy of Department of Health and Human Services, Office of Inspector General, "High-Price Drugs Are Increasing Federal Payments for Medicare Part D Catastrophic Coverage," dated January 2017, which is discussed in Defendants' Supplemental Brief on page 6.

8. Attached hereto as **Exhibit 7** is a true and correct copy of USC Schaeffer, "How Would Sharing Rebates at the Point-of-Sale Affect Beneficiary Cost-Sharing in Medicare Part D?," dated March 2020, which is discussed in Defendants' Supplemental Brief on page 6.

9. Attached hereto as **Exhibit 8** is a true and correct copy of an excerpt from Congressional Budget Office, "Prices for and Spending on Specialty Drugs in Medicare Part D and Medicaid: An In-Depth Analysis," dated March 2019, which is discussed in Defendants' Supplemental Brief on page 6.

10. Attached hereto as **Exhibit 9** is a true and correct copy of an excerpt from The Henry J. Kaiser Family Foundation Trust, "Employer Health Benefits 2015 Annual Survey," dated September 2015, which is discussed in Defendants' Supplemental Brief on page 7.

11. Attached hereto as **Exhibit 10** is a true and correct copy of U.S. Department of Labor, "Report to Congress Annual Report on Self-Insured Group Health Plans," dated March 2018, which is discussed in Defendants' Supplemental Brief on page 7.

12. I also have attached, for the Court's convenience, copies of one document that I displayed during the class certification hearing. Attached hereto as **Exhibit 11** is a true and correct copy of The Henry J. Kaiser Family Foundation Trust, "The Medicare Part D Prescription Drug Benefit," dated October 2015, which was displayed during the May 1, 2020 Class Certification Hearing (Hr'g Tr. at 67:15–69:13).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2020

Eric J. Stock

*/s/ Stephen E. Noona*
Stephen E. Noona

3

              Virginia State Bar No. 25367
              Kaufman & Canoles, P.C.
              150 W. Main Street, Suite 2100
              Norfolk, VA 23510-1665
              Telephone: (757) 624-3239
              Facsimile: (888) 360-9092
              senoona@kaufcan.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record who have filed an appearance.

> */s/ Stephen E. Noona*
> Stephen E. Noona
> Virginia State Bar No. 25367
> KAUFMAN & CANOLES, P.C.
> 150 W. Main Street, Suite 2100
> Norfolk, VA 23510-1665
> Telephone: (757) 624-3239
> Facsimile: (888) 360-9092
> senoona@kaufcan.com
>
> *Counsel for Defendants Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp. and MSP Singapore Co. LLC*