# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2:18-md-2836 |
| THIS DOCUMENT RELATES TO: ALL END-PAYOR ACTIONS | |

## [PROPOSED] ORDER

This matter is before the Court on the Defendants Glenmark Pharmaceuticals, Ltd. and Glenmark Pharmaceuticals Inc., USA, incorrectly identified as Glenmark Generics Inc., USA (collectively, "Glenmark's") Motion to Seal Portions of the Glenmark Defendants' Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing ("Motion to Seal"). Having considered the written submissions of the parties on the Motion to Seal, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. On July 31, 2020, Glenmark filed its Motion to Seal Portions of the Glenmark Defendants' Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing.

2. Along with the Motion to Seal, Glenmark filed a Memorandum in Support of the Motion to Seal, a Notice of their Motion to Seal on the public docket, all in compliance with Local Rule 5(C), and a Proposed Order.

3.       Glenmark's Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing contain confidential and proprietary information.

4.       The portions of the Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing that Glenmark seeks to file under seal were designated confidential or highly confidential during the course of discovery because their disclosure would cause competitive harm if made public and would place certain parties at a competitive disadvantage in relation to their competitors.

5.       Specifically, the redacted portions of the Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing identify and contain nonpublic and confidential information related to the EPPs' PBM arrangements that is not generally known.

## Conclusions of Law

6.       Local Civil Rule 5 supports the sealing of the redacted portions of the Memorandum.

7.       There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g.*, *Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). All three requirements are met here.

8.       Glenmark has met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302). The redacted portions of

Glenmark's Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing describe or quote directly from information that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Discovery Confidentiality Order entered in this case (ECF No. 171) and contain nonpublic and confidential information related to the EPPs' PBM arrangements that is not generally known.  Accordingly, there are no less drastic alternatives that appropriately enable the parties to argue their positions and to preserve the confidential nature of the materials.

9. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this Order.

10. Glenmark has filed sealed copies of its Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing with the Court and sent copies to counsel of record.

11. By filing redacted portions of the Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing, Glenmark has made all reasonable efforts to limit the materials sealed for the related motion in compliance with the law of this Circuit.

12. For the sake of consistency with practices governing the case as a whole, the redacted portions of the Presentation Slides from End Purchaser Plaintiffs' Motion For Class Certification Hearing should remain sealed until forty-five (45) days after the final resolution of this matter and then, be returned to counsel.

Dated: _____   _____
Honorable Douglas E. Miller
U.S. District Court Magistrate Judge