UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN RE: ZETIA (EZETIMIBE) ANTITRUST :
LITIGATION :
:
: MDL No. 2:18-md-2836
:
THIS DOCUMENT RELATES TO: :
All Consolidated Actions :

### ORDER

In this multidistrict litigation, Defendant Glenmark[1] moved this court to modify the schedule for oral argument currently set for July 20 and 21, 2022. (ECF No. 1594). All other parties have filed position statements addressing potential schedule modifications. As set out below, this short order amends certain matters set for oral argument.

### I. Procedural History

On May 20, 2022, after denial of class certification for the former putative direct purchaser class, the court set a June 30, 2022, joinder deadline for any unnamed direct purchaser plaintiffs.[2] (ECF No. 1564, at 8). The court also directed parties

---

[1] "Glenmark" consists of Glenmark Pharmaceuticals Limited and Glenmark Pharmaceuticals Inc., USA, the latter incorrectly identified as Glenmark Generics Inc., USA.

"Merck" consists of Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; and MSP Singapore Co. LLC.

[2] Relevant procedural history is set forth in greater detail in prior orders. See, e.g., (ECF No. 1564, 1593).

1

to present oral argument on several outstanding expert motions, (ECF Nos. 1040, 1042, 1048), and motions on Merck's assertions of privilege, (ECF Nos. 1053, 1074), at an in-person hearing. Id. at 11-12. That hearing was scheduled for July 20 and 21, 2022.

In accordance with the court's joinder deadline, on June 30, 2022, several unnamed direct purchasers (the "joinder plaintiffs")[3] moved to intervene in the present litigation. (ECF No. 1580). Also on June 30, several other unnamed direct purchaser plaintiffs (the "Optisource plaintiffs") filed new complaints in this court. See Giant Eagle, Inc. v. Merck & Co., Inc. et al, No. 2:22-cv-268 (E.D. Va. June 30, 2022); Burlington Drug Co., Inc. et al v. Merck & Co., Inc. et al, No. 2:22-cv-269 (E.D. Va. June 30, 2022).[4] The court established a July 13, 2022, deadline for the Optisource plaintiffs to move for consolidation with the pending MDL, and on that date, they so moved. Giant Eagle, No. 2:22-cv-268 (ECF Nos. 7, 17); Burlington Drug, No. 2:22-cv-269 (ECF Nos. 7, 17).

---

[3] McKesson Corporation, AmerisourceBergen Corporation; AmerisourceBergen Drug Corporation; H.D. Smith, LLC; Smith Medical Partners, LLC; Valley Wholesale Drug Company, LLC; Cardinal Health, Inc.; The Harvard Drug Group, L.L.C.; Cardinal Health P.R. 120, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; SUPERVALU, Inc.; Wegmans Food Markets, Inc.; KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc.; and MLI RX, LLC.

[4] Burlington Drug Company, Inc.; Dakota Drug, Inc.; J M Smith Corporation d/b/a Smith Drug Company; Louisiana Wholesale Drug Co., Inc.; North Carolina Mutual Wholesale Drug Company; Prescription Supply, Inc.; and Value Drug Company.

2

On July 7, 2022, Glenmark requested that oral argument on all the outstanding motions be deferred until after the July 22, 2022, status conference. (ECF No. 1589). Glenmark later converted that request to a motion, (ECF No. 1594), with a memorandum in support, (ECF No. 1595). On the same day, counsel for the Named Direct Purchasers and the joinder plaintiffs wrote to advise the court that neither they nor counsel for the Optisource plaintiffs would seek oral argument on already argued motions. (ECF No. 1590). Direct Purchasers' counsel also urged the court to use the time allowed to schedule oral argument on Defendant's Motions for Summary Judgment (ECF Nos. 1037, 1067).[5] Id.

On July 8, 2022, this court provided parties with the opportunity to file responsive position statements. (ECF No. 1593).[6] The Retailer Plaintiffs requested that the court proceed with oral argument as originally scheduled. (ECF No. 1598). The End Payor Plaintiffs opposed delaying oral argument on the pending Daubert and sword/shield motions. (ECF No. 1599). The Direct Purchasers -- along with the Optisource and joinder plaintiffs -- also opposed delaying oral argument and reiterated their request

---

[5] On June 8, 2022, I responded to counsel's question about the extent of oral argument, stating that "if circumstances permit I may set argument on the Defendants' outstanding motion for summary judgment as well."

[6] Although the court requested position statements in responses to its order, (ECF No. 1593), it resolves all responses with Glenmark's motion, (ECF No. 1594).

that the summary judgment motions be set. (ECF No. 1601). Merck did not oppose oral argument on the scheduled motions but requested that oral argument on the summary judgment motions be set for after the status conference, sometime in late August 2022. (ECF No. 1602). Glenmark responded that, in light of representations by counsel for Direct Purchasers, it would not oppose oral argument, including on summary judgment, assuming the new plaintiffs agreed to be bound. (ECF No. 1600).

