IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Actions* | Case No. 2:18-md-2836 |

### MEMORANDUM IN SUPPORT OF PURCHASERS' MOTION TO ALLOCATE TRIAL TIME

The purchasers respectfully move the Court to allocate 60% of the scheduled trial time to the purchasers and 40% to the defendants.[1] This Court has scheduled 5 weeks for the trial of this case (ECF No. 1765). Purchasers believe that it would be appropriate to allocate 60% of the total scheduled hours to their case, and 40% to defendants for the reasons set forth below.

*First*, purchasers should be allocated additional time because they have the burden of proof at trial. *See, e.g.*, *In re McKean*, No. 11-44932, 2012 WL 3074801, at *4 (Bankr. N.D. Cal. July 30, 2012) (allocating 57% of the allotted trial time to the plaintiff); Order, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-md-2885 (M.D. Fla., entered Aug. 4, 2021), ECF No. 1852 (allocating 55% of the allotted trial time to plaintiffs); *Navellier v. Sletten*, 262 F.3d 923, 942 (9th Cir. 2001) (initially allocating to plaintiffs 57% of the scheduled trial time, and later extending the plaintiffs' proportion of the hours). Studies of civil trials across several case categories have found that a plaintiff's presentation averages at least twice as long as a defendant's presentation, with plaintiffs in some categories taking three times as long on

---

[1] Either the Court or the parties can keep track of the time. All direct examination and cross examination conducted by a side would be charged against the total time allocated to that side. The time for openings and closings could either be included in the total time allocated or separately set.

average.  *See* Dale Anne Sipes, et al., *On Trial: The Length of Civil and Criminal Trials*, Nat'l Ctr. For State Courts 9-10 tbl. 1 & 2 (1988).  Commentators assessing this data have concluded that when trial time limits are imposed, it is patently unfair to split the time equally between plaintiffs and defendants.  *See* Nora Freeman Engstrom, *The Trouble with Trial Time Limits*, 106 GEO. L.J. 933, 972-73 (2018) ("[C]utting trial time down the middle is often patently *unfair* because the plaintiff has the burden of proof and almost necessarily must amass more evidence than the defendant to prevail. … But do plaintiffs really need more time than defendants? The answer, supplied by the NCSC, is a resounding yes."); *see also* The Honorable Nathaniel Gorton, *Time Limits in Civil Jury Trials*, https://civiljuryproject.law.nyu.edu/time-limits-in-civil-jurytrials/.

*Second*, the purchasers represent a much more diverse group of parties represented by more law firms than defendants.  While there are only two defendants, each represented by a primary law firm and local Virginia counsel, the purchasers consist of 25 direct purchasers, 7 retailer plaintiffs, and a class of end payor plaintiffs, represented by more than 20 law firms. While the purchasers intend to coordinate the prosecution of this case to the greatest extent possible, the different interests of the purchasers are likely to take some trial time to address. Most significantly, the direct purchasers and retailers are suing under federal antitrust law in which they are entitled to recover all overcharges on direct purchases whereas the end payor plaintiffs are suing under state laws that do not limit recoveries to direct purchasers.  *Cf. Official Comm. of Unsecured Creditors v. Baldwin*, No. 10-cv-800, 2013 WL 309975, at *5-6 (W.D. Pa. Jan. 25, 2013) (in a securities case where there was a single plaintiff group, but two defendants' groups, allocating 12 hours for the plaintiffs' case and 15 hours (56%) to the defendants' case).

*Third,* in addition to carrying the legal burden of proof, plaintiffs go first and must educate the jury about the basic facts of the case. *See* Order, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-md-2885 (M.D. Fla., entered Aug. 4, 2021), ECF No. 1852 at 3 (allocating 55% of the allotted trial time to plaintiffs because they must "educate the jury early in the trial"). In a reverse payment case like this one, that is a very substantial burden. To present their claims, the purchasers will need to educate the jury on, *inter alia*, the United States Food & Drug Administration ("FDA") approval process for brand and generic drugs including New Drug Applications ("NDAs"), Abbreviated New Drug Applications ("ANDAs"), first-to-file ("FTF") exclusivity, and the Orange Book; Hatch-Waxman patent lawsuits; the use of authorized generics; and the economics of reverse payments. In addition, this case is principally about defendants' conduct, not the purchasers' conduct. As a result, the purchasers will need to introduce the defendants Merck and Glenmark, Glenmark's partner Par, the individuals who negotiated the patent settlement with the reverse payment, and the financial consultants contacted about the no-AG agreement. While the defendants may not agree with all of the evidence that the purchasers present on these issues, they will not need to start from a blank slate in their case. Instead, in their case, they will be able to focus only on the areas of disagreement. The jury will already know the basics of FDA regulatory approval, patent litigation, and the economics of settlement agreements in the pharmaceutical industry. The jury will also know the main players in the Zetia patent litigation and settlement. For example, it is unlikely that the defendants will need to spend much time at all to introduce their principal witnesses like Mr. Paul Matukaitis, Vice President and Assistant General Counsel for Merck during the relevant time period and the principal negotiator for Merck during its settlement negotiations with Glenmark in May 2010, or Vijay Soni, President of Global Intellectual Property and Project

