

June 2, 2023

**VIA ECF**

Hon. Rebecca Beach Smith
United States District Judge
U.S. District Court for the Eastern District of Virginia
Walter E. Hoffman
United States Courthouse
600 Granby Street
Norfolk, VA 23510

Re:   *In re: Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2:18-md-2836 and *United Healthcare Servs., Inc. v. Merck & Co., et al.*, No. 2:20-cv-1005 – Plaintiff United Healthcare Services, Inc.'s Statement Regarding Remand

Dear Judge Smith:

Pursuant to the Court's May 26, 2023 Order, I write on behalf of Plaintiff United HealthCare Services, Inc. ("United") to clarify United's position on "whether it formally opposes remand at this juncture." Order, ECF No. 2143 (May 26, 2023). United does not oppose remand at this juncture.

As United stated in its May 22 letter, some issues common to the cases of the "Opt Out Plaintiffs" (including United) remain unresolved. ECF No. 2130. Those issues are: (1) whether Plaintiffs suffered antitrust injuries as a result of Defendants' unlawful delay of generic ezetimibe in the form of overcharges for Vytorin, which was Merck's branded medication consisting of a fixed dose of branded Zetia and a generic statin; (2) whether Plaintiffs have adequately pled certain state law consumer protection and unjust enrichment claims; and (3) the potential for discovery relating to those claims. The Vytorin issue was first raised in motions to dismiss United's complaint. ECF Nos. 1282-84, 1302, 1311. The Court referred those motions to the Hon. Douglas E. Miller and it was argued on January 27, 2022. ECF No. 1489. At Judge Miller's request, counsel for Kaiser, Humana, and Centene attended the hearing to answer questions so that he would not have to decide the issue multiple times. *Id.* at 7. Counsel for those Plaintiffs told Judge Miller that they had pled an additional Vytorin theory than the one alleged by United. *Id.* at 7-8.

Judge Miller ruled that he would allow United to amend its complaint to allege certain additional facts specific to United's argument that, if generic ezetimibe were available, it would have used the tools at its disposal (such as formulary changes, adding step therapy requirements, or excluding coverage of Vytorin) to shift coverage from Vytorin to its two generic components, ezetimibe and a statin, at far lower prices. ECF No. 1487. In ruling, Judge Miller found Kaiser, Humana, and Centene "allege Vytorin damages based on similar facts." *Id.* at 3. Judge Miller permitted all the Opt-Out Plaintiffs to file amended

complaints by February 9, 2022, directed Defendants to file motions to dismiss the Kaiser, Humana, and Centene complaints, and, if United amended, to file a supplemental motion to dismiss brief. *Id.* at 4-5. The subsequent briefing is set forth in ECF Nos. 1520-23, 1530-31, 1534-35, 1538, 1692. There has been no further briefing and oral argument was not scheduled. The Vytorin issue raises certain common issues of fact and law, such as whether Merck priced Vytorin by reference to Zetia at supracompetitive prices (Zetia comprised 95% of Vytorin's raw material cost). *See* ECF No. 1531 at 4-5. Other issues, however, are unique to each Plaintiff; for example, how that Plaintiff would have responded to the availability of generic ezetimibe. In United's case, it had internally decided that Vytorin was "therapeutically equivalent to the combination of Zetia and simvastatin" in 2009, which means that United could have excluded coverage of Vytorin had generic ezetimibe been available. *Id.*

In assessing the appropriateness of remand, the JPML considers whether "continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 688 (S.D. Tex. 2005) (quoting *In re Heritage Bonds Litig.*, 217 F.Supp.2d 1369, 1370 (J.P.M.L. 2002)). The transferee court's "discretion to suggest remand 'generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.'" *In re Merrill Lynch Auction Rate Securities Litig.*, 2010 WL 2541227, at *2 (S.D.N.Y. June 11, 2010) (quoting *In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. Jan. 12, 2001)). "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." Manual for Complex Litigation, Fourth § 20.133 at 225. Because the purpose of multidistrict litigation "is for the convenience of the parties and witnesses and [to] promote the just and efficient conduct" of the cases, 28 U.S.C. § 1407, "the decision of whether to suggest remand should be guided in large part by whether one option is more likely to 'insure the maximum efficiency for all parties and the judiciary.'" *United States ex rel. Hockett v. Columbia/HCA Healthcare*, 498 F.Supp.2d 25, 38 (D.D.C. 2007) (quoting *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)).

However, the mere existence of unresolved common issues does not preclude remand. The MDL statute expressly permits remand "before the conclusion of" pretrial proceedings. 28 U.S.C. § 1407(a). "'[I]t is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to [the transferee judge] by the Panel . . . ." *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 2011 WL 1046162, at *4 (S.D.N.Y. Mar. 22, 2011) (quoting *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977)). "For this reason, the JPML relies heavily on the transferee judge to determine when remand is appropriate, and 'the degree and manner of coordinated or consolidated pretrial proceedings is *left entirely to the discretion of the trial judge*.'" *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, 840 F. Supp. 2d 1193, 1199-200 (D. Minn. 2012) (emphasis in original) (quoting *In re Data Gen. Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979)); *accord, In re Light Cigarettes Mktg. Sales Practices Litig.*, 2011 WL 6151510, at *2 (D. Me. Dec. 12, 2011) ("[T]he JPML 'leave[s] the extent and manner of



coordination or consolidation ... to the discretion of the transferee court.'") (quoting *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005)).

Thus, "the Panel has 'consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate.'" *In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*, 2010 WL 1418399, at *1 (N.D. Ill. Apr. 6, 2010) (quoting *In re Managed Care Litig.,* 416 F.Supp.2d 1347, 1348 (J.P.M.L. 2006)). "The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended." *In re Holiday Magic Sec. & Antitrust Litig.,* 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). As one court has explained:

> The transferee judge, who is charged with the day-to-day supervision of centralized pretrial proceedings, has special insight into whether further coordinated or consolidated proceedings would be beneficial. In other words, he is in the best position to decide that the game no longer is worth the candle and that he perceives his role under section 1407 to have ended. Although the Court is leaving some pretrial work undone by suggesting remand, it believes that the central purpose of the JPML referral has been achieved now that discovery is over, class certification has been denied, and what remain are a handful of cases requiring individualized proof on many state-specific issues.

*In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, 840 F.Supp.2d at 1201 (cleaned up, internal quotations omitted) (finding remand appropriate despite pending dispositive motions).

United took the Court's May 3 Order as a clear indication that the Court believed remand was appropriate now, despite the few unresolved issues common to the Opt-Out Plaintiffs' cases. For that reason, United does not oppose remand. However, if the Court decides that remand is premature, then United will not seek remand until the Court later directs it to do so.

                                                                             Respectfully submitted,

                                                                             *s/ Amy L. Neuhardt*
                                                                             Amy L. Neuhardt (SBN 88263)
                                                                             *Counsel for United HealthCare Services, Inc.*



## CERTIFICATE OF SERVICE

      I hereby certify that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an email notification of such filing to all counsel of record who have made a formal appearance.

Dated: June 2, 2023                *s/ Amy L. Neuhardt*
                                         Amy L. Neuhardt (SBN 88263)
                                         BOIES SCHILLER FLEXNER LLP
                                         1401 New York Avenue, NW
                                         Washington, D.C. 20005
                                         Telephone: (202) 237-2727
                                         Facsimile: (202) 237-6131
                                         aneuhardt@bsfllp.com

                                         *Counsel for United HealthCare Services, Inc.*