UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION<br><br>This Document Relates To: All End-Payor Actions | MDL No. 2836<br>No. 2:18-md-2836-RBS-DEM |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT

This Court, having reviewed and considered the Settlement Agreement executed between the The City of Providence, Rhode Island, International Union of Operating Engineers Local 49 Health and Welfare Fund, Painters District Council No. 30 Health & Welfare Fund, Philadelphia Federation of Teachers Health & Welfare Fund, Sergeants Benevolent Association Health & Welfare Fund, The Uniformed Firefighters' Association of Greater New York Security Benefit Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, and United Food and Commercial Workers Local 1500 Welfare Fund (collectively, "End-Payor Plaintiffs" or "Plaintiffs"); and Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC (collectively "Merck"); Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA (collectively "Glenmark"), (collectively, "Defendants"); and the multi-state certified Class defined in End-Payor Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Schedule for a Fairness Hearing, ECF No. 2131, ORDERS:

1. Preliminary approval of the Settlement Agreement, subject to further consideration at the Fairness Hearing described below.

2. On August 20, 2021, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court certified the following End-Payor Plaintiff Class as against the Defendants:

All Third-Party Payor entities ("TPPs") within the Brand Subclass or the Generic Subclass defined herein that, for consumption by their members, employees, insureds, participants, or beneficiaries, and not for resale, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Zetia or its AB-rated generic equivalents in any form, that was sold through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia and Wisconsin from November 15, 2014 (the "but-for generic entry date") through November 18, 2019.

Brand Subclass: TPPs that indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of brand Zetia purchased between the but-for generic entry date and December 11, 2016, inclusive. Excluded from the Brand Subclass are Optum Health Part D Plans, Silverscript Part D Plans, Emblem Health Part D, Humana Part D Plans, Optum Health Managed Care Plans, and any TPPs that used one of these plans or OptumRx as its pharmacy benefits manager ("PBM") during this subclass period.

Generic Subclass: TPPs that indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of generic ezetimibe purchased between the generic entry date (December 12, 2016) and November 18, 2019, inclusive.

General Exclusions: The following entities are excluded from both subclasses:
    a. Defendants and their subsidiaries and affiliates;
    b. All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;
    c. All entities who purchased Zetia or generic Zetia for purposes of resale or directly from Defendants or their affiliates;
    d. Fully-insured health plans (*i.e.*, health plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members); and
    e. Pharmacy benefit managers.

**Also excluded from the Class are third-party payors that previously submitted timely and valid requests for exclusion. There is no new opportunity for third-party payors to request exclusion.**

3. Unless otherwise defined herein, capitalized terms referencing the Settlement Agreement shall have the meanings ascribed to those terms in each of the respective Settlement Agreements.

4. The Court previously appointed Plaintiffs The City of Providence, Rhode Island, International Union of Operating Engineers Local 49 Health and Welfare Fund, Painters District Council

No. 30 Health & Welfare Fund, Philadelphia Federation of Teachers Health & Welfare Fund, Sergeants Benevolent Association Health & Welfare Fund, The Uniformed Firefighters' Association of Greater New York Security Benefit Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, and United Food and Commercial Workers Local 1500 Welfare Fund as the class representatives ("Class Representatives"). ECF Nos. 1094, 1316. The Court also previously appointed Marvin Miller of Miller Law LLC and Michael M. Buchman of Motley Rice LLC as Interim Co-Lead Counsel for the Class on August 15, 2018. ECF No. 105. The Court later appointed Messrs. Miller and Buchman Co-Lead Counsel on August 20, 2021. ECF No. 1094, 1316.

5. The Fairness Hearing shall be held before this Court on September 21, 2023, at 12:00 P.M., before the Honorable Rebecca Beach Smith, in Courtroom 4 of the, United States District Court, Norfolk, Virginia, to determine: (i) whether the terms and conditions provided for in the proposed Settlement Agreement and are fair, reasonable, and adequate to the Class and should be finally approved by the Court; (ii) whether a Final Order and Judgment of Dismissal, Exhibit C to the Settlement Agreement, which, *inter alia*, dismisses the Action in its entirety with prejudice and contains releases, should be entered; (iii) whether the proposed Plan of Allocation should be approved; and (iv) the amount of reasonable attorneys' fees, costs, and expenses, if any, that should be awarded to Class Counsel and an incentive award to Class Representatives.

