# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2836<br>No. 2:18-md-2836-RBS-DEM |
| This Document Relates to: All End-Payor Actions | |

**JOINT DECLARATION OF MARVIN A. MILLER AND MICHAEL M. BUCHMAN
IN FURTHER SUPPORT OF END-PAYOR CLASS PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS**

Marvin A. Miller and Michael M. Buchman hereby declare as follows:

1.      I, Marvin A. Miller, am a member of the New York and Illinois state bars and the principal of Miller Law LLC.

2.      I, Michael M. Buchman, am a member of the New York and Connecticut state bars and a member of Motley Rice LLC.

3.      On August 15, 2018, this Court appointed: (i) Marvin A. Miller of Miller Law LLC and Michael M. Buchman of Motley Rice LLC as Interim Co-Lead Counsel for the End-Payor Plaintiffs; and (ii) Alan Brody Rashkind and James A. Cales III as Interim Local Counsel for the End-Payor Plaintiffs. ECF No. 105. On August 20, 2021, this Court appointed: (i) Marvin A. Miller of Miller Law LLC and Michael M. Buchman of Motley Rice LLC as Co-Lead Counsel for the End-Payor Plaintiff Class; and (ii) Alan Brody Rashkind and James A. Cales III as Local Counsel for the End-Payor Plaintiff Class. ECF Nos. 1094, 1316. We make this Joint Declaration in support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Settlement and Entry of Final Judgment and Order of Dismissal; and (ii) Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards to the Class Representative Plaintiffs. We also make this Joint Declaration to supplement the Declaration of Marvin A. Miller and Michael M. Buchman in Support of End-Payor Class

Plaintiffs' Motion For Preliminary Approval Of Proposed Settlement, Approval Of The Form And Manner Of Notice To The Class, And Proposed Schedule For a Fairness Hearing. ECF No. 2133. To avoid reiterating *in haec verba* the facts in the initial Joint Declaration, we adopt the initial Joint Declaration in full. For the Court's convenience, the initial Joint Declaration is attached as Exhibit A.

4.      On November 14, 2022, the Court appointed A.B. Data, Ltd., to serve as Notice and Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. *See* ECF No. 959 at ¶12.

5.      As stated in the Declaration of Eric J. Miller dated July 3, 2023, annexed hereto as Exhibit B, A.B. Data Ltd. has timely implemented the Notice Plan approved by the Court. ECF No. 2156.

6.      A website, www.InreZetiaAntitrustLitigation.com ("Website"), was created to inform the public about this action. Since its launch on March 11, 2022, the Website has been accessible twenty-four (24) hours a day, seven (7) days a week. The Website also provides a telephone number (877-315-0588) so that Class members and the public can obtain additional information concerning this case.

7.      The Website is timely updated to include relevant information such as the settlement in connection with this action as well as the claim, exclusion, and objection filing deadlines.

8.      The Class has been able to and can also download copies of the Notice and Claim Form. The Website has and continues to make a copy of the Plan of Allocation, the Preliminary Approval Order, the Settlement Agreements, and other relevant documents available to Class Members and the public about this litigation.

9.      The Notice informed the Class that the deadline to object to the Settlement, the Plan of Allocation, Attorneys' Fees, Reimbursement of Expenses and Incentive Awards was August 7, 2023.[1]

---

The Court did not certify a Consumer Class.

10.     The prior Notice informed Class members that they were required to seek exclusion from the

Class by May 10, 2022. *See* Supplemental Declaration of Eric J. Miller, dated August 16, 2023 ("Supplemental

Miller Decl.") at ¶ 8. ECF No. 2157 The following entities requested exclusion in 2022:

| Name | Postmark Date |
|---|---|
| Donegal Mutual Insurance Company | 3/29/2022 |
| Koniag, Inc. | 4/4/2022 |
| Citation Oil & Gas Corp. ("COGC") | 4/12/2022 |
| Accusoft | 4/18/2022 |
| Central Painting & Sandblasting, Inc. | 4/29/2022 |
| Ovintiv Inc. | 5/6/2022 |
| United States Fire Insurance Company | 5/9/2022 |
| Health Net LLC | 5/10/2022 |
| New York Quality Healthcare Corporation dba Fidelis Care | 5/10/2022 |
| Humana Inc. | 5/10/2022 |
| Centene Corporation | 5/10/2022 |
| Kaiser Foundation Health Plan, Inc. | 5/10/2022 |
| WellCare Health Plans, Inc. | 5/10/2022 |
| United HealthCare Services, Inc. | 5/17/2022 |
| Williams and Connolly LLP | 5/11/2022 |
| Klick USA, Inc. | 5/17/2022 |

*See* Supplemental Miller Decl., at Exhibit G. ECF No. 2157.

11.     The following entities requested exclusion in 2023:

| Name | Postmark Date |
|---|---|
| Anesthesia Physician Solutions of South Florida | 7/31/2023 |
| Arizona EM-I Medical Services, P.C. | 7/31/2023 |
| Emergency Medical Associates of NJ | 7/31/2023 |
| Envision Healthcare Corp. | 7/31/2023 |
| Envision Physician Services, LLC | 8/1/2023 |
| Florida EM-I Medical Services, P.A. | 7/31/2023 |
| HCA-Emcare Holdings, LLC | 7/31/2023 |
| Infinity Healthcare Physicians, S.C. | 7/31/2023 |
| Nevada EM-I Silver/Homansky Medical | 7/31/2023 |
| New Jersey Healthcare Specialists, P.C. | 7/31/2023 |
| Northside Emergency Associates, P.C. | 7/31/2023 |
| Radadvantage, A Professional Corp. | 7/31/2023 |
| Sheridan Anesthesia Services of Georgia | 7/31/2023 |

| Wabash EM-I Medical Services, P.C. | 7/31/2023 |

*See* Supplemental Miller Decl., at Exhibit H. ECF No. 2157.

### A. THE REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

12.    Consistent with the percentage-of-the-fund method for awarding attorneys' fees in class actions, and as the Notice to the Class informed, Co-Lead Counsel seek attorneys' fees of one-third of the total Settlement Amount of $70,000,000 ($23,333,333.33, plus interest at the same rate earned by the Settlement Amount).

13.    We earlier reported time and expenses in this case through April 30, 2023.[2] Since that date, Co-Lead Counsel and Local Counsel provided additional services and incurred additional expenses to secure the all-cash benefits for the Class. This supplement is to provide further information in connection with the additional legal services and expenses incurred since April 30, 2023. Plaintiffs' counsel has provided additional legal services such as: (i) working closely and extensively (weeks) with Defendants' counsel to prepare and finalize the Settlement Agreement; (ii) preparing a preliminary approval order, motion and memorandum of law in support of Plaintiffs' motion for preliminary approval of proposed settlement, approval of the form and manner of notice to the Class, and proposed schedule for a fairness hearing; (iii) preparing a memorandum of law in support of final approval of the Settlement; (iv) working closely with the Notice and Claims Administrator to develop a robust Notice Plan, including Third-Party Payor Claim Forms, and Notices to be disseminated to the Class, all of which were granted preliminary approval by this Court. After the Notice Plan was implemented and Notice disseminated, Co-Lead Counsel responded to inquiries from members of the Class and/or their Counsel. As a result of those additional services and additional costs, the aggregate hours, lodestar value, and costs of Plaintiffs' counsel is reflected below:

---

[2] Through April 30, 2023, Plaintiffs' counsel spent 31,078.3 hours, with lodestar value of $18,536,499.80, and $3,812,887.08 in costs reasonably expended or incurred on this litigation by all the firms representing Plaintiffs in this litigation, all at risk. ECF No. 2133, ¶ 86.

| FIRM | HOURS | LODESTAR | EXPENSES | TOTAL |
|---|---|---|---|---|
| Edelson & Associates LLC | 1,575.80 | $614,245.00 | $20,214.00 | $634,459.00 |
| Furniss Davis Rashkind and Saunders P.C. | 1,273.50 | $476,077.50 | $1,885.10 | $477,962.60 |
| Glancy Prongay & Murry LLP | 2,091.30 | $1,501,127.50 | $22,193.81 | $1,523,321.31 |
| Grant & Eisenhofer P.A. | 175.80 | $111,687.50 | $2,895.41 | $114,582.91 |
| Labaton Sucharow LLP | 1,776.60 | $796,113.00 | $44,951.40 | $841,064.40 |
| Lockridge Grindal & Nauen L.L.P. | 626.40 | $370,186.50 | $17,036.63 | $387,223.13 |
| Miller Law LLC | 14,446.30 | $8,825,378.50 | $2,135,032.60 | $10,960,411.10 |
| Motley Rice LLP | 9,522.70 | $6,188,904.50 | $1,650,933.50 | $7,839,838.00 |
| Senstein Metcalf LLP | 221.80 | $116,136.30 | $10,033.40 | $126,169.70 |
| **TOTALS** | **31,710.2** | **$18,999,856.30** | **$3,905,175.85** | **$22,905,032.15** |

10.    Co-Lead Counsel's request for one-third of the Settlement is consistent with the recent trend in generic drug antitrust fee awards, as reflected in the table annexed hereto as Exhibit C.

11.    The tasks performed, hours devoted to prosecuting this complex case, and amount of expenses incurred by counsel for the Class are reflected in each law firm's individual Declaration which have been submitted to and reviewed by Co-Lead Counsel and, in some instances, adjusted to ensure compliance with the time and expense protocol established by Co-Lead Counsel early in this litigation. A copy of each individual Declaration is annexed to the Declaration of Michael M. Buchman dated September 13, 2023 ("Buchman Decl.").

## B. INCENTIVE AWARDS FOR CLASS REPRESENTATIVE PLAINTIFFS

12.    Co-Lead and Local Counsel respectfully requests that the Court approve an aggregate Incentive Award in the sum of $300,000 to be allocated by Co-Lead Counsel. The proposed Incentive Awards are as

follows: (i) Painters District Council No. 30 Health & Welfare Fund - $75,000; (ii) The City of Providence, Rhode Island - $ 75,000; (iii) Sergeants Benevolent Association - $30,000; (iv) The Uniformed Firefighters' Association of Greater New York Security Benefit Fund and Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association - $30,000; (v) Philadelphia Federation of Teachers Health & Welfare Fund - $30,000; (vi) International Union of Operating Engineers Local 49 Health and Welfare Fund - $30,000; and (vii) United Food and Commercial Workers Local 1500 Welfare Fund - $30,000.

13.    Each Class Representative devoted substantial time, personnel, and resources to monitor and provide input and guidance throughout the progress of this case, produced documents, participated in discovery (including providing deposition testimony), was available and, at least in one instance, was present in Norfolk for trial. The Declarations of Aaron Anderson dated August 14, 2023 on behalf of Painters District Council No. 30, and Megan Maciasz DiSanto dated September 12, 2023 on behalf of The City of Providence, Rhode Island, annexed to the Buclunan Decl. as Exhibits I and J respectively, evidence the commitment and contributions that each of these more active Class Representatives made during this case.

14.    A $75,000 Incentive Award has been proposed for Class Representative Plaintiffs Painters District Council No. 30 Health & Welfare Fund and The City of Providence, Rhode Island. These Class Representative Plaintiffs performed trial related services on behalf of the End-Payor Class. For example, Mr. Aaron Anderson, of Painters District Council 30, was in Norfolk for the trial and prepared to attend the entire trial per this Court's Order. Moreover, Ms. Margaret Wingate was prepared and made arrangements to testify as The City of Providence, Rhode Island witness on behalf of the End-Payor Class at trial. These trial related services set these two Class Representative Plaintiffs apart from other End-Payor Class Representatives in this case and warrant an enhanced Incentive Award given the additional time committed and important roles these Class Representatives played in this case. No objections to the Settlement, Request for Award of Attorneys' Fees, Reimbursement of Expenses, or Incentive Awards were filed or served. Such reaction by the Class supports Final Approval of the Settlement and the Request for Attorneys' Fees, Reimbursement of Expenses,

and Incentive Awards to the Class Representative Plaintiffs.

15.     More than 42,000 notices were disseminated to members of the Third-Party Payor Class and digital and media notice programs were implemented to reach members of the Class, yet only 30 Class members requested exclusion.

16.     The initial Notice informed members of the Class that they needed to request exclusion by May 10, 2022.

17.     The Notice and Claims Administrator has received several untimely requests for exclusion. *See* Miller September Decl., Exhibits G and H.

18.     The untimely requests for exclusion include the following:

| Name | Postmark Date |
| --- | --- |
| United HealthCare Services, Inc. | 5/17/2022 |
| Williams and Connolly LLP | 5/11/2022 |
| Klick USA, Inc. | 5/17/2022 |
| Anesthesia Physician Solutions of South Florida | 7/31/2023 |
| Arizona EM-I Medical Services, P.C. | 7/31/2023 |
| Emergency Medical Associates of NJ | 7/31/2023 |
| Envision Healthcare Corp. | 7/31/2023 |
| Envision Physician Services, LLC | 8/1/2023 |
| Florida EM-I Medical Services, P.A. | 7/31/2023 |
| HCA-Emcare Holdings, LLC | 7/31/2023 |
| Infinity Healthcare Physicians, S.C. | 7/31/2023 |
| Nevada EM-I Silver/Homansky Medical | 7/31/2023 |
| New Jersey Healthcare Specialists, P.C. | 7/31/2023 |
| Northside Emergency Associates, P.C. | 7/31/2023 |
| Radadvantage, A Professional Corp. | 7/31/2023 |
| Sheridan Anesthesia Services of Georgia | 7/31/2023 |
| Wabash EM-I Medical Services, P.C. | 7/31/2023 |

*Id.* at Exhibit H.

