UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IN RE: ZETIA (EZETIMIBE) ANTITRUST LITIGATION<br><br>This Document Relates To: All End-Payor Actions | MDL No. 2836<br>No. 2:18-md-2836- RBS-DEM |

## FINAL ORDER AND JUDGMENT OF DISMISSAL

This matter came before the Court for hearing on the application of the settling parties for approval of the Settlement Agreement which forth the following:

The City of Providence, Rhode Island, International Union of Operating Engineers Local 49 Health and Welfare Fund, Painters District Council No. 30 Health & Welfare Fund, Philadelphia Federation of Teachers Health & Welfare Fund, Sergeants Benevolent Association Health & Welfare Fund, The Uniformed Firefighters' Association of Greater New York Security Benefit Fund and the Retired Firefighters' Security Benefit Fund of the Uniformed Firefighters' Association, and United Food and Commercial Workers Local 1500 Welfare Fund (collectively, "Plaintiffs"), individually and on behalf of the End-Payor Plaintiff Class, and Merck & Co., Inc.; Merck Sharp & Dohme Corp.; Schering-Plough Corp.; Schering Corp.; MSP Singapore Co. LLC (collectively "Merck"); and Glenmark Pharmaceuticals, Ltd.; and Glenmark Pharmaceuticals Inc., USA (collectively "Glenmark"), have executed a Settlement Agreement dated as of April 19, 2023. Due and adequate notice having been given of the Settlement, and the Court having previously certified the Class set forth in the Settlement Agreement between Plaintiffs, Merck and Glenmark, and having considered all papers filed and proceedings held herein, and good cause appearing,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. Unless otherwise defined herein, capitalized terms referencing the Settlement Agreement shall have the meanings ascribed to those terms in the Settlement Agreement, including without limitation the Class described in the Settlement Agreement.

2. This Court has jurisdiction over this action, the parties, and all Class Members pursuant to 28 U.S.C. § 1332(d).

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is, in all respects, fair, reasonable, adequate to, and in the best interests of the Class Representative Plaintiffs and members of the End-Payor Plaintiff Class ("EPP Class" or "Class"), and that the Settlement was the result of arm's-length negotiations by experienced counsel representing the interests of the Class Representative Plaintiffs and the members of the EPP Class. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions in the Settlement Agreement. The settling parties, to the extent that they have not already done so, are hereby directed to perform the obligations set forth in the Settlement Agreement.

4. The action and all claims contained therein, are dismissed with prejudice as against each and all of the Releasees or Released Parties, without costs or attorneys' fees recoverable under 15 U.S.C. § 15(a), except where expressly reserved in the Settlement Agreement to the benefit of Class Plaintiffs. In addition, the Class will not make applications against any Releasees or Released Parties, and the Releasees and the Released Parties will not make applications against Class Representative Plaintiffs, the Class, or Class Counsel for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45, or any other Court rule or statute, with respect to any claims or defenses in this action or to any aspect of the institution, prosecution, or defense of this action.

5. Once the Settlement Agreement becomes final, all Released Claims of Class

Representative Plaintiffs and the Class Members shall be released and forever discharged by all Class Members and Releasors as against the Releasees and the Released Parties, whether or not such Class Members execute and deliver a claim form or participate in the Settlement Fund.

6. Once the Settlement Agreement becomes final, all Class Members and Releasors shall be forever barred and enjoined from asserting, commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any of the Released Claims against any of the Releasees or Released Parties.

7. Once the Settlement Agreement becomes final, the Releasees and the Released Parties shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged the Class Representative Plaintiffs, and the Releasors, each and all of the Class Members, and Co-Lead Counsel from all claims whatsoever arising out of, relating to, or in connection with the investigation, institution, prosecution, assertion, settlement, or resolution of the action or the Released Claims, except for those claims brought to enforce the Settlement.

8. The Court finds that the implementation of the Notice Plan constituted the best notice practicable under the circumstances and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9. Neither any objection to this Court's approval of the Plan of Allocation submitted by Co-Lead Counsel nor to any portion of the Order regarding the attorneys' fee and expense application, nor any incentive award to the Class Representatives shall in any way disturb or affect the finality of this Final Order and Judgment of Dismissal.

10. The releases set forth in the Settlement Agreement shall be given full force and effect.

11. Neither the Settlement Agreement, the Settlement, any of its terms or provisions, any

act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the action, the deficiency of any defense that has been or could have been asserted in the action, or of any alleged wrongdoing, liability, negligence, or fault of any Releasees or Released Parties; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any of the Releasees or Released Parties in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Releasees or Released Parties may file the Settlement Agreement and/or this Final Order and Judgment of Dismissal in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

12. This Court previously directed that Notice be disseminated to Class Members. By his Declaration, Eric J. Miller of A.B. Data, Ltd., noted that the Notice Plan was implemented and that 16 members of the EPP Class requested exclusion. Those excluded entities shall not be bound by the Orders of this Court and shall not participate in the Settlement, Settlement Fund, or benefits of the Settlement Agreement.

13. Without affecting the finality of this Final Order and Judgment of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) disposition of the Settlement Fund; and (c) all parties in this action for the purpose of construing, enforcing, and administering the Settlement Agreement and this Final Order and Judgment of Dismissal.

14. After completion of the processing of all claims by the notice and claims administrator

4

(the "Notice and Claims Administrator"), the Notice and Claims Administrator shall disburse the Net Settlement Fund in accordance with Plan of Allocation without further order of this Court.

15. The Court finds that during the course of the action, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them that: (a) Class Counsel would seek an award of attorneys' fees of one-third (1/3) of the Settlement Fund (plus a proportionate share of the interest and any portion of the funds received from the common benefit fund to be created pursuant to Court Order), on behalf of Class Counsel, and reimbursement of litigation expenses incurred prior to the Settlement, Plaintiff and Class Representatives would seek a compensatory incentive award not to exceed $300,000.00; and (b) Class Members had a right to object to such application(s). A full and fair opportunity was given to all members of the EPP Class to be heard with respect to the application for the award of attorneys' fees and expenses.

16. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees equal to $23,333,333.33 of the Settlement Fund ($70,000,000), plus a proportionate share of any interest earned on the Settlement Fund and amounts derived from the common benefit fund, plus reimbursement of expenses and administrative costs in the amount of $3,905,175.85, both to be paid from the Settlement Fund pursuant to the Settlement Agreement, upon entry of this Order, and awards Class Representatives an aggregate compensatory incentive award of $300,000.00, to be paid pursuant to the terms of the Settlement Agreement and allocated among the Class Representatives by Co-Lead Counsel, as presented in the Court in connection with the request for attorneys' fees, costs and expenses, and incentive awards motion.

17. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members

advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all members of the EPP Class to be heard with respect to the Plan of Allocation. No members of the EPP Class filed an objection to the Settlement Agreement or the Plan of Allocation. The Court finds that the formula for the calculation of the claims of authorized claimants, which is set forth in the Notice of pendency and proposed settlement of class action sent to members of the EPP Class, provides a fair and reasonable basis upon which to allocate among members of the EPP Class the proceeds of the Settlement Fund established by the Settlement Agreement, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

18. All agreements made and Orders entered during the course of the action relating to the confidentiality of information shall survive this Final Order and Judgment of Dismissal, pursuant to their terms.

19. This Final Order and Judgment dismisses with prejudice all EPP Class members' claims against Defendants and the Clerk shall enter judgment to this effect, there being no just reason for delay.

It is so Ordered.

DATED: October 18, 2023

*Rebecca Beach Smith*
The Honorable Rebecca Beach Smith
Senior United States District Judge
Eastern District of Virginia, Norfolk Division