In their position statement, the Direct Purchasers indicated that the Optisource and joinder plaintiffs

> intend to seek no additional merits discovery from the defendants, no additional argument on pending motions, and no new merits expert reports. The only "new" discovery would be (i) calculating updated damages for each individual plaintiff . . . and (ii) producing modest discovery concerning the plaintiffs' purchases of brand and generic Zetia. . . . [A]ll new plaintiffs sought to obtain the benefits and consequences of all relevant earlier Court orders, rulings, and agreements of the parties, [and] that plaintiffs' counsel was conferring about the mechanics of a proposed order expressing those commitments . . . .

(ECF No. 1601, at 5). In discussions between parties, plaintiffs represented to Glenmark that it was "likely that all such Plaintiffs will agree to be bound by the outcome" of all motions. (ECF No. 1600, at 1). However, the Optisource and joinder plaintiffs have not yet stipulated such on the record, and in their motions for consolidation on July 13, 2022, they did not indicate such intent. See Giant Eagle, No. 2:22-cv-268 (ECF Nos. 17, 18);

4

Burlington Drug, No. 2:22-cv-269 (ECF Nos. 17, 18). Both Merck and Glenmark seek clarity on this point, and oral argument on summary judgment only after that clarity. See (ECF No. 1600, at 2); (ECF No. 1602, at 4).

## II. DISCUSSION

As the bases for its delay request, Glenmark asserts prejudice, as well as efficiency and judicial economy, and cites the impending addition of the Optisource and joinder plaintiffs. (ECF No. 1595, at 5-6). Glenmark also raises concern about new counsels' familiarity with the motions as well as the possibility that new discovery might bear on the motions. Id. at 1. However, after the denial of class certification, Glenmark was aware that new direct purchasers could join the MDL, and the court's prior orders clarified the joinder timeline. The joinder plaintiffs have also represented that they will abstain from extensive discovery, and that counsel believes the Optisource plaintiffs intend a similar course. The court is eager to proceed with the consolidated cases, which have been pending in this court for over four years. See (ECF No. 1564). It is therefore appropriate to proceed with the Daubert and sword/shield motions as scheduled.

However, the court will not reserve time during the July 2022 hearings for Defendants' pending summary judgment motions (ECF No. 1037, 1067). The Optisource plaintiffs have moved for, but not yet been consolidated with the pending MDL. Also, the Optisource

5

plaintiffs proceeding by new complaints have not stipulated on the record through their separately engaged counsel that they will be bound by the outcome of these motions. As the reserved dates for oral argument are now only one week away, argument on summary judgment would not be appropriate.

### III. ADJUSTED SCHEDULE

The court GRANTS IN PART and DENIES IN PART Glenmark's motion to delay oral argument. (ECF No. 1594). The court hereby ADJUSTS oral argument before the Magistrate Judge as follows:

1. Oral argument scheduled for Wednesday, July 20, 2022, is cancelled. In-person oral argument will be held on Thursday, July 21, 2022.

2. The schedule for oral argument at the July 21, 2022, hearing before the Magistrate Judge will proceed according to the following schedule:

      10:00 am -- ECF No. 1042 (Defendants' Joint Motion to Exclude Testimony and Opinions of Plaintiffs' Patent Merits Expert Robert Hrubiec)

      10:30 am -- ECF No. 1048 (Defendants' Joint Motion to Exclude Testimony and Opinions of Plaintiffs' Experts Drs. Thomas McGuire and Keith Leffler)

      11:00 am -- ECF No. 1053, 1074 (Plaintiffs' Motion for an Order Precluding Specified Argument and Evidence at Summary Judgment and Trial Based on Merck's Privilege Assertions)

      -- scheduled break --

        2:00 pm  -- ECF No. 1040 (Defendant's Joint Motion to Exclude Proposed Expert Opinions and Testimony of Plaintiffs' Generic Launch Timing Experts Jon Clark and Todd Clark)

3. The Defendants' motions for summary judgment (ECF Nos. 1037, 1067) will be argued in August 2022. Available court dates include the following: 8/1, 8/3, 8/16, 8/17, 8/23, and 8/24. Parties should confer regarding their availability and come to the July 22, 2022, status conference with either an agreed date among these or prepared to address scheduling conflicts which prevent agreement.

No party has requested any change in the status conference before Judge Rebecca Beach Smith and the Magistrate Judge, which remains scheduled for July 22, 2022.[7]

IT IS SO ORDERED.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER,
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 13, 2022

---

[7] Although not yet consolidated, the court requested that this Order be posted on CM/ECF in the newly filed matters of <u>Giant Eagle, Inc. v. Merck & Co., Inc. et al</u>, No. 2:22-cv-268 (E.D. Va. June 30, 2022), and <u>Burlington Drug Co., Inc. et al v. Merck & Co., Inc. et al</u>, No. 2:22-cv-269 (E.D. Va. June 30, 2022).