3

Strategy for Glenmark, and the principal negotiator for Glenmark. Defendants may present additional evidence about who these individuals are and what they did, but they will not need to introduce them to the jury.

*Finally*, experience in cases like this one shows that the plaintiffs' case takes significantly longer than the defendants' case. In post-*Actavis* reverse payment cases in which both plaintiffs and defendants have presented all of their evidence to the jury in the initial phase of the trial, the plaintiffs' case has been significantly longer than the defense case. For instance, in *Nexium*, in an initial first phase of the trial limited to proof of the reverse payment violation and causation, the plaintiffs offered 20 witnesses live and by video over the course of 18 days, and the defendants offered 6 witnesses live and by video over the course of 5 days. *In re: Nexium (Esomeprazole) Antitrust Litig.*, No. 1:12-md-02409-WGY, ECF Nos. 1138, 1151, 1153, 1154, 1155, 1156, 1157, 1159, 1160, 1165, 1179, 1181, 1182, 1310, 1312, 1314, 1315, 1316, 1317, 1319, 1376, 1377, 1378, 1380 (D. Mass.).[2] Similarly, in *Provigil*, in an initial phase limited to proof of the reverse payment violation, the plaintiffs offered 23 witnesses live and by video over the course of 8 days, and the defendants offered 6 witnesses live and by video over the course of 4 days.[3] *See Apotex, Inc. v. Cephalon, Inc.*, No. 2:06-cv-02768-MSG, Trial Trs. at ECF Nos. 1267, 1268, 1269, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1279, 1280, 1281, 1282 (E.D. Pa.).[4] And, most recently in *Opana*, in an initial trial phase limited to liability, the plaintiffs offered 23 witnesses live and by video over the course of 10 days, and the defendants

---

[2] On Day 19 of the *Nexium* trial, plaintiffs called their final witness and rested their case in chief in the morning, and defendants began to present their case. For simplicity, Day 19 is included as a full day in both the plaintiffs' and defendants' trial day counts.

[3] A plaintiffs' expert testified on two of the four defense days due to a scheduling conflict.

[4] The indices of the transcripts for each day are attached as Exhibit 1.

offered 6 witnesses live and by video over the course of 3 days. *In re Opana ER Antitrust Litig.*, No. 1:14-cv-10150 (N.D. Ill.), Trial Trs. at ECF Nos. 1011, 1012, 1013, 1014, 1015, 1016, 1017, 1018, 1019, 1020, 1021, 1022, 1023, 1024, 1025, 1026, 1027, 1028, 1029, 1030, 1031, 1032, 1033, 1034 (N.D. Ill.).[5]

For all of the foregoing reasons, the purchasers believe that it is most appropriate to allocate 60% of the total trial time to the purchasers' case, and 40% of the total trial time to defendants.

Dated: March 3, 2023

Respectfully submitted,

*/s/ William H. Monroe, Jr.*
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
Facsimile: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

*Local Counsel for Plaintiffs FWK Holdings, LLC, Rochester Drug Cooperative, Inc., Cesar Castillo, LLC, McKesson Corporation, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, H.D. Smith, LLC, Smith Medical Partners, LLC, Valley Wholesale Drug Company, LLC, Cardinal Health, Inc., The Harvard Drug Group, L.L.C., Cardinal Health P.R. 120, Inc., Meijer, Inc., Meijer Distribution, Inc.,*

---

[5] On Day 11 of the *Opana* trial, plaintiffs called their final witness and rested their case in chief in the morning, and defendants began to present their case. For simplicity, Day 11 is included as a full day in both the plaintiffs' and defendants' trial day counts.