**Preliminary Approval of the Brand Settlement Agreement**

6. The Court finds that the proposed Settlement, which includes separate cash payments from Merck and Glenmark that collectively total Seventy Million Dollars ($70,000,000) (the "Settlement Fund"), to be deposited into an escrow account for the benefit of the Class, in exchange for, *inter alia,* dismissal of the litigation between the Class and Defendants with prejudice and release and discharge of the Released Claims, as set forth in the Settlement Agreement, and which was arrived at by arm's-length negotiations by highly experienced counsel after formal and informal mediations, years of litigation, and

3

after commencement of jury selection, falls within the range of possibly approvable settlements. The proposed Settlement is, therefore, hereby preliminarily approved, subject to further consideration at the Fairness Hearing.

### Approval of the Notice Plan

7. Members of the End-Payor Class have previously been given notice of the pendency of the litigation and the opportunity to exclude themselves from the EPP Class. Fifteen (15) members of the EPP Class ultimately requested exclusion. The Court finds that the prior notice of class certification to the EPP Class satisfied the requirements of Rule 23 and due process, and because the prior notice to the EPP Class provided an opt-out period that closed on May 10, 2022, there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).

8. The Court approves, as to form and content, the notice plan ("Notice Plan") and exhibits attached to the Declaration of Elaine Pang, and finds that the direct mailing and email distribution of the Postcard Notice[1] and publishing of the Summary Notice substantially in the manner and form set forth therein meet the requirements of Federal Rule of Civil Procedure 23 and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all entitled to be noticed.

9. The Court further reserves the right to enter a Final Judgment and Order of Dismissal that approves the Settlements and dismisses the Action (as defined in the Settlement Agreement); on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses or awarded the Class Representatives an incentive award.

10. The Court appoints A.B. Data, Ltd. as Notice and Claims Administrator ("Notice and Claims Administrator" or "ABD") to supervise and administer the notice procedure as well as the

---

[1] Postcard Notice, Summary Notice, Claim Forms, and the capitalized terms regarding Notice and recipients of notice in paragraphs 12, 13, and 15, below are defined in the Notice Plan.

processing of claims as more fully set forth below:

(a)     Not later than 21 days after entry of this Order (the "Notice Date"), Co-Lead Counsel shall cause a link to the Summary Notice and the Claim Forms, substantially in the forms annexed as Exhibits attached to the Declaration of Elaine Pang and hosted on a website maintained by the Notice and Claims Administrator, to be emailed to all members of the End-Payor Class whose last-known email addresses can be identified with reasonable effort. Where a last-known email address is not reasonably available or where an email is returned as being undeliverable, Co-Lead Counsel shall cause a copy of the Postcard Notice providing an address, phone number and website address where members of the End-Payor Class can obtain the Notice and Claim Form, advising them of their right to object to the Settlement, and of the date and time for the Fairness Hearing to be mailed by first-class mail to all members of the End-Payor Class (as defined in the Notice) who can be identified with reasonable effort. Since End-Payor Class Members have, by earlier notice been afforded the opportunity to opt out of the End-Payor Class and the deadline to do so expired May 10, 2022, no further opt out period shall be provided.

(b)     Not later than 21 days after the issuance of this Order, Co-Lead Counsel shall cause the Summary Notice to be published once in a nationally distributed newswire, and not later than 21 days after the issuance of this Order, Co-Lead Counsel shall place a copy of the Consolidated Class Action Complaint And Demand For Jury Trial and the Settlement Agreement (including Exhibits) on the website, http://www.InreZetiaAntitrustLitigation.com maintained by the Notice and Claims Administrator.

(c)     Not later than 60 days after the issuance of this Order, Class Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of compliance with the notice requirements of this Order.

(d)     Not later than 7 days prior to the Fairness Hearing, the Notice and Claims Administrator shall submit a report outlining the implementation of the Notice Plan, including how many

5

Notices were sent, and how many Claim Forms were submitted.

11. All members of the EPP Class shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

12. Members of the End-Payor Class who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted electronically by, or if mailed, postmarked no later than August 7, 2023. Any member of the End-Payor Class that does not submit a timely Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Amount unless otherwise ordered by the Court.