19.     Co-Lead Counsel respectfully submit that the decision how to treat these untimely requests for exclusion falls exclusively within the Court's discretion.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed September 12, 2023, in Chicago, Illinois.

_/s/ Marvin A. Miller_

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed September 12, 2023, in New York, New York.

_Is! Michael M. Buchman_

EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION | MDL No. 2836 |
| | No. 2:18-md-2836-RBS-DEM |
| This Document Relates To: All End-Payor Actions | |

**DECLARATION OF MARVIN A. MILLER AND MICHAEL M. BUCHMAN
IN SUPPORT OF END-PAYOR CLASS PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL
OF THE FORM AND MANNER OF NOTICE TO THE CLASS, AND
PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

We, Marvin A. Miller and Michael M. Buchman, hereby declare as follows:

1.      I, Marvin A. Miller, am a member of the New York and Illinois state bars and the founding member of Miller Law LLC.

2.      I, Michael M. Buchman, am a member of the New York and Connecticut state bars and a member of Motley Rice LLC.

3.      On August 15, 2018, this Court appointed: (i) Marvin A. Miller of Miller Law LLC and Michael M. Buchman as Interim Co-Lead Counsel for the End-Payor Plaintiff Class; and (ii) Alan Rashkind and James Cales as Interim Local Counsel for the End-Payor Plaintiff Class. (ECF No. 105.) On August 20, 2021, this Court appointed: (i) Marvin A. Miller of Miller Law LLC and Michael M. Buchman as Co-Lead Counsel for the End-Payor Plaintiff Class; and (ii) Alan Rashkind and James Cales as Local Counsel for the End-Payor Plaintiff Class. (ECF Nos. 1094, 1316.)

4.      This Declaration is respectfully submitted based upon our personal knowledge concerning the work performed in this litigation and in further support of Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Proposed to the Class and Schedule for a Fairness Hearing.

5.      Co-Lead Counsel took on this complex litigation and committed considerable resources to achieve substantial benefits for the Class at risk of not being compensated. Some of the significant events which occurred as a result of Co-Lead Counsel and the Court's five-year efforts during this litigation are briefly summarized below.

### A.      The MDL Transfer Order and Appointment of Counsel

6.      On June 15, 2018, the Judicial Panel on Multidistrict Litigation entered a Transfer Order transferring all related Zetia matters to this Honorable Court for coordinated and consolidated pretrial proceedings. (ECF No. 1.)

7.      On July 3, 2018, the Court entered Pretrial Order No. 1 setting an initial status conference for August 9, 2018. (ECF No. 20.)

8.      On July 11, 2018, the Court entered Pretrial Order No. 2 establishing a briefing schedule for the appointment of Interim Class Counsel for the End-Payor Class. (ECF No. 21.)

9.      On August 9, 2018, the Court held an Initial Status Conference and entertained argument concerning the appointment of Co-Lead Counsel for the End-Payor Class. (ECF No. 84.)

10.     On August 15, 2018, this Court entered Pretrial Order No. 3 appointing: (i) Marvin A. Miller of Miller Law LLC and Michael M. Buchman as Interim Co-Lead Counsel for the End-Payor Plaintiff Class and (ii) Alan Rashkind and James Cales as Interim Local Counsel for the End-Payor Plaintiff Class. (ECF No. 105.) That same day, the Court entered an Order directing Interim Co-Lead Counsel/Interim Class Counsel to file a Consolidated Amended Complaint no later than September 13, 2018. (ECF No. 106.)

### B.      The Consolidated Class Action Complaint and Motion to Dismiss

11.     On September 13, 2018, the End-Payor Consolidated Class Action Complaint was filed against Glenmark Generics, Inc., USA, Glenmark Pharmaceuticals, Ltd., MSP Singapore Co. LLC, Merck & Co., Inc., Merck Sharp & Dome Corp., Schering Corp., and Schering-Plough Corp.

(collectively "Defendants") on behalf of End-Payor Plaintiffs: (i) the City of Providence, Rhode Island; (ii) International Union of Operating Engineers Local 49 Health and Welfare Fund; (iii) Painters District Council No. 30 Health & Welfare Fund; (iv) Philadelphia Federation of Teachers Health & Welfare Fund; (v) Self-Insured Schools of California; (vi) Sergeants Benevolent Association Health & Welfare Fund; (vii) the Uniformed Firefighters' Association of Greater New York Security Benefit Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association; and (viii) United Food and Commercial Workers Local 1500 Welfare Fund, and all others similarly situated. (ECF No. 130.)

12.    On October 11, 2018, Defendants filed a Joint Motion to Dismiss All Claims Asserted by End Payor Plaintiffs (ECF Nos. 162, 163), which was fully briefed by the parties. (ECF Nos. 188, 202.)

13.    On January 14, 2019, the Court heard oral argument on the Defendants' Joint Motion to Dismiss All Claims Asserted by End Payor Plaintiffs. (ECF No. 231.) Defendants argued that End-Payor Plaintiffs had failed to plausibly allege any payment or other agreement that would give rise to antitrust liability under federal law. They also asserted that End-Payor Plaintiffs either lacked standing under state law or had failed to state a claim for various reasons particular to those claims.

14.    On February 6, 2019, Magistrate Judge Miller issued a Report and Recommendation Order granting, in part, and denying, in part, the Defendants' Motion to Dismiss the End-Payor Plaintiffs' Consolidated Class Action Complaint. (ECF No. 234.) Magistrate Judge Miller granted Defendants' motion to dismiss with respect to all claims under the laws of Alaska, Arkansas, Colorado, Connecticut, Idaho, Maryland, Massachusetts, Missouri, Montana, and South Carolina. *(Id* at 104.) With respect to End-Payor Plaintiffs' claims under the laws of the remaining thirty jurisdictions, the Report recommended dismissing: (i) End-Payor Plaintiffs' § 17200 claim under California law; (ii) the consumer protection claims under Arkansas, District of Columbia, Idaho,

Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, New York, Oregon, South Dakota,
Tennessee, Utah, and Vermont; and (iii) the unjust enrichment claims under Alaska, Arkansas,
Colorado, Connecticut, Florida, Idaho, Maryland, Massachusetts, Michigan, Missouri, Montana,
and South Carolina. *(Id.* at 109.)

5.      On February 20, 2019, Defendants filed an objection to Magistrate Judge Miller's
February 6, 2019 Report and Recommendation which the End-Payors briefed. (ECF No. 237.)

6.      On August 9, 2019, this Court, having reviewed the record in its entirety, made a *de
novo* determination with respect to the portions of the Report and Recommendation to which
Defendants specifically objected. *In re Zetia (Ezetimibe) Antitrust Litig.,* 400 F.Supp.3d 418, 419 (E.D.
Va. Aug. 9, 2019). The Court adopted and approved in full Magistrate Judge Miller's Report and
Recommendation, holding that: (i) the alleged settlement agreement was subject to the rule of reason;
(ii) the settlement agreement did not unambiguously contradict and require dismissal of the antitrust
complaint; (iii) the End-Payor Plaintiffs plausibly pleaded anticompetitive effects; and (iv) that End-
Payor Plaintiffs could bring claims under state consumer protection statutes. *Id.* at 443-444.

### C.      Discovery and Class Certification

7.      After extensive discovery was conducted, on November 18, 2019, the End-Payor
Plaintiffs moved for certification of a proposed class of Third-Party Payors pursuant to Rule 23(b)(3)
of the Federal Rules of Civil Procedure. In the same motion, the End-Payor Plaintiffs sought
appointment of the Named Plaintiffs as Class Representatives and the appointment of Class Counsel
pursuant to Federal Rules of Civil Procedure 23. (ECF No. 729, 730.) End-Payor Plaintiffs also filed
a Motion for Leave to Modify and Limit their Class Definition. (ECF No. 809.) Defendants opposed
class certification (ECF No. 829) and argued that End-Payor Plaintiffs' proposal to modify the class
defmition was futile because it failed to cure the defects noted by Defendants in their opposition to
End-Payor Plaintiffs' motion for class certification (ECF No. 854).

8.    The Court heard expert witness testimony on May 1, 2020 (ECF Nos. 931, 987) and oral argument on July 7, 2020 (ECF No. 1014).

9.    On August 14, 2020, Magistrate Judge Miller issued a Report and Recommendation recommending that the Court certify the class pursuant to End-Payor Plaintiffs' modified class definition. (ECF No. 1094.)

10.    On August 28, 2020, Defendants filed an Objection to Magistrate Judge Miller's Report and Recommendation Granting End-Payors Plaintiffs' Motion for Class Certification to which the End-Payors filed an opposition. *(See, e.g.,* ECF No. 1103.)

11.    On August 20, 2021, the Court issued a Memorandum Order Adopting and Approving in Full the findings and recommendations set forth in Magistrate Judge Miller's Report and Recommendation, thereby granting End-Payor Plaintiffs' Motion for Leave to Modify and Limit their Class Definition and certifying the class of Third-Party Payors. (ECF No. 1316.)

12.    On November 24, 2021, End-Payor Plaintiffs filed a motion seeking approval of the form and manner of Notice to the Class and to appoint a Notice Administrator. End-Payor Plaintiffs also requested a ruling without a hearing. (ECF Nos. 1429, 1446.)

13.    On February 3, 2022, the Court heard argument on End-Payor Plaintiffs' motion seeking approval of the form and manner of Notice to the Class and to appoint a Notice Administrator. (ECF No. 1490.)

14.    On February 9, 2022, Magistrate Judge Miller issued an Opinion and Order granting End-Payor Plaintiffs' motion seeking approval of the form and manner of Notice to the Class and to appoint a Notice Administrator. (ECF No. 1497.)

D.    Motion Practice Concerning the California Opt-Out Plaintiffs

15.    On January 1, 2022, the End-Payor Plaintiffs filed a Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and the Confidentiality Order entered by the

6

Court in this case on October 24, 2018. (ECF No. 1459.) The parties fully briefed the motion. (ECF Nos. 1478, 1479, 1485.) On February 3, 2022, a hearing was held before Magistrate Judge Miller on the End-Payor Plaintiffs' Motion for Protective Order. (ECF No. 1490.) End-Payor Plaintiffs' motion was denied on February 7, 2022. (ECF 1492.)

0. On June 3, 2022, Plaintiffs filed a motion for entry of a set-aside order (ECF No. 1566), requesting a framework through which they may seek compensation from various tag-along plaintiffs for common benefit work (ECF No. 1567.) The motion was fully briefed by the parties. (ECF Nos. 1567, 1614.) On November 8, 2022, the Court entered an Opinion and Order granting and denying in part the motion and establishing a common benefit fund as requested. (ECF No. 1763, 1764.)

### E. Summary Judgment, *Dauber!* Motions, and Motions In *Limine*

1. On August 10, 2020, Glenmark and Merck moved for summary judgment. Glenmark filed "Glenmark Defendants' Motion for Summary Judgment on All Claims" that included over 471 pages of exhibits. (ECF Nos. 1037, 1038, 1039.) On the same day, Merck filed "Defendants Merck & Co., Inc., Merck Sharp & Dohme Corp., Schering-Plough Corp., Schering Corp., and MSP Singapore Co. LLC's Motion for Summary Judgment." (ECF Nos. 1067, 1069.) Defendants also moved to exclude proposed expert opinions and testimony concerning experts Jon Clark, Todd, Clark, Robert Hrubiec, Thomas McGuire, Louis Molina and Shashank Upadhye. (ECF Nos. 1040-1044, 1084.)

2. End-Payor Plaintiffs simultaneously moved for preclusion of argument and evidence at summary judgment and trial based on Merck's privilege assertions. (ECF No. 1053, 1054, 1074, 1075.) The End-Payor Plaintiffs also moved to preclude portions of testimony from Defendants' experts Dr. Mark Robbins and Dr. Anupam **B.** Jena. (ECF Nos. 1070, 1071, 1072, 1073.)

15.     End-Payor Plaintiffs also moved that same day for Partial Summary Judgment Concerning the Relevant Market on August 10, 2020. (ECF Nos. 1080, 1081.)

16.     On November 4, 2020, Plaintiffs and Defendants convened before the Court to address Defendants' concerns regarding one-way intervention. (ECF No. 1238.) On November 6, 2020, the Court Ordered the parties to submit their briefing on the one-way intervention issue. (ECF No. 1239.) Direct Purchaser Plaintiffs and Retailer Plaintiffs opposed the motion for one way intervention. (ECF Nos. 1250, 1251, 1253, 1254.)

17.     On November 17, 2020, the Court heard oral argument on Defendants' Joint Motion to Exclude Proposed Expert Opinion and Testimony on Plaintiffs' Generic Launch Timing Experts Jon Clark and Todd Clark (ECF No. 1040), Defendants' Joint Motion to Exclude Testimony and Opinions of Plaintiffs' Patent Merits Expert Robert Hrubiec (ECF No. 1042), Defendants' Joint Motion to Exclude Testimony and Opinions of Plaintiffs' Experts Drs. Thomas McGuire and Keith Leffler (ECF No. 1048), and Plaintiffs' Sword/Shield motions (ECF No. 1053,1074). (ECF No. 1245.)