5

*SUPERVALU, Inc., Wegmans Food Markets, Inc., KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc., and MLI RX, LLC, and Member of the Direct Purchaser Executive Committee*

Thomas M. Sobol (pro hac vice)
Kristen A. Johnson (pro hac vice)
Erin C. Burns (pro hac vice)
Hannah Schwarzschild (pro hac vice)
Rachel Downey (pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
kristenj@hbsslaw.com
hannahs@hbsslaw.com
erinb@hbsslaw.com
racheld@hbsslaw.com

*Lead Counsel for the Direct Purchaser Plaintiffs and Counsel for Plaintiffs FWK Holdings, LLC, McKesson Corporation, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, H.D. Smith, LLC, Smith Medical Partners, LLC, Valley Wholesale Drug Company, LLC, Cardinal Health, Inc., The Harvard Drug Group, L.L.C., and Cardinal Health P.R. 120, Inc.*

| | |
|---|---|
| David F. Sorensen (pro hac vice)<br>Ellen T. Noteware (pro hac vice)<br>BERGER MONTAGUE PC<br>Peter R. Kohn (pro hac vice)<br>Joseph T. Lukens (pro hac vice)<br>Neill W. Clark (pro hac vice)<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>Facsimile: (215) 875-4604<br>dsorensen@bm.net<br>enoteware@bm.net | Peter R. Kohn (pro hac vice)<br>Joseph T. Lukens (pro hac vice)<br>Neill W. Clark (pro hac vice)<br>FARUQI & FARUQI, LLP<br>One Penn Center, Suite 1550<br>1617 John F. Kennedy Boulevard<br>Philadelphia, PA 19103<br>Telephone: (215) 277-5770<br>Facsimile: (215) 277-5771<br>pkohn@faruqilaw.com<br>jlukens@faruqilaw.com<br>nclark@faruqilaw.com |

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiffs Rochester Drug Cooperative, Inc., McKesson Corporation, AmerisourceBergen Corporation, AmerisourceBergen Drug Corporation, H.D. Smith, LLC, Smith Medical Partners, LLC, Valley Wholesale Drug Company, LLC, Cardinal Health, Inc., The Harvard Drug Group, L.L.C., and Cardinal Health P.R. 120, Inc.*

Paul E. Slater
Joseph M. Vanek (*pro hac vice*)
David P. Germaine (*pro hac vice*)
Alberto Rodriguez (*pro hac vice*)
SPERLING & SLATER, P.C.
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
mslater@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
arodriguez@sperling-law.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiffs FWK Holdings, LLC, Meijer, Inc., Meijer Distribution, Inc., and SUPERVALU, Inc.*

Linda P. Nussbaum (*pro hac vice*)
Peter Moran (*pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
Telephone: (917) 438-9189
lnussbaum@nussbaumpc.com
pmoran@nussbaumpc.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiffs Cesar Castillo, LLC and Wegmans Food Markets, Inc.*

Bradley J. Demuth (pro hac vice)
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
bdemuth@faruqilaw.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiffs Rochester Drug Cooperative, Inc. and MLI RX, LLC*

Michael L. Roberts (pro hac vice)
Karen Sharp Halbert (pro hac vice)
Stephanie Smith (pro hac vice)
Sarah E. DeLoach (pro hac vice)
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Little Rock, AR 72223
Telephone: (501) 821-5575
Facsimile: (501) 821-4474
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
stephaniesmith@robertslawfirm.us
sarahdeloach@robertslawfirm.us

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiffs FWK Holdings, LLC and KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc.*

Steve D. Shadowen (pro hac vice)
Matthew C. Weiner (pro hac vice)
Tina Miranda (pro hac vice)
HILLIARD & SHADOWEN LLP
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com
tmiranda@hilliardshadowenlaw.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiff FWK Holdings, LLC*

7

John D. Radice (pro hac vice)
April Lambert (pro hac vice)
Daniel Rubenstein (pro hac vice)
Kenneth Pickle (pro hac vice)
Luck Smith (pro hac vice)
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com
drubenstein@radicelawfirm.com
kpickle@radicelawfirm.com
lsmith@radicelawfirm.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiff FWK Holdings, LLC*

Sharon K Robertson (pro hac vice)
Donna M. Evans (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiff FWK Holdings, LLC*

Joseph H. Meltzer (pro hac vice)
Terence S. Ziegler (pro hac vice)
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiff FWK Holdings, LLC*

Barry Taus (pro hac vice)
Archana Tamoshunas (pro hac vice)
Kevin Landau (pro hac vice)
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, NY 10038
Telephone: (646) 873-7654
btaus@tcllaw.com
atamoshunas@tcllaw.com
klandau@tcllaw.com