13. Any member of the End-Payor Class which requested exclusion from the End-Payor Class set forth in the earlier Notice dated March 11, 2022, shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Defendants Settlement Agreement or the judgment.

14. Members of the End-Payor Class may enter an appearance in the Action, at their own expense, individually or through counsel of their choice. Members of the End-Payor Class who do not enter an appearance will be represented by Co-Lead Counsel.

15. Members of the End-Payor Class may appear and show cause if they have any reason why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded, or why a service awards should or should not be provided to the Class Representatives.

16. Any member of the End-Payor Class who does not make a written objection in the manner provided in the Notices and/or appear in person or through a representative at the Fairness Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to

the fairness or adequacy of the Settlement, to the Plan of Allocation, or to any award of attorneys' fees reimbursement of expenses, and incentive award to the Class Representatives.

17. The Court appoints Valley National Bank (formerly Bank Leumi USA) to be the Escrow Agent pursuant to the terms of the Escrow Agreement entered into between Valley National Bank and Co-Lead Counsel for the End-Payor Class. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and Plan of Allocation.

18. No Releasees or Released Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees, reimbursement of expenses, or incentive award to the Class Representatives and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

19. At or after the Fairness Hearing, the Court will determine whether the Plan of Allocation and the application for attorneys' fees, reimbursement of expenses, and service awards to the Class Representatives shall be approved.

20. All reasonable expenses incurred in identifying and notifying members of the End-Payor Class, as well as administering the Settlement Fund, including any taxes, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Class Representative Plaintiffs, the End-Payor Class, nor Class Counsel shall have any obligation to repay any amounts actually and properly disbursed for disseminating the notice to the End-Payor Class and related notice administration expenses, except as provided in the Settlement Agreement.

21. Neither this Order, the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or

proceedings connected with them, shall be construed as an admission or concession by any party of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that, Plaintiffs or any members of the End-Payor Plaintiff Class have suffered any damages, harm, or loss.

22. In the event that the Settlement does not become final in accordance with their terms, this Order shall be vacated and rendered null and void to the extent provided by and in accordance with the terms of the Settlement Agreement. In such event, all orders entered, and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Settlement Agreement.

### Schedule

23. The Court reserves the right to continue the Fairness Hearing without further notice to the End-Payor Plaintiff Class other than by ECF and posting on the website, http://www.InreZetiaAntitrustLitigation.com, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the End-Payor Plaintiff Class other than by ECF.

24. Pending the Fairness Hearing, all members of the End-Payor Plaintiff Class are enjoined from initiating or prosecuting any actions or claims against any Releasees or Released Parties that are within the scope of the releases provided for by the Settlement Agreement.

25. The following schedule of dates shall govern the resolution of the Settlements:

| EVENT: | DEADLINE: |
|---|---|
| Deadline for Class Counsel to provide notice to Class Members by effectuating the Summary Notice and Postcard Notice as specified in the Notice Plan | June 27, 2023 |
| Deadline for Class Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires | June 27, 2023 |
| Deadline for Class Counsel to file affidavit of notice of emailing, mailing, and publication | July 6, 2023 |
| Deadline for members of the Class to file:<br>• Proof of Claim and Release Forms<br>• Objections to the (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Class Counsel for attorneys' fees and/or reimbursement of expenses (collectively, the "Applications") | August 7, 2023 |
| Deadline for filing of Final Approval papers in support of (i) the Settlement, (ii) the Plan of Allocation, (iii) the application by Class Counsel for attorneys' fees and/or reimbursement of expenses (collectively, the "Applications") | September 14, 2023 |
| Deadline for filing reply to any opposition to the Applications for award of Attorneys' fees, reimbursement of expenses, and incentive awards or any response to any objection(s) filed | September 14, 2023 |
| Deadline for Notice and Claims Administrator to submit report outlining implementation of the Notice Plan | September 14, 2023 |
| Date of Fairness Hearing | September 21, 2023 |

**IT IS SO ORDERED:**

DATED: June 6, 2023

_Rebecca Beach Smith_
The Honorable Rebecca Beach Smith
Senior United States District Judge
Eastern District of Virginia, Norfolk Division