18.     On May 7, 2021, the Court granted, in part, Defendants' motion to delay determinations on diapositive motions due to one-way intervention concerns. (ECF No. 1276.)

19.     On June 28, 2021, the Court held a hearing to address the Motions to Exclude Portions of the Proposed Testimony of Shashank Upadhye, Dr. Mark Robbins, and Mr. Louis Molina. (ECF No. 1285.)

20.     On June 30, 2021, the Court held a hearing to address Plaintiffs' Motion for Partial Summary Judgment Concerning the Relevant Market and the Motions to Exclude Proposed Testimony of Dr. Anupam Jenna. (ECF No. 1286.)

3.      On August 16, 2021, Magistrate Judge Miller issued Memorandum Orders concerning the Motions to Exclude the Proposed Testimony of Shashank Upadhye and Louis Molina. (ECF Nos. 1313, 1314.)

4.      On August 17, 2021, Magistrate Judge Miller issued a Report and Recommendation granting Plaintiffs' Motion to Exclude portions of the proposed testimony of Mark Robbins. (ECF No. 1315.)

5.      On August 31, 2021, Defendants filed Objections to Magistrate Judge Miller's Ruling or Recommendation re Order on Motion to Exclude portions of the testimony of Dr. Mark Robbins. (ECF Nos. 1318, 1319.)

6.      On October 12, 2021, the Court issued a Memorandum Order overruling Defendants' objections and adopting Magistrate Judge Miller's Recommendation to exclude portions of the testimony of Dr. Mark Robbins. (ECF No. 1369.)

7.      On November 1, 2021, Magistrate Judge Miller issued a Report and Recommendation granting End-Payor Plaintiffs' Motion for Partial Summary Judge Concerning the Relevant Market. (ECF No. 1391.)

8.      On November 15, 2021, Merck filed Objections to the Report and Recommendation Granting Partial Summary Judgment Concerning the Relevant Market. (ECF No. 1423.)

9.      On February 24, 2022, the Court adopted in full the findings and recommendation of Magistrate Judge Miller, overruling Defendants' Objections and granting End-Payor Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 1518.)

10.      On March 28, 2022, Defendants filed a motion seeking interlocutory appeal under 28 U.S.C. § 1292(b) concerning the Court's decision granting Plaintiffs' Motion for Partial Summary Judgment Concerning the Relevant Market. (ECF No. 1532.) The parties fully briefed the motion. (ECF Nos. 1533, 1536, 1539.)

21.     On April 29, 2022, the Court denied Defendants' Motion to Certify the Order for Interlocutory Appeal. (ECF No. 1548.)

22.     On July 21, 2022, Magistrate Judge Miller heard oral argument on Defendants' Motions to Exclude Testimony and Opinions of Plaintiffs' Experts Drs. Thomas McGuire and Keith Leffler, as well as the Motions to Exclude Proposed Expert Opinions and Testimony of Plaintiffs' Generic Launch Timing Experts Messrs. Jon Clark and Todd Clark. (ECF No. 1626.)

23.     On July 22, 2022, the Court heard oral argument on Defendants' Motion for Summary Judgment (ECF Nos. 1027 and 1067). (ECF No. 1628.)

24.     On August 3, 2022, Magistrate Judge Miller issued a Memorandum Opinion and Order denying Defendants' Motion to Exclude the Testimony and Opinions of Plaintiffs' Patent Merits Expert Robert Hrubiec. (ECF No. 1648.)

25.     On August 3, 2022, Magistrate Judge Miller issued a Memorandum Opinion and Order denying Defendants' Motion to Exclude the Testimony and Opinion of Plaintiffs' Experts Drs. Thomas McGuire and Keith Leffler. (ECF No. 1649.)

11.     On December 15, 2022, the Court held argument on Defendants' Objection to the Report and Recommendation of Magistrate Judge Miller regarding the Motions for Summary Judgment (ECF Nos. 1037, 1067). (ECF No. 1791.)

12.     On February 10, 2023, the Court entered an Opinion denying Defendants' Objection to Magistrate Judge Miller's Report and Recommendation regarding the Motions for Summary Judgment and affirming the Report and Recommendation. (ECF No. 1929.)

F.     Pre-Trial Motions

13.     On January 17, 2023, Plaintiffs filed Motions *in Limine 1* to 10, 11 to 16, and 17 to 19, as well as corresponding motions to seal portions of the supporting memoranda and exhibits. (ECF Nos. 1804-1806, 1809-1817, 1817, 1820, 1824, 1827, 1828, 1829.)

26.     On January 17, 2023, Defendants filed Motions *in Limine* 1-24 to Preclude Certain Evidence, Opinion and Argument, which the Plaintiffs opposed. *(See* ECF No. 1822, 1823, 1830-1864.)

27.     On January 17, 2023, End-Payor Plaintiffs filed a motion to bifurcate the trial. (ECF Nos. 1825, 1826.)

28.     On February 16, 2023, Plaintiffs filed a motion for live trial testimony via video transmission. (ECF No. 1931.)

29.     On February 28, 2023, Plaintiffs filed their Trial Brief, which provided: (i) a summary of the purchasers' case; (ii) identification of the cross-cutting legal issues that would likely need to be addressed pretrial; and (iii) identification of the evidentiary and legal issues likely to arise during trial. (ECF No. 1949.)

30.     On February 28, 2023, Plaintiffs filed their Proposed Jury Instructions. (ECF Nos. 1960, 1961.)

31.     On March 3, 2023, Plaintiffs filed their Motion to Allocate Trial Time. (ECF No. 1983.)

32.     On March 8, 2023, Magistrate Judge Miller heard oral argument on: (i) the Motion to Bifurcate the Trial; (ii) Motion to Disallow Improper Pretrial Disclosures; and (iii) Motions *in Limine* 1-10. (ECF No. 1992.)

33.     On March 14, 2023, the Court denied the Motion to Bifurcate the Trial. (ECF No. 1995.)

34.     On March 17, 2023, Magistrate Judge Miller issued a Memorandum Opinion and Order denying Defendants' Motion *in Limine* No. 19. (ECF No. 2000.)

35.     On March 21, 2023, the parties filed their Position Statement and Proposed Agendas for the Final Pretrial Conference. (ECF Nos. 2008, 2009.)

11

16.     On March 22, 2023, Plaintiffs filed their Joint Position Statement on the Proposed Preliminary Jury Instructions. (ECF No. 2014.)

17.     On March 22, 2023, Magistrate Judge Miller heard argument on multiple Motions *in Limine,* the motion to allocate trial time, and the motion for live testimony. (ECF No. 2033.)

18.     On March 31, 2023, Magistrate Judge Miller issued an Omnibus Order granting in part and denying in part Defendants' Motions *in Limine* 1, 2, 4, 6, 7, 8, 11, 12, 18, 19, 20, 21, 22, 23, and 24 and Plaintiffs' Motions *in Limine* 3, 4, 7, 10, and 11. (ECF No. 2036.)

19.     On March 31, 2023, Defendants filed their objections to Magistrate Judge Miller's Ruling and Recommendations concerning Plaintiffs' Motion *in Limine* No. 19. (ECF No. 2037.)

20.     On April 5, 2023, Magistrate Judge Miller issued an Omnibus Order, granting in part and denying in part: (i) Defendants' Motions *in Limine* 3, 5, 9, 10, 13, 14, 15, 16, 17, and 18; and (i) Plaintiffs' Motions *in Limine* to Preclude Defendants from Challenging the Validity of Direct Purchasers' Assignments, Motions *in Limine* 6, 9, 12, 13, 14, 16, 17, and Motion for Live Trial Testimony via Contemporaneous Video Transmission. (ECF No. 2040.)

21.     On April 5, 2023, Defendants filed their Objection to Magistrate Judge Miller's Ruling and Recommendation concerning Plaintiffs' Motion *in Limine* No. 15. (ECF No. 2042.)

22.     On April 5, 2023, Defendants filed their Objection to Magistrate Judge Miller's Ruling and Recommendation concerning Plaintiffs' Motion *in Limine* No. 13. (ECF No. 2043.)

23.     On April 6, 2023, Defendants filed their Objection to Magistrate Judge Miller's Ruling and Recommendation concerning Defendants' Trial Exhibit 216. (ECF No. 2044.)

24.     On April 10, 2023, Magistrate Judge Miller held a Zoom status conference to discuss the remaining objections to exhibits and to schedule a further pretrial conference. (ECF No. 2056.)

25.     On April 10, 2023, Plaintiffs filed their Memorandum of Law Concerning the Remaining Objections to the Parties' "Expect to Use" Exhibits. (ECF No. 2059.)

26.     On April 11, 2023, Magistrate Judge Miller issued a Memorandum and Opinion Order denying Plaintiffs' Motion *in Limine* No. 15. (ECF No. 2063.)

27.     On April 12, 2023, Plaintiffs filed an Objection to Magistrate Judge Miller's Ruling and Recommendation concerning Plaintiffs' Motion *in Limine* No. 14. (ECF No. 2070.)

28.     On April 13, 2023, Magistrate Judge Miller held a status conference to address the parties' objections to exhibits and deposition designations. (ECF No. 2094.)

29.     On April 14, 2023, Magistrate Judge Miller issued a Final Pre-Trial Order. (ECF No. 2086.)

30.     On April 14, 2023, the Court heard oral argument on the objections to Magistrate Judge Miller's Ruling or Recommendations regarding the motions *in limine*. (ECF No. 2088.)

31.     On April 17, 2023, Magistrate Judge Miller heard oral argument on the remaining issues concerning objections to trial exhibits. (ECF No. 2102.)

32.     On April 18, 2023, Magistrate Judge Miller issued an Opinion and Order, granting in part and denying in part, Plaintiffs' Motion *in Limine* No. 2 and the End-Payor Plaintiffs' Motion *in Limine* No. 20. (ECF No. 2103.)

33.     On April 20, 2023, the End-Payor Plaintiffs advised the Court that they had reached a settlement with the Defendants.

**G.      The Resolution of this Action**

34.     With trial set to commence on or about April 17, 2023, the End Payor Plaintiffs reached a settlement agreement with Defendants during the evening of April 19, 2023 and announced the proposed settlement to the Court the next morning. The proposed Settlement in this

matter includes separate cash payments from Merck and Glenmark that collectively total $70,000,000.00.

35.     Despite the risks associated with prosecuting this complex case, including issues related to class certification and various defenses asserted by Defendants, Co-Lead Counsel prosecuted this case on a wholly-contingency-fee basis and made a significant out-of-pocket monetary and time investment with the real possibility of an unsuccessful outcome and no fee or reimbursement of expenses of any kind. Indeed, since Co-Lead Counsel filed the initial actions, there were no obvious indications that a settlement was possible, or that the litigation would be successful.

36.     End Payor-Plaintiffs faced a number of well-regarded defense litigation law firms in this case. Gibson Dunn & Crutcher LLP represented the Merck Defendants, and Morgan Lewis & Bockius LLP and Kirkland & Ellis LLP represented the Glenmark Defendants.

37.     The substantial risks the End-Payor Plaintiffs faced in this case are illustrated by the recent *Opana* trial in the United States District Court for the Northern District of Illinois. The *Opana* trial focused on federal and state pay-for-delay, no authorized generic claims, and patent issues as they were related to the antitrust claims. While Impax settled soon after trial had begun, the case against Endo went to verdict. The jury ultimately found in favor of Endo. After the jury rendered its verdict, *see In re Opana ER Antitrust Litig.,* 14-cv-10150, at ECF No. 1005 (N.D. July 1, 2022), the plaintiffs filed a post-trial motion for judgment as a matter of law or for a new trial. *Id.* at ECF No. 1048. Shortly after the plaintiffs filed their post-trial motion, Endo declared bankruptcy and filed a notice of suggestion of bankruptcy and automatic stay of proceedings in the *Opana* case, substantially reducing any chances of a meaningful appeal or post-verdict settlement. *Id* at ECF No. 1064.

36.    The defendants in the *Opana* case placed great emphasis at trial on patent related issues. Defendants in this case endeavored to follow a similar approach by seeking to argue before the jury that the patents in the Glenmark and Mylan litigations were the same, the patents involved the same inventors and the issues in the cases were the same. Defendants intended to argue to the jury that since Merck prevailed in the Mylan litigation, it would have prevailed in the Glenmark case had it not settled. Plaintiffs sought to preclude Defendants from referencing the Mylan litigation during a trial in this antitrust litigation. The motion was not resolved during the End-Payor Plaintiffs' litigation. The absence of a ruling created uncertainty for both sides, thereby raising significant risk if the matter proceeded further.