*Member of the Direct Purchaser Executive Committee and Counsel for Plaintiff Rochester Drug Cooperative, Inc.*

Jayne A. Goldstein (pro hac vice)
Miller Shah, LLP
1625 North Commerce Parkway, Ste. 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367
jagoldstein@millershah.com

*Counsel for Plaintiff Cesar Castillo, LLC*

8

|  |  |
|---|---|
|  | */s/ James A. Cales III* <br> James A. Cales III (VSB No. 41317) <br> Alan Brody Rashkind (VSB No. 12658) <br> FURNISS, DAVID, RASHKIND & SAUNDERS PC <br> 6160 Kempsville Circle, Suite 341B <br> Norfolk, VA 23502 <br> Telephone: (757) 461-7100 <br> arashkind@furnissdavis.com <br> jcales@furnissdavis.com <br> *Local Counsel for the End-Payor Class* |
| Marvin A. Miller (pro hac vice) <br> Lori A. Fanning (pro hac vice) <br> MILLER LAW LLC <br> 145 S. Wells Street, Suite 1800 <br> Chicago, IL 60606 <br> Telephone: (312) 332-3400 <br> mmiller@millerlawllc.com <br> lfanning@millerlawllc.com | Michael M. Buchman (pro hac vice) <br> MOTLEY RICE LLC <br> 777 Third Avenue, 27th Floor <br> New York, NY 10017 <br> Telephone: (212) 577-0040 <br> mbuchman@motleyrice.com |

*Co-Lead Counsel for the End-Payor Class*

|  |  |
|---|---|
|  | */s/ John F. Sawyer* <br> John F. Sawyer (VA Bar No. 65902) <br> WOLCOTT RIVERS GATES <br> Convergence Center V <br> 200 Bendix Road, Suite 300 <br> Virginia Beach, VA 23452 <br> Telephone: 757-554-0249 <br> Facsimile: 757-497-7267 <br> sawyer@wolriv.com <br><br> *Local Counsel for Burlington Drug Company, Inc., Dakota Drug, Inc., J M Smith Corporation d/b/a Smith Drug Company, Louisiana Wholesale Drug Co., Inc., North Carolina Mutual Wholesale Drug Company, Prescription Supply, Inc., and Value Drug Company, Giant Eagle, Inc., and the Retailer Plaintiffs* |
| Bruce E. Gerstein (pro hac vice) <br> Kimberly Hennings (pro hac vice) <br> David B. Rochelson (pro hac vice) <br> GARWIN GERSTEIN & FISHER LLP | Susan Segura <br> David Raphael <br> SMITH SEGURA RAPHAEL & LEGER LLP |

9

88 Pine St., 10th Floor
New York, NY 10005
Telephone: (212) 395-0055
bgerstein@garwingerstein.com
khennings@garwingerstein.com
drochelson@garwingerstein.com

221 Ansley Blvd.
Alexandria, LA
Telephone: (318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com

Stuart E. Des Roches
ODOM & DES ROCHES LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
Telephone: (504) 522-0077
stuart@odrlaw.com

*Counsel for Burlington Drug Company, Inc., Dakota Drug, Inc., J M Smith Corporation d/b/a Smith Drug Company, Louisiana Wholesale Drug Co., Inc., North Carolina Mutual Wholesale Drug Company, Prescription Supply, Inc., and Value Drug Company*

Scott E. Perwin (pro hac vice)
Lauren C. Ravkind (pro hac vice)
Anna T. Neill (pro hac vice)
KENNY NACHWALTER P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
sperwin@knpa.com
lravkind@knpa.com
aneill@knpa.com
*Counsel for the Retailer Plaintiffs (No. 2:18-cv-266) and Giant Eagle, Inc.*

Barry L. Refsin (pro hac vice)
Eric L. Bloom (pro hac vice)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER P.A.
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
brefsin@hangley.com
ebloom@hangley.com

*Counsel for the Retailer Plaintiffs CVS and Rite Aid (Nos. 2:18-cv-423 & 2:18-cv-439)*

Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Erin Gibson Allen
MARCUS & SHAPIRA LLP
301 Grant Street
One Oxford Centre, 35th Floor
Pittsburgh, PA 15219-6401
Telephone: 412-471-3490
Facsimile: 412-391-8758
marcus@marcus-shapira.com
cain-mannix@marcus-shapira.com
hill@marcus-shapira.com
allen@marcus-shapira.com

10

*Counsel for Giant Eagle, Inc.*