### H.    The Work Performed by Co-Lead Leading Up to The Settlement

37.    The following summary illustrates the type of work Co-Lead Counsel performed, in coordination with other Class counsel, to achieve the all-cash settlement for the benefit of the Class:

- Researching, preparing and filing a Consolidated Class Action Complaint;

- Researching, preparing and filing an opposition to Defendants' motion to dismiss;

- Arguing the opposition to Defendants' motion to dismiss;

- Preparing and serving initial disclosures;

- Commencing discovery and propounding extensive discovery requests;

- Engaging in extensive negotiations with Defendants concerning discovery, including the formulation of agreed-upon custodial lists, search terms, and a protocol concerning electronically stored information;

- Gathering, reviewing for privilege, and producing responsive documents on behalf of the Class Representative Plaintiffs;

- Engaging in extensive and efficient document review by, among other things, reviewing and analyzing no less than six million pages of documents produced in this matter utilizing a vendor-sponsored document review platform;

- Drafting and responding to numerous discovery disputes resulting in motion practice before Magistrate Judge Miller;

- Engaging in third-party discovery;

- Defending the depositions of at least 8 class representative

- Researching, preparing, filing and successfully arguing a motion for class certification and to modify the Class definition in connection with class certification;

- Taking and reviewing testimony from approximately 25 depositions of Defendants and non-party fact witnesses;

- Developing the factual record through factual investigation and formal discovery;

- Formulating a litigation strategy through legal research and factual investigation;

- Retaining experts to assist in the prosecution and settlement of this action;

- Working with a nationally recognized settlement administrator concerning notice to the Settlement Class;

- Preparing and assisting in the formulation of a Class Notice Plan;

- Reviewing and analyzing opinions from Defendants' expert witnesses;

- Taking approximately a dozen depositions of Defendants' expert witnesses;

- Retaining, reviewing, and serving expert reports from, and defending expert depositions of Plaintiffs' expert witnesses;

- Working with experts to prepare opening, opposition and reply reports;

- Researching, preparing, filing and successfully arguing a motion for partial summary judgment on the relevant market;

- Researching, preparing, filing and successfully arguing a motion for a set aside order;

- Preparing for and conducing jury focus group studies;

- Researching, preparing, filing and successfully arguing motions to exclude the opinions and testimony of the various defense expert witnesses;

- Researching, preparing, and filing an opposition to Defendants' summary judgment motion as to all claims;

- Preparing and filing the Trial Brief;

- Preparing and filing the proposed Jury Instructions and Verdict Form;

- Researching, preparing, filing and arguing Plaintiffs' motions *in limine;*

- Researching, preparing, filing, and arguing oppositions to Defendants' motions *in limine;*

- Preparing and filing proposed *voir dire;*

- Preparing for and participating in an all-day mediation before The Honorable Layn Phillips;

- Preparing for and attending pretrial conferences;

- Reviewing deposition transcripts and preparing deposition designations for trial;

- Reviewing documents and preparing expect to use and may call exhibit lists;

- Conducting meet and confers to attempt to resolve any outstanding issues related to the parties' exhibit lists, joint exhibit list, and deposition designations;

- Researching, preparing, and filing a motion for bifurcation of trial;

- Drafting and arguing *in limine* and a motion for trial time;

- Preparing for and attending the Final Pretrial Conferences to resolve the remaining exhibit-related disputes;

- Reviewing and analyzing the substantial factual record to prepare the case for trial (designating deposition testimony, reviewing, and identifying exhibits, lodging objections to Defendants' deposition designations and exhibits, researching jury instructions, drafting preliminary and substantive jury instructions, researching, and drafting proposed verdict slip, etc.);

- Engaging in numerous meet and confers and working diligently with Defendants to resolve all exbibit and deposition designation issues in advance of trial;

- Preparing the opening and closing statements for trial;

- Preparing direct examinations of Plaintiffs' live witnesses for trial, including End-Payor Plaintiffs' live witness from The City of Providence, Rhode Island;

- Preparing cross-examinations of Defendants' live witnesses for trial;

- Engaging and closely working with trial demonstrative vendors to create demonstratives for trial;

- Preparing video deposition clips for trial;

- Negotiating settlement terms with Defendants and preparing the corresponding Term Sheet; and

- Announcing the proposed Settlement to the Court on April 20, 2023.

14.     Throughout the course of this litigation, Co-Lead Counsel kept files contemporaneously documenting all time spent litigating this matter, including tasks performed and expenses incurred. Co-Lead Counsel also made sure that the other firms and attorneys who were counsel of record did the same. In that regard, each firm was required to and did submit monthly time and expense reports. Based on those reports, we know what activities were completed and helped prosecute the claims and achieve the benefits for the Class.

15.     Consistent with the percentage of funds method, Class Counsel will seek fees equal to 1/3 of the total Settlement Amount of $70,000,000, equal to $23,333,333, plus a proportionate share of any interest earned on the Settlement Fund and amounts derived from the common benefit fund. Through April 30, 2023, Plaintiff's counsel has spent approximately 31,078.3 hours, with

lodestar value of approximately $18,536,499.80, and approximately $3,812,887.08 in costs reasonably expended or incurred on this litigation by all the firms representing Plaintiffs in this litigation, all at risk.

87.    Co-Lead Counsel ensured an efficient and effective prosecution of this action to minimize expenses and fees. We accomplished this by, among other things:

- Supervising all pretrial proceedings;
- Supervising and preparing pleadings, motions, briefs, discovery, objections to discovery, subpoenas, trial preparation materials, mediation statements, and Class Notice;
- Acting as a spokesperson for the End-Payor Class at hearings, pretrial conferences, and meetings with Defendants;
- Negotiating and entering into multiple stipulations with defense counsel relating to trial;
- Conducting and coordinating the efficient examination of witnesses in interviews and preparing Class Plaintiffs for depositions and defending them;
- Coordinating the activities of counsel of record for the Class Plaintiffs and implementing procedures to ensure that Co-Lead Counsel met all court deadlines in this case;
- Collecting time and expense reports from counsel of record for the Class Plaintiffs on a monthly basis;
- Employing and consulting with experts;
- Employing and consulting with vendors;
- Delegating assignments among counsel of record for Class Plaintiffs; and
- Negotiating and securing settlements with Defendants.

88.    Such management required regular and ongoing communications with counsel of record for the End-Payor Plaintiffs, which occurred by phone and *via* electronic mail, video conference, and (on occasion) in-person meetings.

89.    We also have knowledge concerning the efforts and work performed by the Class Representative Plaintiffs concerning the prosecution of this action, especially The City of Providence Rhode Island ("Providence") and Painters District Council ("Painters"), which had active roles concerning the trial in this matter.

38.    Providence and Painters assisted greatly in the prosecution of this case. They communicated with counsel throughout the litigation, reviewed and approved the filing of the complaints and key motion practice, provided voluminous paper and electronic responses to numerous requests for documents and data, provided data for the experts, answered interrogatories, had an employee sit for depositions by Defendants' counsel, were scheduled witnesses at trial (Providence), agreed to send a member with settlement authority to the trial as required by this Court (Painters), and conferred and approved the settlement agreement as terms were negotiated and completed.

39.    Providence and Painters, as well as other Class Representative Plaintiffs, stepped forward, risking their reputations, and subjecting themselves to public scrutiny on behalf of the Class. For their varying efforts, we respectfully request that the Court approve an aggregate incentive award in the sum of $300,000 for the Class Representatives to be allocated by Co-Lead Counsel. Co-Lead Counsel will make a formal request as part of the Final Approval and Fee Application process if the proposed Settlement Agreement receives preliminary approval.

40.    This information is being provided at this time so members of the Class have the opportunity to review and consider the relief that will be requested for final approval. *See McDonough v. Toys "R" Us, Inc.,* 834 F. Supp. 2d 329 (E.D. Pa. 2011). To the extent there is a need to provide further updates, Co-Lead Counsel will endeavor to timely do so.


I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed May 22, 2023, in Chicago, Illinois.

*Is! Marvin A. Miller*

19

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed May 22, 2023, in New York, New York.

*Is! Michael M Buchman*

EXHIBIT B

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 1 of 37 PageID# 60974

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION <br><br> This Document Relates to: All End-Payor Actions | MDL No. 2836 <br> No. 2:18-md-2836- RBS-DEM |

## DECLARATION OF ERIC J. MILLER REGARDING DISSEMINATION OF NOTICE

**I,** Eric J. Miller, declare as follows:

1.        I am the Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. My business address is 5080 PGA Boulevard, Suite 209, Palm Beach Gardens, FL 33418, and my telephone number is 561-336-1801.

2.        **I** respectfully submit this Declaration in connection with the above-referenced action (the "Action"). This Declaration is based upon my personal knowledge and upon information provided by my associates and staff members. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3.        Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice of Settlement (the "Preliminary Approval Order"), A.B. Data was responsible for preparing and effectuating notice pursuant to the Notice Plan approved by the Court. This Declaration details the steps taken by A.B. Data, which consisted of the following: (i) direct mail to potential third-party payor ("TPP") class members using A.B. Data's proprietary database (the "TPP Database"); (ii) a digital advertising campaign; (iii) a news release disseminated over *PR Newswire* and *Business Wire;*

and d) a toll-free telephone number and Settlement website to address potential class member inquiries.

## DIRECT MAIL NOTICE TO TPPS

41.    On June 27, 2023, A.B. Data mailed the postcard notice (the "Postcard Notice") via USPS First-Class Mail to 42,006 entities in A.B. Data's TPP Database. These entities include insurance companies, health maintenance organizations, self-insured entities, pharmacy benefits managers ("PBMs"), third-party. administrators ("TPAs"), and other entities that represent TPP class members. A copy of the Postcard Notice is attached hereto as **Exhibit A.**

42.    In addition, A.B. Data sent 1,258 emails to TPPs and their representatives where email addresses were available.

## DIGITAL AND SOCIAL MEDIA

43.    Beginning on June 27, 2023, A.B. Data caused digital banner ads to appear on BenefitNews.com and ThinkAdvisor.com/life-health, which are websites that reach insurance agents/brokers and related TPP professionals. A sampling of the digital banner ads is attached hereto as **Exhibit B.**

44.    On June 27, 2023, A.B. Data caused the notice formatted as a news release to be disseminated via *PR Newswire* and *Business Wire.* This news release was distributed via *PR Newswire* to the news desks of approximately 10,000 newsrooms across the United States, including those in general-market print, broadcast, and digital media and via *Business Wire* to news media, financial markets, disclosure systems, investors, information websites, databases, bloggers, social networks, and other audiences. A true and correct copy of the press releases are attached hereto as **Exhibit C** and **D,** respectively.

## WEBSITE

45.    A.B.        Data        established        the        settlement        website,

Case 2:18-md-02836-RBS-DEM     Document 2161-1     Filed 09/13/23     Page 32 of 69
PageID# 61160
Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 3 of 37 PageID# 60976

www.InreZetiaAntitrustLitigation.com, to assist potential Class Members. The website was initially established following the Court's certification of the End-Payor Class. It was updated following the Preliminary Approval of the proposed Settlement. It includes general information regarding this Action, and the proposed Settlement, including the objection and claim filing deadlines, and the date, time, and location of the Court's Fairness Hearing. A copy of the Long-Form Notice (attached as **Exhibit E),** the Claim Form (attached as **Exhibit F),** the Complaint, the Settlement Agreement, Plan of Allocation, the Preliminary Approval Order, and other relevant documents are posted on the website and are available for downloading. In addition, the website provides Class Members with the ability to submit their Claim Form through the website. The website is accessible 24 hours a day, 7 days a week.

## **TOLL-FREE HELPLINE**

9.      A.B.      Data      established      a      case-specific      toll-free      number, 1-877-315-0588, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option of being transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.


**I** declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of June 2023.

Eric J. Miller



If *yocA*

**provided reimbursement for some or all of the price of brand Zetia or its AB-rated generic equivalents, you could receive a payment from a class action lawsuit.**

Your rights may be affected by a proposed settlement in a class action lawsuit regarding the prices paid for brand and/or generic Zetia by third-party payors filed against Defendants Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC; Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA (collectively, the "Defendants"). The case name is *In re Zetia (Ezetimibe) Antitrust Litigation,* Civil Action No. 2:18-md-2836 (E.D. Va.) (the "Lawsuit"). The Lawsuit, which is pending in the United States District Court for the Eastern District of Virginia, Norfolk Division, alleges that Defendants harmed competition and violated state antitrust, consumer protection, and unjust enrichment laws in certain U.S. states. Plaintiffs allege that Defendants unlawfully delayed the availability of allegedly less-expensive generic versions of Zetia and that Defendants' alleged conduct caused third-party payors to pay too much for branded and generic Zetia in the states (defined below). Defendants deny that they engaged in any wrongdoing or that any party or member of the Class was damaged by Defendants' conduct.

The Court has preliminarily approved the proposed settlement between the End-Payor Class and Defendants (the "Settlement"). The proposed Settlement will provide for the payment of $70 million (the "Settlement Fund") to resolve the End-Payor Class claims against Defendants. The full text of the proposed Settlement Agreement, which is dated as of April 19, 2023, is available at www.InReZetiaAntitrustLitigation.com.

*IOMPligiatigrtzge* 5 of 37 PagelD# 60978

**c/o A.B. Data, Ltd.**
**P.O. Box 173046**
**Milwaukee, WI** 53217

Zetia 54229_MH_PST

The Cocti4§aq                    ISMPagfW⁻EURegbilto *11994TPfittgl§i⁻tire* **pa¹ ag¹o⁷caP Segactqt** *9upcf tHfsim-Neg,WIR⁹re₍quest*
of Class Counsel for payment of attorneys' fees, reimbursement of expenses, and incentive awards to the Class Representative Plaintiffs out of the Settlement Fund (the "Fairness Hearing"). The Fairness Hearing is scheduled for September 21, 2023, at 12:00 p.m., before Judge Rebecca Beach Smith and/or Magistrate Judge Douglas E. Miller at Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510.

## Who Is Included?

You may be a member of the End-Payor Class if you are a third-party payor and you purchased, paid, and/or provided reimbursement for brand Zetia or its AB-rated generic equivalents in any form, that was sold through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin from November 15, 2014 (the "but-for generic entry date") through November 18, 2019.

A more detailed notice, including the exact End-Payor Class definitions and exceptions to End-Payor Class membership, is available at www.InReZetiaAntitrustLitigation.com.

## Your Rights and Options

**DO NOTHING:** If you did not request exclusion from the End-Payor Class by May 10, 2022, you are a member of the End-Payor Class and by doing nothing you will remain in the End-Payor Class, but will not be entitled to share in any distribution from the Settlement Fund. You will be bound by any decision of the Court in this Lawsuit, including rulings on the Settlement.

**SUBMIT A CLAIM FORM:** If you did not exclude yourself from the End-Payor Class prior to the May 10, 2022 deadline and believe you are a Class Member, you will need to complete and return a Claim Form to obtain a share of the Net Settlement Fund. The Claim Form, and information on how to submit it, are available on the Settlement website, www.InReZetiaAntitrustLitigation.com. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before August 7, 2023.

**OBJECT TO THE SETTLEMENT:** If you object to all or any part of the Settlement, the request for attorneys' fees, reimbursement of expenses, or the award of incentive payments to the Class Representatives, or desire to speak in person at the Fairness Hearing, you must file a written letter of objection and/or a notice of intention to speak along with a summary statement with the Court and with Co-Lead Counsel and counsel for the Defendants by August 7, 2023.

## Want More Information?

Go to www.InReZetiaAntitrustLitigation.com, call 1-877-315-0588, email info(ailnReZetiaAntitrnstLitigation.com, or write to *In re Zetia Antitrust Litigation,* P.O. Box 173046, Milwaukee, WI 53217.
The deadlines contained in this Notice may be amended by Court Order, so check the Settlement website for any updates. Please *do not* call the Court or the Clerk of the Court for infatuation about the Settlement.

fl IIHIHX1

08609 #alabud LE *L* a6Pd £Z/£0/L0 PaH T⁻9STZ ᵂᵃʷʳᵒᵒᵃ IN34⁻S8b⁻9£8Z0⁻PUJ⁻8TZ asPO



# EXHIBIT C

# Miller Law LLC and Motley Rice LLC Announce a Proposed Settlement in In re Zetia (Ezetimibe) Antitrust Litigation

NEWS PROVIDED BY

**Miller Law LLC and Motley Rice LLC -'**
27 Jun, 2O23, 15:OO ET

CHICAGO, June 27, 2023 /PRNewswire/

**If you are a Third-Party Payor which indirectly purchased, paid, or provided reimbursement for some or all of the price of brand Zetia or its AB-rated generic equivalents, you could receive a payment from a class action lawsuit.**

Your rights may be affected by a proposed settlement in a class action lawsuit regarding the prices paid for brand and/or generic Zetia by third-party payors filed against Defendants Merck *& Co.,* Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co, LLC; Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA (collectively, the "Defendants"). The case name is *In re Zetia (Ezetirnibe) Antitrust Litigation,* Civil Action No. 2:18-md-2836 (E.D. Va.) (the "Lawsuit"). The Lawsuit, which is pending in the United States District Court for the Eastern District of Virginia, Norfolk Division, alleges that Defendants harmed competition and violated state antitrust, consumer protection, and unjust enrichment laws in certain U.S. states. Plaintiffs allege that Defendants unlawfully delayed the availability of allegedly less-expensive generic versions of Zetia and that Defendants' alleged conduct caused third-party payors to pay too much for branded and generic Zetia in the states (defined below). Defendants deny that they engaged in any wrongdoing or that any party or member of the Class was damaged by Defendants' conduct.

The Csar RalEigmrO119,113A5RFAcPiRriNigig etqW.012A/tWatePeliVeig a 7pF'aNY 'ES SS and Defendants (the "Settlement"). The proposed Settlement will provide for the payment of $70 million (the "Settlement Fund") to resolve the End-Payor Class claims against Defendants. The full text of the proposed Settlement Agreement, which is dated as of April 19, 2023, is available at www.InReZetiaAntitrustLitigation.com.

The Court has scheduled a hearing to decide whether to approve the Settlement, the plan for allocating the Settlement Fund to Class Members, and the request of Class Counsel for payment of attorneys' fees, reimbursement of expenses, and incentive awards to the Class Representative Plaintiffs out of the Settlement Fund (the "Fairness Hearing"). The Fairness Hearing is scheduled for September 21, 2023, at 12:00 p.m., before Judge Rebecca Beach Smith and/or Magistrate Judge Douglas E. Miller at Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510.

### Who Is Included?

You may be a member of the End-Payor Class if you are a third-party payor and you purchased, paid, and/or provided reimbursement for brand Zetia or its AB-rated generic equivalents in any form, that was sold through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin from November 15, 2014 through November 18, 2019.

A more detailed notice, including the exact End-Payor Class definitions and exceptions to End-Payor Class membership, is available at www.InReZetiaAntitrustLitigation.com.

### Your Rights and Options

DO NOTHING: If you did not request exclusion from the End-Payor Class by May10, 2022, you are a member of the End-Payor Class and by doing nothing you will remain in the End-Payor Class, but will not be entitled to share in any distribution from the Settlement Fund. You will be bound by any decision of the Court in this Lawsuit, including rulings on the Settlement.

sueNirtsR 6Nriclyrk8WifTo% 46' n acf49194 ilFii[SciniMd-PNAti-EgfAioViSOPithe May10, 2022 deadline and believe you are a Class Member, you will need to complete and return a Claim Form to obtain a share of the Net Settlement Fund. The Claim Form, and information on how to submit it, are available on the Settlement website, www.InReZetiaAntitrustLitigation.com. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before August 7, 2023.

OBJECT TO THE SETTLEMENT: If you object to all or any part of the Settlement, the request for attorneys' fees, reimbursement of expenses, or the award of incentive payments to the Class Representatives, or desire to speak in person at the Fairness Hearing, you must file a written letter of objection and/or a notice of intention to speak along with a summary statement with the Court and with Co-Lead Counsel and counsel for the Defendants by August 7, 2023.

### Want More Information?

Go to www.InReZetiaAntitrustLitigation.com, call 1-877-315-0588, email

info©InReZetiaAntitrustLitigation.com, or write to

*In re Zetia Antitrust Litigation,* P.O. Box 173046, Milwaukee, WI 53217.

The deadlines contained in this Notice may be amended by Court Order, so check the Settlement website for any updates. Please *do not* call the Court or the Clerk of the Court for information about the Settlement.

SOURCE Miller Law LLC and Motley Rice LLC

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 13 of 37 PageID#
60986

# EXHIBIT D

businesswire



A BERKSHIRE HATHAWAY COAV-ANY

## Miller Law LLC and Motley Rice LLC Announce a Proposed Settlement in In re Zetia (Ezetimibe) Antitrust Litigation

June 27, 2023 03:00 PM Eastern Daylight Time

CHICAGO--(BUSINESS WIRE)--if you are a Third-Party Payor which indirectly purchased, paid, or provided reimbursement for some or all of the price of brand Zetia or its AB-rated generic equivalents, you could receive a payment from a class action lawsuit.

Your rights may be affected by a proposed settlement in a class action lawsuit regarding the prices paid for brand and/or generic Zetia by third-party payors filed against Defendants Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC; Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA (collectively, the "Defendants"). The case name is *in re Zetia (Ezetimibe) Antitrust Litigation,* Civil Action No. 2:18-md-2836 (E.D. Va.) (the "Lawsuit"). The Lawsuit, which is pending in the United States District Court for the Eastern District of Virginia, Norfolk Division, alleges that Defendants harmed competition and violated state antitrust, consumer protection, and unjust enrichment laws in certain U.S. states. Plaintiffs allege that Defendants unlawfully delayed the availability of allegedly less-expensive generic versions of Zetia and that Defendants' alleged conduct caused third-party payors to pay too much for branded and generic Zetia in the states (defined below). Defendants deny that they engaged in any wrongdoing or that any party or member of the Class was damaged by Defendants' conduct.

The Court has preliminarily approved the proposed settlement between the End-Payor Class and Defendants (the "Settlement"). The proposed Settlement will provide for the payment of $70 million (the "Settlement Fund") to resolve the End-Payor Class claims against Defendants. The full text of the proposed Settlement Agreement, which is dated as of April 19, 2023, is available at www.InReZetiaAntitrustLifigation corn.

The Court has scheduled a hearing to decide whether to approve the Settlement, the plan for allocating the Settlement Fund to Class Members, and the request of Class Counsel for payment of attorneys' fees, reimbursement of expenses, and incentive awards to the Class Representative Plaintiffs out of the Settlement Fund (the "Fairness Hearing"). The Fairness Hearing is scheduled for September 21, 2023, at 12:00 p.m., before Judge Rebecca Beach Smith and/or Magistrate Judge Douglas E. Miller at Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510.

### Who Is Included?

You may be a member of the End-Payor Class if you are a third-party payor and you purchased, paid, and/or provided reimbursement for brand Zetia or its AB-rated generic equivalents in any form, that was sold through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin from November 15, 2014 through November 18, 2019.

Gaedite2digAhltildoCaSaatifiASIDElik E MCR1415fleratsakffietiatns Eriketikeqii82daacni9eigert5ififainEtag*D# available at www.InReZetiaAntitrustLitigation.com. 60988

**Your Rights and Options**

DO NOTHING: If you did not request exclusion from the End-Payor Class by May 10, 2022, you are a member of the End-Payor Class and by doing nothing you will remain in the End-Payor Class, but will not be entitled to share in any distribution from the Settlement Fund. You will be bound by any decision of the Court in this Lawsuit, including rulings on the Settlement.

SUBMIT A CLAIM FORM: If you did not exclude yourself from the End-Payor Class prior to the May 10, 2022 deadline and believe you are a Class Member, you will need to complete and return a Claim Form to obtain a share of the Net Settlement Fund. The Claim Form, and information on how to submit it, are available on the Settlement website, www.InReZetiaAntitrustLitigation.com. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before August 7, 2023.

OBJECT TO THE SETTLEMENT: If you object to all or any part of the Settlement, the request for attorneys' fees, reimbursement of expenses, or the award of incentive payments to the Class Representatives, or desire to speak in person at the Fairness Hearing, you must file a written letter of objection and/or a notice of intention to speak along with a summary statement with the Court and with Co-Lead Counsel and counsel for the Defendants by August 7, 2023.

**Want More Information?**

Go to www.InReZetiaAntitrustUtigation.com, call 1-877-315-0588, email infoQInReZetiaAntitrustLitigation.com, or write to *to re Zetia Antitrust Litigation,* P.O. Box 173046, Milwaukee, WI 53217.

The deadlines contained in this Notice may be amended by Court Order, so check the Settlement website for any updates. Please *do not* call the Court or the Clerk of the Court for information about the Settlement.

Contacts

Marvin Miller

(312) 332-3400

or

Michael Buchman

(212) 577-0400

IIHIIHX1

#01abud LE JD 91 <sup>abed</sup> EZ/E0/L0 Pend 1·9STZ lueumpoCI 1A13G·S82:1·988ZO·Pal·81:Z asu0

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 17 of 37 PageID# 60990

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

## If you indirectly purchased, paid, or reimbursed for
## branded Zetia or generic Zetia (ezetimibe) between November 15, 2014 and
## November 18, 2019,

*You Could Get a Payment front a Class Action Lawsuit.*
*A Federal Court Ordered this Class Notice.*

### YOUR LEGAL RIGHTS MAYBE AFFECTED WHETHER YOU ACT OR DO *NOT ACT, SO PLEASE READ THIS NOTICE CAREFULLY.*

*This is not a solicitation from a lawyer. You are not being sued.* •

The purpose of this Notice is to alert you of a proposed settlement in a lawsuit regarding the prices paid for brand and/or generic Zetia by third-party payoffs filed against Defendants Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC; (collectively "Merck"); Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA (collectively "Glenmark") (together with Merck, the "Defendants"). The case name is ***In re Zetia (Ezetimibe) Antitrust Litigation,*** Civil Action No. 2:18-md-2836 (ED. Va.) (the "Lawsuit"). The Lawsuit, which is pending in the United States District Court for the Eastern District of Virginia, Norfolk Division alleges that Defendants harmed competition and violated state antitrust, consumer protection, and unjust enrichment laws in certain U.S. states. Plaintiffs allege that Defendants unlawfully delayed the availability of allegedly less-expensive generic versions of Zetia, and that Defendants' alleged conduct caused third-party payors to pay too much for branded and generic Zetia in the states (defined below). Defendants deny any wrongdoing.

The Court previously determined that the Lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The End-Payor Class ("End-Payor Class" or "EPP Class") is defined as follows:

> All Third-Party Payor entities ("TPPs") within the Brand Subclass or the Generic Subclass defined herein that, for consumption by their members, employees, insureds, participants, or beneficiaries, indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Zetia or its AB-rated generic equivalents in any form, that was sold through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin from November 15, 2014 (the "but-for generic entry date") through November 18, 2019.

Brand Subclass: TPPs that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of brand Zetia purchased between the but-for generic entry date and December 11, 2016, inclusive. Excluded from the Brand Subclass are Optum Health Part D Plans, Silverscript Part D Plans, Emblem Health Part D, Humana Part D Plans, Optum Health Managed Care Plans, and any TPPs that used one of these plans or OptumRx as its pharmacy benefits manager ("PBM") during this subclass period.

Generic Subclass: TPPs that indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of generic ezetimibe purchased between the generic entry date (December 12, 2016) and November 18, 2019, inclusive.

General Exclusions: The following entities are excluded from both subclasses:

a. Defendants and their subsidiaries and affiliates;

b. All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;

c. All entities who purchased Zetia or generic Zetia for purposes of resale or directly from Defendants or their affiliates;

d. Fully-insured health plans *(i.e.,* health plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members); and

e. Pharmacy benefit managers.

The Court has preliminarily approved the proposed settlement between the End-Payor Class and Defendants (the "Settlement"). The proposed Settlement will provide for the payment of $70 million (the "Settlement Fund") to resolve the End-Payor Class's claims against Defendants. The full text of the proposed Settlement Agreement dated as of April 19, 2023, is available at www.InReZetiaAntitru stLi tigation .com

The Court has scheduled a hearing (the "Fairness Hearing") to decide whether to approve the Settlement, the plan for allocating the Settlement Fund to members of the End-Payor Class ("Class Members") (summarized in Question _ below), and the request of the attorneys for the End-Payor Class for payment of attorneys' fees, reimbursement of expenses, and incentive awards for the 8 Class Representatives, out of the Settlement Fund. The Fairness Hearing is scheduled for September 21, 2023, at 12:00 p.m., before Judge Rebecca Beach Smith and/or Magistrate Judge Douglas E. Miller at Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510.

| YOUR LEGAL... | |
|---|---|
| **DO NOTHING** | If you are a member of the End-Payor Class, by doing nothing you will remain in the End-Payor Class but will not be entitled to share in any distribution from the Settlement Fund. You will be bound by any decision of the Court in this Lawsuit, including rulings on the Settlement. *See* **Question 11.** |
| **SUBMIT A CLAIM FORM** | If you did not exclude yourself from the End-Payor Class prior to the May 10, 2022 deadline and believe you are a Class Member, and want to participate in the distribution of the Net Settlement Fund, you will need to complete and return a Claim Form to obtain a share of the Settlement Fund. The Claim Form, and information on how to submit it, are available on the Settlement website. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before August 7, 2023. *See* **Question 7** for more information. |
| **OBJECT TO THE SETTLEMENT OR SPEAK AT THE FAIRNESS HEARING** | If you object to all or any part of the Settlement, request for attorneys' fees, reimbursement of expenses, or incentive awards to the Class Representatives, or desire to speak in person at the Fairness Hearing, you must file a written letter of objection and/or a notice of intention to speak along with a summary statement with the Court and with Co-Lead Counsel and counsel for the Defendant by August 7, 2023. *See* **Question 10.** |
| **GET MORE INFORMATION** | If you would like more information about the Lawsuit, you can review this Notice and send questions to the Notice and Claims Administrator and/or Co-Lead Counsel. *See* **Question 18.**<br><br>**DO NOT CONTACT THE COURT OR THE DEFENDANTS IF YOU HAVE QUESTIONS REGARDING THIS NOTICE.** |

This Notice incorporates by reference the definitions in the Settlement Agreement. The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement website, www.InReZetiaAntitrustLitigation.com. All capitalized terms used, but not defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 20 of 37 PageID#
60993

BASIC INFORMATION ............................................................................... 5
   1.  Why did I receive this Notice? ................................................................5
   2.  What is the Lawsuit about? .....................................................................5
   3.  Why is this Lawsuit a class action? ........................................................ 6
   4.  Why is there a Settlement with Defendants? ........................................... 6
WHO CAN PARTICIPATE IN THE SETTLEMENT? .................................... 7
   5.  Am I part of the End-Payor Class? ......................................................... 7
THE SETTLEMENT BENEFITS ................................................................... 8
   6.  What does the Settlement with the Defendants provide? ........................... 8
HOW YOU GET A PAYMENT: SUBMITTING A CLAIM FORM ................... 9
   7.  How can I get a payment? ..................................................................... 9
   8.  How much will my payment be? ............................................................ 9
   9.  When would I get my payment? ............................................................. 9
OBJECTING TO THE SETTLEMENT ......................................................... 10
   0.    How do I tell the Court what I think about the Settlement? .......................... 10
IF YOU DO NOTHING ............................................................................... 10
   1.    What happens if I do nothing at all? ........................................................ 10
THE LAWYERS REPRESENTING THE CLASS .......................................... 11
   2.    Do I have a lawyer in this case? ............................................................. 11
   3.    Should I hire my own lawyer? ............................................................... 11
   4.    How will the lawyers be paid? ............................................................... 11
THE FAIRNESS HEARING .......................................................................... 12
   5.    When and where will the Court decide whether to approve the Settlement? ............... 12
   6.    Do I have to come to the hearing? .......................................................... 12
   7.    May I speak at the hearing? ................................................................... 12
GETTING MORE INFORMATION ............................................................... 13
   8.    Are more details available? ................................................................... 13

# BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why did I receive this Notice?** |

You received this Notice because, according to available records, you may have indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price for brand Zetia or its AB-rated generic equivalents, at some point from November 15, 2014 (the "but-for generic entry date") through November 18, 2019. A prior notice about the Lawsuit and the Court's decision to certify the End-Payor Class was mailed to you on or about March 11, 2022. This second Notice is being sent to you because a proposed Settlement with the Defendants has been reached in this Lawsuit.

A federal court authorized this Notice because you have a right to know that you may be part of the certified End-Payor Class and about all of your options under the proposed Settlement. This Notice explains the Lawsuit and the Settlement; describes the certified Class whose rights may be affected by the Settlement; and explains your legal rights. Note that you may have received this Notice in error; simply receiving this Notice does not mean that you are definitely a member of the End-Payor Class. You may confirm that you are a member of the End-Payor Class by reviewing the criteria set forth in **Question 5** below. You may also call, email, or write to the lawyers in this case at the telephone numbers or addresses listed in **Question 12 below.**

| | |
|---|---|
| **2.** | **What is the Lawsuit about?** |

**Plaintiffs,** The City of Providence Rhode Island, International Union of Operating Engineers Local 49 Health & Welfare Fund, Painters District Council No. 30 Health & Welfare Fund, Philadelphia Federation of Teachers Health & Welfare Fund, The Uniformed Firefighters' Association of Greater New York Security Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, Sergeants Benevolent Association Health & Welfare Fund, and United Food and Commercial Workers Local 1500 Welfare Fund (collectively, the "Plaintiffs"), filed lawsuits individually and as representatives of all persons or entities in the End-Payor Class. The Court has appointed them as Class Representatives.

Plaintiffs allege that Defendants violated state antitrust, consumer protection, and unjust enrichment laws by allegedly participating in an unlawful scheme to delay and impede the market entry of less expensive, generic versions of Zetia. Specifically, Plaintiffs allege that the Merck Defendants entered into unlawful agreement with the Glenmark Defendants, whereby the Merck Defendants agreed to pay the Glenmark Defendants in exchange for the Glerunark Defendants agreeing to delay selling their generic version of Zetia. Plaintiffs allege that they and other members of the End-Payor Class were injured by being overcharged on their Zetia branded and generic purchases during the class period resulting from Defendants' alleged anticompetitive conduct. A copy of the End-Pay or Plaintiffs' Consolidated Class Action Complaint is available at www.InReZetiaAntitrustLitigation.com.

Defendants **deny all of these allegations, including that their alleged conduct violated any applicable laws or regulations. Defendants also deny that any member of the End-Payor Class was damaged or is entitled to damages or other relief.**

Case 2:18-md-02836-RBS-DEM    Document 2161-1    Filed 09/13/23    Page 51 of 69
PageID# 61179
Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 22 of 37 PageID#
60995

Following the completion of fact discovery, expert discovery, class certification, summary judgment motions, and motions determining the admissibility of testimony, and following extensive negotiations, Plaintiffs, individually and on behalf of the End-Payor Class, entered into the Settlement with Defendants. The Settlement Agreement is available for review on the Settlement website. The Settlement is not an admission of wrongdoing by Defendants or an admission by End-Payor Plaintiffs of any lack of merit in their claims.

THE COURT HAS NOT DECIDED WHETHER DEFENDANTS VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENSES ASSERTED BY DEFENDANTS.

| 90. | Why is this Lawsuit a class action? |
|---|---|

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, the Class Representatives are The City of Providence Rhode Island, International Union of Operating Engineers Local 49 Health & Welfare Fund, Painters District Council No. 30 Health & Welfare Fund, Philadelphia Federation of Teachers Health & Welfare Fund, The Uniformed Firefighters' Association of Greater New York Security Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, Sergeants Benevolent Association Health & Welfare Fund, and United Food and Commercial Workers Local 1500 Welfare Fund. The Class Representatives and the entities on whose behalf they have sued together constitute the "End-Payor Class."

The companies that have been sued are called the "Defendants." In this case, the Defendants are Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC; Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA incorrectly identified as Glenmark Generics Inc., USA. In a class action lawsuit, one court resolves the issues for everyone in the Class, except for those class members who exclude themselves (*i.e.*, "opt out") from the Class. The Court, by Order dated August 20, 2021, determined that the Lawsuit between End-Payor Class Plaintiffs and Defendants can proceed as a class action.

The case does not involve the safety or efficacy of Zetia or generic Zetia.

| 91. | Why is there a Settlement with Defendants? |
|---|---|

The Settlement is the product of extensive negotiations between Co-Lead Counsel for the End-Payor Class and counsel for the Defendants, with mediation and after lengthy, hard-fought litigation. At the time of the Settlement, discovery was complete, motion for class certification filed, expert reports had been exchanged and experts examined, and motions for summary judgment and to determine the admissibility of testimony had been decided, and End-Payor Plaintiffs and Defendants began jury selection in April 2023. By settling, the End-Payor Class and Defendants avoid the cost and risks of trial and possible appeals. For the End-Payor Class, the Settlement, if approved by the Court, ensures that the Class Members will receive compensation for damages arising from Defendants' alleged scheme to delay and impede the market entry of less expensive, generic versions of Zetia. Co-Lead Counsel and the Class Representatives believe that the terms of the Settlement, including payment by the Merck Defendants of

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 23 of 37 PageID# 60996

$56 million and payment by the Glenmark Defendants of $14 million in exchange for a release of End-Payor Plaintiffs' and the End-Payor Class's claims against the Defendants, are fair, reasonable, and adequate, and in the best interests of the Class.

## WHO CAN PARTICIPATE IN THE SETTLEMENT?

To see if you are in the End-Payor Class and, if so, how you will be able to share in the Settlement Fund, you need to determine whether you may be a Class Member.

| **5.** | **Am I part of the** End-Payor Class? |
|---|---|

You may be a member of the End-Payor Class if, during the period between November 15, 2014 and November 18, 2019 (the "Class Period"), as a Third-Party Payor, you indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price for branded Zetia or generic Zetia in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin, for consumption by yourselves, or your members, employees, insureds, participants, or beneficiaries.

Third-Party Payors are entities (besides the patient or the health care provider) that provide reimbursement for health care expenses, like prescription drug benefits. They include entities such as health insurance companies and self-insured health and welfare plans that make payments from their own funds, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits. Third-Party Payors include such private entities that may provide prescription drug benefits for current or former public employees and/or public benefits programs, but only to the extent that such a private entity purchased brand Zetia or its AB-rated generic equivalents for consumption by its members, employees, insureds, participants, or beneficiaries.

As a Third-Party Payor, you are *NOT* a member of the End-Payor Class if you are among any of the following:

a. Defendants and their subsidiaries and affiliates;
b. All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;
c. All entities who purchased Zetia or generic Zetia for purposes of resale or directly from Defendants or their affiliates;
d. Fully-insured health plans (*i.e.,* health plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members); and
e. Pharmacy benefit managers.

In addition, you are excluded from the Brand Subclass if you are among any of the following: Optum Health Part D Plans, Silverscript Part D Plans, Emblem Health Part D, Humana Part D Plans, Optum

Case 2:18-md-02836-RBS-DEM    Document 2161-1    Filed 09/13/23    Page 53 of 69
PageID# 61181
Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 24 of 37 PageID#
60997

Health Managed Care Plans, and any Third-Party Payors that used one of these plans or OptumRx as its pharmacy benefits manager ("PBM") during this subclass period.

Entities that submitted a valid exclusion request before the May 10, 2022, exclusion deadline described in the previous Notice of this Lawsuit sent to Class Members are also excluded.

If you are not sure whether you are included, you may call, email, or write to the Notice and Claims Administrator or lawyers in this case at the telephone numbers, email addresses, or addresses listed in **Question 12** below.

## THE SETTLEMENT BENEFITS

| 6. | What does **the Settlement with the Defendants provide?** |
|---|---|

**The Merck Defendants** will, within the later of 7 days after the preliminary approval of the Settlement or 60 days from April 19, 2023, pay $56 million into an interest-bearing escrow account established by Co-Lead Counsel. The Glenmark Defendants shall pay into the escrow account the sum of Fourteen Million Dollars ($14,000,000) the later of 7 days after preliminary approval of the settlement or April 19 , 2024. The funds will be held in escrow for the benefit of the End-Payor Class (including any interest that accrues) pending the Court's approval of the Settlement and Co-Lead Counsel's plan to distribute the Settlement Fund to Class Members.

If the Settlement is approved by the Court and becomes final, Co-Lead Counsel will seek approval from the Court to obtain from the Settlement Fund: (i) attorneys' fees for all class counsel of at least one-third of the Settlement Fund; (ii) reimbursement of reasonable costs and expenses incurred by Co-Lead Counsel in connection with the litigation; (iii) payment for incentive awards to the Class Representative Plaintiffs in recognition of their efforts to date on behalf of the Class; (iv) and may seek additional attorneys' fees and reimbursement of expenses under a common benefit award. The remainder after payment of the above expenses and payment of any Administration Expenses (the "Net Settlement Fund") will be divided among Class Members that timely return valid, approved claim forms pursuant to the Plan of Allocation set forth following this Notice.

In exchange, the End-Payor Class's claims against Defendants will be dismissed with prejudice, and Defendants will be released by Class Members from all claims concerning the subject matter of or acts, omissions, or other conduct alleged in the End-Payor Plaintiffs' Consolidated Class Action Complaint. The full text of the release is included in the Settlement Agreement available at www . InRe Ze ti a Anti tru stLi tiga tion.com.

The Settlement may be terminated under the conditions set forth in the Settlement Agreement, paragraph 13. If the Settlement is terminated, the Lawsuit will proceed against Defendants as if the Settlement had not been reached.

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 25 of 37 PageID# 60998

## HOW YOU GET A PAYMENT: SUBMITTING A CLAIM FORM

---

**7.     How can I get a payment?**

---

To be eligible to receive a payment if the Court approves the Settlement, all Class Members must complete and submit a valid Claim Form to request their *pro rata* shares of the Net Settlement Fund. You will not be responsible for calculating the amount you are entitled to receive. You can get a Claim Form at www.InRcZetiaAntitrustLitigation.com or by calling 1-877-315-0588 or writing to the address below and requesting a Claim Form. Claim Forms must be received (if submitted online) or postmarked (if mailed) by **August 7, 2023,** and may be submitted online at www.lnReZetiaAntit•ustLitigation.com or mailed to the address below:

In re Zetia Antitrust Litigation
do A.B. Data, Ltd.
P.O. Box 173046
Milwaukee, WI 53217

---

**8.     How much will my payment be?**

---

Each Class Member's share of the Net Settlement Fund will be based on its qualifying purchases of brand and/or generic Zetia, and will be determined according to the End-Payor Plaintiffs' proposed Plan of Allocation, if approved by the Court. Payments will be based on a number of factors, including the number of valid claims filed by all members of the End-Payor Class and the dollar value of each member of the End-Payor Class's purchases in proportion to the total claims filed. Complete details of how your recovery will be calculated are in the detailed Plan of Allocation, which can be viewed at www.InReZetiaAntitrustLitigation.com.

---

**9.     When would I get my payment?**

---

The Court must approve the Settlement and any appeals of that decision must be resolved before any money is distributed to Class Members. The Notice and Claims Administrator must also complete processing of all of the Claim Forms and determine distribution amounts. This process can take several months.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with any part of the Settlement and/or Co-Lead Counsel's request for attorneys' fees, reimbursement of expenses, or the request for incentive awards to the Class Representatives by filing an objection.

| | |
|---|---|
| **10.** | **How do I tell the Court what I think about the** Settlement? |

If you are a Class Member, you can ask the Court to deny approval of the Settlement by filing an objection. You may tell the Court that you object, entirely or in part, to the Settlement and/or Co-Lead Counsel's request for attorneys' fees, reimbursement of expenses, or Plaintiffs' request for incentive awards. You cannot ask the Court to order a different Settlement; the Court can only approve or reject the proposed Settlement. If the Court denies approval, no Settlement payments will be sent out and the Lawsuit against the Defendants will continue. If that is what you want to happen, you must object. You may also ask the Court to speak in person at the Fairness Hearing.

Any objection or request to speak in person at the Fairness Hearing must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers and/or requests to speak in person at the Fairness Hearing must: (a) include your name, address, telephone number, and signature and clearly identify the case name and number *(In re Zetia (Ezetimibe) Antitrust Litigation,* Civil Action No. 2:18-md-2836 (E.D. Va.)); (b) provide a summary statement outlining the position to be asserted and the grounds for the objection, including whether the objection applies only to you, together with copies of any supporting papers or briefs; (c) be submitted to the Court either by electronic filing via the Court's Case Management/Electronic Case Files (CM/ECF) system or by mailing it to the Clerk of the United States District Court for the Eastern District of Virginia, Norfolk Division, Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510 on or before **August 7, 2023;** and (d) also be mailed and delivered by **August 7, 2023,** to Co-Lead Counsel and to Defense Counsel listed in **Question 12.**

## IF YOU DO NOTHING

| | |
|---|---|
| **11.** | **What happens if I do nothing** at all? |

If you are a Class Member and you do nothing, you will remain in the End-Payor Class and be bound by the decision in the Action and on the Settlement, but you may not participate in the Settlement as described in this Notice, if the Settlement is approved. To participate in the Settlement, you must complete, sign, and return the Claim Form before the claims filing deadline provided on the Claim Form and on the Settlement website to be eligible to receive a payment.

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 27 of 37 PageID# 61000

# THE LAWYERS REPRESENTING THE CLASS

| 3.        Do **I** have a lawyer in this case? |
|---|

The law firms listed below have been appointed by the Court as Co-Lead Counsel. Co-Lead Counsel are experienced in handling similar cases against other pharmaceutical companies. Co-Lead Counsel are:

| **Co-Lead** Counsel | |
|---|---|
| Marvin A. Miller<br>**Miller Law LLC**<br>**145 S. Wells St., 18**[th] Floor<br>Chicago, IL 60606 | Michael M. Buchman<br>**Motley Rice LLC**<br>777 Third Avenue, 27'i Floor<br>New York, NY 10017 |

The law firms listed below represent the Defendants:

| Defense **Counsel** | |
|---|---|
| **Samuel** Liversidge<br>Eric Stock<br>**Gibson, Dunn & Crutcher LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | Devora Allon<br>**Kirkland & Ellis LLP**<br>601 **Lexington** Avenue<br>New York, NY 10022 |

You will not be personally charged for the services of these lawyers in litigating this case against the Defendants.

| 4.        **Should I hire my own lawyer?** |
|---|

You do not need to hire your own lawyer because the lawyers appointed by the Court are working on your behalf. You may hire a lawyer and enter an appearance through your lawyer at your own expense if you so desire.

| 5.        flow will the lawyers be paid? |
|---|

If the Court approves the Settlement, Co-Lead Counsel will ask the Court for an award of attorneys' fees of one-third (1/3) from the Settlement Fund (plus a proportionate share of the interest and any portion of the funds received from the common benefit fund to be created pursuant to Court Order), and reimbursement of litigation expenses incurred prior to the Settlement. Co-Lead Counsel will also ask for incentive awards for the Class Representatives in the aggregate sum of $300,000.00 to be paid from the Settlement Fund for their efforts to date on behalf of the End-Payor Class. Co-Lead Counsel may also request additional attorneys' fees and reimbursement of expenses in connection with the administration and preservation of the Settlement Fund. If the Court grants Co-Lead Counsel's requests, these amounts would be deducted from the Settlement Fund. You will not have to pay these fees, expenses, and costs out

of your own pocket. The Administrative Expenses for the Settlement will also be paid out of the Settlement Fund.

Co-Lead Counsel's request for an award of attorneys' fees, reimbursement of expenses, and for incentive awards for the Class Representatives will be filed with the Court and made available for download or viewing on or before September 14, 2023, on the Settlement website, and at the office of the Clerk of the United States District Court for the Eastern District of Virginia, Norfolk Division, Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510, which can be visited between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You can tell the Court you do not agree with Co-Lead Counsel's request for attorneys' fees and expenses, or for incentive awards for the Class Representatives, by filing an objection as described in **Question 10.**

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

---

**6.    When and where will the Court** decide whether **to approve the Settlement?**

---

The Court will hold a Fairness Hearing at 12:00 p.m. on September 21, 2023, before Judge Rebecca Beach Smith and/or Magistrate Judge Douglas E. Miller in Courtroom 4 at the U.S. District Court for the Eastern District of Virginia, Norfolk Division, Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to give final approval to the proposed Settlement. We do not know how long the decision will take.

The time and date of the Fairness Hearing may change without additional mailed or publication notice. For updated information on the hearing, visit www.InReZetiaAntitrustLitigation.com.

---

**7.    Do I have to come to** the hearing?

---

No. Co-Lead Counsel will answer questions posed by the Court. But you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to appear in Court to talk about it; as long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Attendance is not necessary to receive a *pro rata* share of the Settlement Fund, provided you submitted a valid and timely Claim Form.

---

**8.    May I speak at the** hearing?

---

You may ask the Court for pennission to speak at the Fairness Hearing, either in person or through your own attorney, if you file a request to speak in person. *See* **Question 10.** If you appear through your own attorney, you are responsible for paying that attorney.

# GETTING MORE INFORMATION

| | |
|---|---|
| **18.** | **Are more details available?** |

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk, United States District Court for the Eastern District of Virginia, Norfolk Division, Walter E. Hoffman United States Courthouse, 600 Granby St., Norfolk, Virginia 23510 during regular business hours of each business day. You may also get additional information by writing to Co-Lead Counsel as indicated above *(See* **Question 12),** by visiting **www.InReZetiaAntitnistLitigation.com** (which provides copies of some key pleadings), or by contacting the Notice and Claims Administrator, A.B. Data, Ltd., at the following:

In re Zetia Antitrust Litigation
do A.B. Data, Ltd.
P.O. Box 173046
Milwaukee, WI 53217
1-877-315-0588
info(ii),InReZetiaAntitrustLitigation.corn

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. INSTEAD, PLEASE DIRECT ANY INQUIRIES TO THE NOTICE AND CLAIMS ADMINISTRATOR OR TO CO-LEAD COUNSEL LISTED ABOVE IN QUESTION 12.**

DATED: June 27, 2023        **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION**

Case 2:18-md-02836-RBS-DEM Document 2156-1 Filed 07/03/23 Page 30 of 37 PageID# 61003

# EXHIBIT F

**united staft iftrict Court**
**Eastern District of Virginia**
**Norfolk Division**

| | |
|---|---|
| IN RE ZETIA (EZETIMIBE) ANTITRUST LITIGATION | Civil Action No. 2:18-md-2836 |

## INSTRUCTIONS FOR SUBMITTING YOUR CLAIM FORM

An End-Payor Class Member, also known as a Third-Party Payor ("TPP") Class Member, or an authorized agent can complete this Claim Form. If both a Class Member and its authorized agent submit a Claim Form, the Notice and Claims Administrator will only consider the Class Member's Claim Form. The Notice and Claims Administrator may request supporting documentation in addition to the documentation and information requested below. The Notice and Claims Administrator may reject a claim if the Class Member or their authorized agent does not provide all requested documentation in a timely manner.

If you are a Class Member submitting a Claim Form on your own behalf, you must provide the information requested in **"Section A — COMPANY OR HEALTH PLAN CLASS MEMBER ONLY,"** in addition to the other information requested by this Claim Form.

If you are an **authorized agent** of one or more Class Members, you must provide the information requested in **"Section B — AUTHORIZED AGENT ONLY,"** in addition to the other information requested by this Claim Form. **Do not submit a Claim Form on behalf of any Class Member unless that Class Member provided you with prior written authorization to submit this Claim Form. Such written authorization must accompany this Claim Form.**

If you are submitting a Claim Form only as an authorized agent of one or more Class Members, you may submit a separate Claim Form for each Class Member, OR you may submit one Claim Form for all such Class Members as long as you provide the information required for each Class Member on whose behalf you are submitting this Claim Form.

If you are submitting Claim Forms both on your own behalf as a Class Member AND as an authorized agent on behalf of one or more Class Members, you should submit one Claim Form for yourself, completing Section A and another Claim Form or Claim Forms as an authorized agent for the other Class Member(s), completing Section B.

To qualify to receive a payment from the Settlement, you must complete and submit this Claim Form either on paper or electronically on the Settlement website, www.InReZetiaAntitrustLitigation.com, and you may need to provide certain requested documentation to substantiate your Claim.

Your failure to complete and submit the Claim Form postmarked (if mailed) or received (if submitted online) on or before **August 7, 2023,** will prevent you from receiving any payment from the Settlement. Submission of this Claim Form does not ensure that you will share in the payments related to the Settlement. If the Notice and Claims Administrator rejects or reduces your Claim, you may invoke the dispute resolution process described on pages 5-6.

CLAIM II4WAVOᴵakⁱgⁱ. SªiNiMilᴵOi\PIROIRP                              1 Filed 07/03/23 Page 32 of 37 Pagel D#

Please provide the following information to support your Claim for purchases and/or reimbursement during the period between November 15, 2014 and November 18, 2019 of brand and/or AB-rated generic Zetia for use by your members, employees, insureds, participants, or beneficiaries, where such persons purchased the drug in a pharmacy or received the drug by mail-order prescription, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia and Wisconsin.

    a)       Unique patient identification number or code

    b)       NDC Number (a list of NDC Numbers can be downloaded from the Settlement website, www.InReZetiaAntitrustLitigation.com) — *e.g.,* 00000-0000-00

    c)       Fill Date or Date of Service — *e.g.,* 11/15/2014

    d)       Location (State) of Service — *e.g.,* CA

    e)       Amount Billed (not including dispensing fee) — *e.g.,* $123.50

    f)       Amount Paid by the TPP net of co-pays, deductibles, and co-insurance — *e.g.,* $118.50

If you are submitting a Claim Form on behalf of multiple Class Members, also provide the following information for each purchase or reimbursement:

    g)       Plan or Group Name

    h)       Plan or Group FEIN

For your convenience, an exemplar spreadsheet containing these categories is attached at the end of this Claim Form. In addition, an Excel spreadsheet can be downloaded from the Settlement website, www.InReZetiaAntitrustLitigation.com. Please use this format if possible. Following the exemplar spreadsheet, the website provides a list of the NDCs that the Notice and Claims Administrator will consider. If possible, please provide the electronic data in Microsoft Excel, ASCII flat file pipe "I", tab-delimited, or fixed-width format.

Transaction data supporting claims is mandatory for claims of $300,000 or more, although the Notice and Claims Administrator may also require transaction data for claims of less than $300,000, so keep related transaction data and any other documentation supporting your Claim in case the Notice and Claims Administrator requests it later. If your Claim is for less than $300,000, you should still provide the transaction data with your Claim submission if you can. If, after an audit of your Claim, the Notice and Claims Administrator still has questions about your Claim and you have not provided sufficient substantiation of your Claim, the Notice and Claims Administrator may reject your Claim.

Please contact the Notice and Claims Administrator at 1-877-315-0588 with any questions about the required claims information or documentation. Please do not contact the Court concerning this matter.

*in re Zetia (Ezet9OPAntitrust Litigation*

Civil Action No. 2:18-md-2836 (E.D. Va.)

**MUST BE POSTMARKED ON OR BEFORE, OR SUBMITTED ONLINE BY August 7, 2023.**

**THIRD-PARTY PAYOR CLAIM FORM**

Use Blue or Black Ink Only

**ATTENTION: THIS FORM IS ONLY TO BE FILLED OUT ON BEHALF OF A THIRD-PARTY PAYOR (OR AN AUTHORIZED AGENT) AND NOT INDIVIDUAL CONSUMERS.**

- Complete Section A only if you are filing as an individual TPP Class Member.
- Complete Section B only if you are an authorized agent filing on behalf of one or more TPP Class Members.

**Section A: Company or Health Plan Class Member Only**

Company or Health Plan Name

Contact Name

Care of (if applicable)

Street Address                                                          Floor/Suite

City                                        State                        Zip Code

Area Code - Telephone Number            Tax Identification Number

Email Address

List other names by which your company or health plan has been known or other Federal Employer Identification Numbers ("FEINs") it has used since November 15, 2014.

Health Insurance Company/HMO                    Self-Insured Employee Health or Pharmacy Benefit Plan

Self-Insured Health & Welfare Fund

Other (Explain)

As an authorized agent, please check how your relationship with the Class Member(s) is best described (you may be required to provide documentation demonstrating this relationship):

       Third-Party Administrator or Administrative Services Only Provider

1.1 Pharmacy Benefit Manager

\_\_\_\_\_ Other (Explain):

Authorized Agent's Company Name

Contact Name

Street Address

Floor/Suite

City

State

Zip Code

Area Code - Telephone Number

Authorized Agent's Tax Identification Number

Email Address

Please list the name and FEIN of every Class Member *(i.e.,* Company or Health Plan) for whom you have been duly authorized to submit this Claim Form (attach additional sheets to this Claim Form as necessary). Alternatively, you may submit the requested list of Class Member names and FEINs in an electronic format, such as Excel or a tab-delimited text file. Please contact the Notice and Claims Administrator to determine what formats are acceptable.

| CLASS MEMBER'S NAME | CLASS MEMBER'S FEIN |
| --- | --- |
| | |
| | |
| | |
| | |

## Section C: Purchase Information

Please type or print in the box below, the total amount paid or reimbursed during the period between November 15, 2014 and November 18, 2019 for brand and/or AB-rated generic Zetia net of co-pays, deductibles, and coinsurance for use by your members, employees, insureds, participants, or beneficiaries, where such persons purchased the drug in a pharmacy or received the drug by mail-order prescription in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia and Wisconsin.

Please note that certain groups have been excluded from the Class in this case. Do not submit a Claim Form for or on behalf of any of the following excluded groups:

a) Defendants and their subsidiaries and affiliates;
b) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;
c) All entities who purchased Zetia or generic Zetia for purposes of resale or directly from Defendants or their affiliates;
d) Fully-insured health plans (*i.e.,* health plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members);
e) Pharmacy benefit managers; or
f) Any entity that previously submitted a valid exclusion request from the Class.

In addition, you are excluded from the Brand Subclass if you are among any of the following: Optum Health Part D Plans, Silverscript Part D Plans, Emblem Health Part D, Humana Part D Plans, Optum Health Managed Care Plans, and any Third-Party Payors that used one of these plans or OptumRx as its pharmacy benefits manager ("PBM") during this subclass period.

TOTAL AMOUNT YOU PAID OR REIMBURSED FOR **BRAND AND/OR AB-RATED GENERIC ZETIA** NET OF CO-PAYS, DEDUCTIBLES, AND CO-INSURANCE BETWEEN **NOVEMBER 15, 2014 AND NOVEMBER 18, 2019:**

## Section D: Proof of Payment and Disputes Regarding Claim Amounts

Please provide as much of the information requested above as possible. Transaction data supporting claims is mandatory for claims of $300,000 or more, although the Notice and Claims Administrator may also require transaction data for claims of less than $300,000, so keep related transaction data and any other Claim Documentation supporting your Claim (*e.g.,* invoices) in case the Notice and Claims Administrator requests it later. If your Claim is for less than $300,000, you should still provide the transaction data with your Claim submission if you can. If, after an audit of your Claim, the Notice and Claims Administrator still has questions about your Claim and you have not provided sufficient substantiation of your Claim, the Notice and Claims Administrator may reject your Claim.

If the Notice and Claims Administrator rejects or reduces your claim and you believe the rejection or reduction is in error, you may contact the Notice and Claims Administrator to request further review. If the dispute concerning your claim cannot be resolved by the Notice and Claims Administrator and Class Counsel, you may request that the Court review your claim.

To request Court review, you must send the Notice and Claims Administrator a signed written statement that (a) states your reasons for contesting the rejection or payment determination regarding your claim; and (b) specifically states that you "request that the Court review the determination regarding this claim." You must include all Claim Documentation supporting your argument(s). The Notice and Claims Administrator and Class Counsel will present the dispute to the Court for review, which may include public filing with the Court of your claim and the supporting documentation. Please note: Court review should only be sought if you disagree with the Notice and Claims Administrator's determination regarding your claim.

I/We have read and am/are familiar with the contents of the Instructions accompanying this Claim Form. I/We certify that the information I/we have set forth in the above Claim Form arid in any documents attached by me/us are true, correct, and complete to the best of my/our knowledge. I/We certify that I/we, or the Class Member(s) I/we represent:

a) indirectly purchased, paid and/or provided reimbursement, not for resale, for some or all of the purchase price of Zetia or its AB-rated generic equivalents in any form, through a retail pharmacy, including mail-order pharmacies and long-term care pharmacies, in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Puerto Rico, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia and Wisconsin from November 15, 2014 (the "but-for generic entry date") through November 18, 2019;

b) is not one of the following excluded parties:
   i. Defendants and their subsidiaries and affiliates;
   ii. All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;
   iii. All entities who purchased Zetia or generic Zetia for purposes of resale or directly from Defendants or their affiliates;
   iv. Fully-insured health plans (*i.e.*, health plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members);
   v. Pharmacy benefit managers;
   vi. An entity that previously submitted a valid exclusion request from the Class. I/We further

certify I/we have provided all of the information requested above to the extent I/we have it.

To the extent I/we have been given authority to submit this Claim Form by one or more Class Members on their behalf, and accordingly am/are submitting this Claim Form in the capacity of an authorized agent with authority to submit it, and to the extent I/we have been authorized to receive on behalf of the Class Member(s) any and all amounts that may be allocated to them from the Settlement Fund, I/we certify that such authority has been properly vested in me/us and that I/we will fulfill all duties I/we may owe the Class Member(s). If amounts from the Net Settlement Fund are distributed to me/us and a Class Member later claims that I/we did not have the authority to claim and/or receive such amounts on its behalf, I/we and/or my/our employer will hold the Class, Class Counsel, and the Notice and Claims Administrator harmless with respect to any claims made by the Class Member.

imec}Tred√./¹s⁸ubmnfligg⁸tATPUtYcVnⁱ oPtliceuntit ⱼ Jes DAᶜᶜⁱᵗ⁰ᵃʳdWir gg'ifisWicro⁷vr-prJ,ᴰi4ᵗorfolk Division for all purposes connected with this Claim Form, including resolution of disputes relating to this Claim Form. I/We acknowledge that any false information or representations contained herein may subject me/us to sanctions, including the possibility of criminal prosecution. I/We agree to supplement this Claim Form by furnishing documentary backup for the information provided herein, upon request of the Notice and Claims Administrator.

**I certify that the above information supplied by the undersigned is true and correct to the best of my knowledge**

**and that this Claim Form was executed this _____ day of _____ , 20**

Signature                                          Position/Title

Print Name                                          Date

Mail the completed Claim Form to the address below, along with any supporting documentation as described in the CLAIM

INFORMATION AND DOCUMENTATION INSTRUCTIONS on pages 1-2 above, postmarked on or before August 7, 2023, or submit the information online at the website below by that date:

In re Zetia Antitrust Litigation

c/o A.B. Data, Ltd.

P.O. Box 173046

Milwaukee, WI 53217

Toll-Free Telephone: 1-877-315-0588

Website: www.InReZetiaAntitrustLitigation.com

**REMINDER CHECKLIST:**

1. Please complete and sign the above Claim Form. Attach or upload any documentation supporting your claim.
2. Keep a copy of your Claim Form and supporting documentation for your records.
3. If you would also like acknowledgement of receipt of your Claim Form, please complete the form online or mail this form via Certified Mail, Return Receipt Requested.
4. If you move and/or your name changes, please send your new address and/or your new name or contact information to the Notice and Claims Administrator at info@InReZetiaAntitrustLitigation.com or via U.S. Mail at the address listed above.

EXHIBIT C

**Attorneys' Fee Awards in End-Payor Generic Suppression Class Actions (2005-2020)**

| Settlement Year | Case | Settlement Amount | Fee Awarded | Fee % |
|---|---|---|---|---|
| 2023 | *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549 (CM)(RWL) (S.D.N.Y.) | $56,437,998 | $18,812,666 | 33.3% |
| 2022 | *in re Opana ER Antitrust Litig.*, No. 14-cv- 10150 (N.D. **Ill.**) | $15,000,000 | $5,000,000 | 33.3% |
| 2022 | *In re Restasis Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), (E.D.N.Y.) | $30,000,000 | $10,000,000 | 33.3% |
| 2022 | *In re EpiPen Antitrust Litigation, No. I7-md-2785-DDC-TJJ(D.* Kan.) | $264,000,000 | $88,000,000 | 33.3% |
| 2020 | *Vista Healthplan, Inc v. Cephalon, Inc. ("Provigil")*, No. 2:06-cv-1833 (E.D. Pa.) | $65,877,600 | $21,959,200 | 33.3% |
| 2018 | *In re Lidoderm Antitrust Litig.*, No. 3:14-md-02521 (N.D. Cal.) | $104,750,000 | $34,916,000 | 33.3% |
| 2018 | *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 1:14-md-02503 (D. Mass.) | $43,000,000 | $14,333,333 | 33.3% |
| 2016 | *In re Progrqf Antitrust Litig.*, No. 1:11-md-02242 (D. Mass.) | $13,250,000 | $4,416,667 | 33.3% |
| 2015 | *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-md- 2343 (E.D. Tenn.) | $9,000,000 | $3,000,000 | 33.3% |

| 2013 | *In re Wellbutrin SR Antitrust Litig.*, No. 2:04-cv-05898 (E.D. Pa.) | $21,500,000 | $7,095,000 | 33.3% |
|------|------|------|------|------|
| 2013 | *In re DDAVP Indirect Purchaser Antitrust Ling.*, No. 7:05-cv-2237 (S.D.N.Y.) | $4,750,000 | $1,567,500 | 33.3% |
| 2013 | *In re Flonase Antitrust Litig.*, No. 08-3301 (E.D. Pa.) | $35,000,000 | $11,655,000 | 33.3% |
| 2013 | *In re Wellbutrin XL Antitrust Litig.*, 2:08-cv-2433 (RD. Pa.) | $11,750,000 | $3,916,275 | 33.3% |
| 2012 | *In re Metoprolol Succinate ("Tropol XL') End-Payor Antitrust Litig.*, No. 06-cv-71 (D. Del.) | $11,000,000 | $3,500,000 | 31.8% |
| 2009 | *In re Tricor Indirect Purchaser Antitrust Litig.*, No. 1:05-cv- 00360 (D. Del.) | $65,700,000 | $21,900,000 | 33.3% |

3